## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

PATRICIA KEECH, AND )
DAVID NEWFIELD, on behalf of themselves )
and all others similarly situated, )
　)
　　　　　　　Plaintiffs, )　Case No.
　)
vs. )
　)
SANIMAX USA, LLC )
　)
　　　　　　　Defendant.

## CLASS ACTION COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.　Plaintiffs bring this class action against Defendant, Sanimax USA, LLC ("Defendant"). Defendant operates a rendering facility (the "facility" or "Defendant's facility), which releases noxious odors into Plaintiffs' properties causing damages through negligence, gross negligence and nuisance.

### PARTIES

2.　At all times relevant hereto, Plaintiff Patricia Keech has resided, and intends to remain, at her residence which is located within Plaintiffs' Proposed Class Area depicted in Exhibit 1. Plaintiff Keech is a citizen of the State of Minnesota.

3.　At all times relevant hereto, Plaintiff David Newfield has resided, and intends to remain, at his residence which is also located within Plaintiffs' Proposed Class Area depicted in Exhibit 1. Plaintiff Newfield is a citizen of the State of Minnesota.

4.　Defendant, Sanimax USA, LLC is a limited liability company organized under the laws of Wisconsin. Defendant's corporate actives are directed coordinated and controlled from

its headquarters in Wisconsin.  Thus, Defendant's principle place of business is located in Wisconsin.

5. Defendant, through its agents and predecessors constructed, operates and/or maintains the rendering facility located at 505 Hardman Ave, City of South St. Paul, County of Ramsey, State of Minnesota.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because there are 100 or more Class Members and the aggregate amount in controversy exceeds Five Million Dollars ($5,000,000.00) exclusive of interest and costs.  Additionally, Class Members are citizens of a state different from the corporate citizenship of the Defendant and diversity jurisdiction therefore exists pursuant to 28 U.S.C. § 1332.  Venue is proper in this Court under 28 U.S.C. 1391(b)(2), because a substantial portion of the events or omissions giving rise to Plaintiffs' claims took place in this District, and because the property that is the subject of this action is situated in this District.

## GENERAL ALLEGATIONS

7. Defendant conducts an animal rendering and waste oil processing operation where it collects oily co-products, purifies them and turns them into animal feed, pet food, soap, and industrial chemicals.

8. Plaintiffs' properties have been, and continue to be, physically invaded by noxious odors.

9. The noxious odors which enter Plaintiffs' properties originates from Defendant's facility, which is located at 505 Hardman Ave, City of South St. Paul, County of Ramsey, State of Minnesota.

10. Defendant's facility has a well documented history of failing to control its odorous emissions, including but not limited to the following:

    a. Numerous complaints have been filed with the City of South St. Paul by residents of the adjacent neighborhood community due to noxious odors attributed to Defendant's facility; and

    b. In February 2015 the City of South St. Paul issued Defendant a letter designating Defendant as a "Significant Odor Generator";

11. Defendant's operations, and specifically its emissions, have been the subject of frequent complaints from residents in the adjacent residential area. As a result, approximately 80 households have contacted Plaintiffs' counsel documenting the odors they attribute to Defendant's facility.

12. The Defendant has failed to install and maintain adequate technology to properly control its emissions of noxious odors. Such failures include, but are not limited to the facility's ozone generation system, odor abatement equipment, and raw material intake and/or storage systems.

## CLASS ALLEGATIONS

13. Plaintiffs bring this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**A.**     **Definition of the Class**

14. Plaintiffs seek to represent a Class of persons preliminarily defined as:

**Any and all individuals who owned or occupied residential property at any time beginning in 2015 to present that are located within the area outlined in the map attached hereto as Exhibit 1.**

The definitional boundary is subject to modification as discovery will disclose the location of all class-members. Plaintiffs reserve the right to propose one or more sub-classes if discovery

reveals that such subclasses are appropriate.

**B.     Numerosity**

15.    The members of the Class are so numerous that joinder of all parties is clearly impracticable. To date, more than 80 households have already contacted Plaintiffs' counsel to document their experiences with odors they attribute to Defendant's facility. Further, it is Plaintiffs' Counsel's information and belief that there are thousands of households within Plaintiff's proposed class.

**C.     Commonality**

16.    Numerous common questions of law and fact predominate over any individual questions affecting Class members, including, but not limited to the following:

a. whether and how Defendant intentionally, recklessly, willfully, wantonly, maliciously, grossly and negligently failed to construct, maintain and operate the facility;

b. whether Defendant owed any duties to Plaintiffs;

c. which duties Defendant owed to Plaintiffs;

d. which steps Defendant has and has not taken in order to control its emissions through the construction, maintenance and operation of its facility;

e. whether and to what extent the facility's emissions were dispersed over the class area;

f. whether it was reasonably foreseeable that Defendant's failure to properly construct, maintain and operate the facility would result in an invasion of Plaintiffs' property interests;

g. whether the degree of harm suffered by Plaintiffs and the class constitutes a

> substantial annoyance or interference; and
>
> h. the proper measure of damages incurred by Plaintiffs and the Class.

**D.  Typicality**

17. Plaintiffs have the same interests in this matter as all the other members of the Class, and their claims are typical of all members of the Class. If brought and prosecuted individually, the claims of each Class member would require proof of many of the same material and substantive facts, utilize the same complex evidence including expert testimony, rely upon the same legal theories and seek the same type of relief.

18. The claims of Plaintiffs and the other Class members have a common cause and their damages are of the same type. The claims originate from the same failure of the Defendant to properly construct, maintain and operate the facility.

19. All Class members have suffered injury in fact as a result of the invasion of their properties by noxious odors emitted from Defendant's facility, causing damage in the form of losses to property values.

**E.  Adequacy of Representation**

20. Plaintiffs' claims are sufficiently aligned with the interests of the absent members of the Class to ensure that the Class claims will be prosecuted with diligence and care by Plaintiffs as representatives of the Class. Plaintiffs will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class.

21. Plaintiffs have retained the services of counsel who are experienced in complex class action litigation, and in particular class actions stemming from invasions of industrial emissions. Plaintiffs' counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiffs and all absent Class members.

**F.     Class Treatment Is the Superior Method of Adjudication**

22.     A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

    a.  Individual claims by the Class members would be impracticable as the costs of pursuit would far exceed what any one Class member has at stake;

    b.  Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class members are unlikely to have an interest in separately prosecuting and controlling individual actions;

    c.  The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

    d.  The proposed class action is manageable.

## CAUSE OF ACTION I

## COMMON LAW AND STATUTORY NUISANCE

23.     Plaintiffs restate allegations 1 through 22 of this Complaint as if fully rewritten herein.

24.     The noxious odors, which entered Plaintiffs' property originated from the facility constructed, maintained and operated by Defendant.

25.     The noxious odors invading Plaintiffs' property are indecent and offensive to the senses, and obstruct the free use of their property so as to substantially and unreasonably interfere with the comfortable enjoyment of life and property.

26.     Defendant owed, and continues to owe, a duty to Plaintiffs to prevent and abate the interference with the invasion of the private interests of the Plaintiffs.

27.     By constructing and then failing to reasonably repair and/or maintain its facility,

Defendant has intentionally and negligently caused an unreasonable invasion of Plaintiffs' interest in the use and enjoyment of their property.

28. Defendant knew or should have known that its behavior would damage and interfere with Plaintiffs' free enjoyment of their property.

29. As a foreseeable, direct and proximate result of the foregoing conduct of Defendant, Plaintiffs suffered damages to their property as alleged herein.

30. Plaintiffs suffer harm relating to the use and enjoyment of their land and property, and decreased property values.

31. Plaintiffs did not consent to the invasion of their property by noxious odors.

32. By causing noxious odors produced and controlled by Defendant to physically invade Plaintiffs' land and property, Defendant intentionally, recklessly, and negligently created a nuisance which substantially and unreasonably interfered with Plaintiffs' use and enjoyment of their property.

33. Whatever social utility Defendant's facility provides is clearly outweighed by the harm suffered by the Plaintiffs and the putative class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have been forced to endure substantial loss in the value of their property.

34. The damage Defendant caused to Plaintiffs' property was injurious to health, indecent or offensive to the senses, an obstruction to the free use of property, and interfered with the comfortable enjoyment of life or property, constituting a nuisance.

35. Multiple warnings and notices have been provided to Defendant to prevent and abate the nuisance, however, Defendant failed to heed these notices.

36. Defendant's conduct amounts to unlawful and tortious nuisance conduct under

both the common law and Minn. Stat. § 561.01.

37. Defendant's substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property constitutes a nuisance for which Defendant is liable to Plaintiffs for all damages arising from such nuisance, including compensatory, exemplary, and punitive relief since Defendant's actions were, and continue to be, intentional, willful, malicious and made with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to compensatory and punitive damages.

## CAUSES OF ACTION II AND III

## NEGLIGENCE AND GROSS NEGLIGENCE

38. Plaintiffs restate allegations 1 through 33 of this Complaint as if fully rewritten herein.

39. Defendant negligently and improperly constructed and/or maintained and/or operated the facility such that it has caused the invasion of noxious odors onto Plaintiffs' homes, land, and property on occasions too numerous to mention.

40. As a direct and proximate result of Defendant's negligence and gross negligence in constructing and/or maintaining and/or operating the facility, Plaintiffs' property, on occasions too numerous to mention, has been invaded by noxious odors.

41. As a further direct and proximate result of the foregoing conduct of the Defendant, Plaintiffs suffered damages to their property as alleged herein.

42. The invasion and subsequent damages suffered by Plaintiffs were reasonably foreseeable by the Defendant.

43. By failing to properly construct, maintain and operate its facility, Defendant failed to exercise the duty of ordinary care and diligence, which it owes to Plaintiffs, so noxious odors would not invade Plaintiffs' property.

44. A properly constructed, operated, and maintained facility will not emit noxious odors into neighboring residential areas.

45. By failing to construct, maintain and operate its facility, Defendant has intentionally caused the invasion of Plaintiffs' property by noxious odors.

46. Defendant knowingly breached its duty to exercise ordinary care and diligence when it improperly constructed, maintained and operated the facility and knew, or should have known upon reasonable inspection that such actions would cause Plaintiffs' property to be invaded by noxious odors.

47. As a direct and proximate result of the failure of Defendant to exercise ordinary care, Plaintiffs' residences were invaded by noxious odors causing and constituting damage to their properties.

48. The conduct of Defendant in knowingly allowing conditions to exist which caused noxious odors to physically invade Plaintiffs' property constitutes gross negligence as it demonstrates a substantial lack of concern for whether an injury resulted to Plaintiffs' property.

49. Defendant's gross negligence was malicious and made with a wanton or reckless disregard for the property of Plaintiffs, which entitles Plaintiffs to an award of compensatory, exemplary, and punitive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, pray for judgment as follows:

    A.    Certification of the proposed Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    B.    Designation of Plaintiffs as representatives of the proposed Class and designation of their counsel as Class Counsel;

    C.    Judgment in favor of Plaintiffs and the Class members and against Defendant;

    D.    Award Plaintiffs and the Class members compensatory and punitive damages, and attorneys' fees and costs, including pre-judgment and post-judgment interest thereupon;

    E.    Injunctive relief outside of that which is required by Defendant's Federal and State issued Air Permits;

    F.    An Order holding that entrance of the aforementioned noxious odors upon Plaintiffs' property constituted a nuisance; and

    G.    Such further relief as the Court deems just and proper.

**A JURY TRIAL IS HEREBY DEMANDED.**

Dated: March 12, 2018                    Respectfully Submitted:

**NEWMARK STORMS LAW OFFICE LLC**

*/s/ Jeffrey S. Storms*
Jeffrey S. Storms (#0387240)
100 South Fifth St., Suite 2100
Minneapolis, MN 55402
Telephone: (612) 455-7050
Fax: (612) 455-7051
jeff@newmarkstorms.com

*- and -*

**LIDDLE & DUBIN, P.C.**

Laura L. Sheets
Brandon T. Brown
*Pro Hac Vice Applications to be Submitted*

975 E. Jefferson Avenue
Detroit, MI 48207
Telephone: (313) 392-0015
Facsimile (313) 392-0025
lsheets@ldclassaction.com
bbrown@ldclassaction.com

*Attorneys for Plaintiffs*