# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| PATRICIA KEECH and DAVID NEWFIELD, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>SANIMAX USA, LLC,<br><br>Defendant. | Civil No. 18-683 (JRT/HB)<br><br>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS** |

Laura L. Sheets, **LIDDLE & DUBIN, P.C.,** 975 East Jefferson Avenue, Detroit, MI 48207, and Jeffrey S. Storms, **NEWMARK STORMS DWORAK LLC,** 100 South Fifth Street, Suite 2100, Minneapolis, MN 55402, for plaintiffs.

Andrew W. Davis, **STINSON LEONARD STREET LLP,** 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402, and Matthew J. Salzman, **STINSON LEONARD STREET LLP,** 1201 Walnut Street, Suite 2900, Kansas City, MO 64106, for defendant.

Plaintiffs Patricia Keech and David Newfield bring this purported class action against Sanimax USA, LLC ("Sanimax"), a rendering and waste oil processing facility located in the City of South St. Paul (the "Facility"). (Compl. ¶¶ 2-5, Mar. 12, 2018, Docket No. 1.) The Facility purifies agri-food industry by-products and turns them into animal feed, pet food, soap, and industrial chemicals. (*Id.* ¶ 7.)

Plaintiffs allege that their properties have been, and continue to be, physically invaded by noxious odors originating from the Facility. (*Id.* ¶¶ 8-9.) They allege that Sanimax is liable in both nuisance and negligence for interfering with their use and

- 1 -

enjoyment of their property as well as for decreased property values. (*Id.* ¶¶ 25, 30, 39, 41.) They allege that the Facility has a "well documented history of failing to control its odorous emissions." (*Id.*¶ 10.) People living nearby have filed complaints with the City of South St. Paul, and in February 2015 the City designated the Facility a "Significant Odor Generator." (*Id.*) Plaintiffs allege that approximately 80 households have contacted their counsel regarding odors they attribute to the Facility. (*Id.* ¶ 11.) Plaintiffs also allege that Sanimax has "failed to install and maintain adequate technology to properly control its emissions of noxious odors," including the Facility's ozone generation system, odor abatement equipment, and raw material intake and storage systems. (*Id.* ¶ 12.)

Plaintiffs propose a class defined as "[a]ny and all individuals who owned or occupied residential property at any time beginning in 2015 to present that are located within the area outlined in the map attached hereto as Exhibit 1." (*Id.* ¶ 14.) The map shows the location of the Facility surrounded by three concentric circles that delineate three radii around the facility: 1-mile, 1.5-miles, and 2-miles. (Compl. ¶ 14, Ex. 1.) Plaintiffs seek compensatory and punitive damages as well as injunctive relief beyond that which is already required by Sanimax's Federal- and State-issued Air Permits. (Compl. at 9-10.)

Presently before the Court is Sanimax's Motion to Strike Class Allegations. (Mot. to Strike Pleadings, May 18, 2018, Docket No. 20.) Sanimax seeks to strike the class allegations set forth in the Complaint and seeks to amend the caption to eliminate "all others similarly situated." (*Id.*) Because the Court finds that it is too early to determine whether Plaintiffs' claims could be proven on a class-wide basis, the Court will deny Sanimax's motion.

# DISCUSSION

## I. STANDARD OF REVIEW

### A. Motion to Strike Class Allegations

Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court may act on its own or on motion by the party. Fed. R. Civ. P. 12(f)(1)-(2). But "[m]otions to strike under Rule 12(f) are viewed with disfavor and are infrequently granted." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977).

Rule 23(d)(1)(D) provides that a court may issue an order that "require[s] that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." "Where a plaintiff's class allegations are insufficient to satisfy the requirements for certification, the Court has authority to strike those allegations" under this rule. *In re St. Jude Med. Inc. Silzone Heart Valves Prod. Liab. Litig. ("In re St. Jude")*, No. MDL. 01-1396 (JRT/FLN), 2009 WL 1789376, at *2 (D. Minn. June 23, 2009).

Rule 23(c)(1)(A) provides that a court should determine whether to certify an action as a class action "[a]t an early practicable time after a person sues or is sued as a class representative." The advisory committee notes on this rule indicate that its intention is to "determine as early in the proceedings as may be practicable" whether a class action can be maintained. Rule 23 gives the district court "broad discretion to determine the maintainability and the conduct of class actions." *In re St. Jude*, 2009 WL 1789376, at *2 (quoting *Vervaecke v. Chiles, Heider & Co., Inc.*, 578 F.2d 713, 719 (8th Cir. 1978)).

### B. Class Action Requirements

Under Federal Rule of Civil Procedure 23(a), an action may be brought by representatives on behalf of a class only if:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

As to commonality, the central question is whether a class-wide proceeding can "generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009)).

Because Plaintiffs seek damages, their claims must also satisfy Rule 23(b)(3). *See id.* at 360–61. Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Predominance is a more demanding requirement than commonality, and the Court must ensure that a class action will not devolve into numerous mini-trials. *See Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 478–79 (8th Cir. 2016).

Here, Sanimax argues that Plaintiffs have not shown typicality or commonality and argues that individual questions will predominate in this matter. The Court will first address the timing of the motion and then turn to these Rule 23 requirements.

## II. TIMING OF THE MOTION

Sanimax urges the Court to strike Plaintiffs' class allegations now, prior to fact discovery, to preserve judicial and party resources. The Court will decline to do so. While class certification issues may, at times, be "plain enough from the pleadings," at other times the court may need "to probe behind the pleadings before coming to rest on the certification question." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982). A class may only be certified "after a rigorous analysis" of the Rule 23(a) prerequisites. *Id.* at 161.

At this time, the Court is unable to conduct this rigorous analysis and must "probe behind the pleadings" before determining whether Plaintiffs' claims can be resolved on a class-wide basis. While it seems unlikely that the Plaintiffs will be able to prove their nuisance claim on a class-wide basis, the Court cannot say at this early stage that class-wide resolution will be impossible. Fact discovery is necessary to determine whether the Rule 23 requirements can be satisfied, and the Court will exercise its broad discretion to allow discovery to proceed.

## III. RULE 23 REQUIREMENTS

Plaintiffs allege that they can meet the commonality and typicality requirements of Rule 23(a), as well as the predominance requirement of Rule 23(b)(3). Plaintiffs allege that the following common questions of law and fact will be central to this action:

> (a) whether and how [Sanimax] intentionally, recklessly, willfully, wantonly, maliciously, grossly and negligently failed to construct, maintain, and operate the [F]acility;
> (b) whether [Sanimax] owed any duties to Plaintiffs;
> (c) which duties [Sanimax] owed to Plaintiffs;

  (d) which steps [Sanimax] has and has not taken in order to control its emissions through the construction, maintenance and operation of its facility;
  (e) whether and to what extent the [F]acility's emissions were dispersed over the class area;
  (f) whether it was reasonably foreseeable that [Sanimax's] failure to properly construct, maintain and operate the [F]acility would result in an invasion of Plaintiffs' property interests;
  (g) whether the degree of harm suffered by Plaintiffs and the class constitutes a substantial annoyance or interference; and
  (h) the proper measure of damages incurred by Plaintiffs and the Class.

(Compl. ¶ 16.) Plaintiffs also allege that they share a common cause and type of damages with the other class members: all claims originate from Sanimax's failure to properly construct, maintain, and operate the Facility, and all damages involve invasion of property by noxious odors causing loss to property values. (*Id.* ¶¶ 17-19.) While it seems likely that some of these issues will require individualized determinations, the Court cannot say at this early stage that individual issues will predominate.

### A. Nuisance

Minnesota private nuisance claims require plaintiffs to show that they or their property have been affected "injuriously in a manner different from" the public and that the injury suffered is "special or peculiar" to the plaintiffs. *Hill v. Stokely-Van Camp, Inc.*, 109 N.W.2d 749, 752-53 (Minn. 1961). In Minnesota, "the existence of a nuisance is determined on the basis not only of the defendant's activity, but also the gravity or materiality of its harmful effect on the plaintiff." *Schmidt v. Vill. of Mapleview*, 196 N.W.2d 626, 628 (Minn. 1972). As such, a "defendant's liability for nuisance is

determined by balancing 'the social utility of defendants' actions with the harm to the plaintiff.'" *Johnson v. Paynesville Farmers Union Co-op. Oil Co.*, 817 N.W.2d 693, 706 (Minn. 2012) (quoting *Highview N. Apartments v. Ramsey Cty.*, 323 N.W.2d 65, 71 (Minn. 1982)).

While Plaintiffs must prove that their injuries differ from the public at large, it is conceivable – depending on the level of Sanimax's emissions – that they could prove these injuries on a class-wide basis. It is true that "[t]he mere fact that it has been established that the operation of the [alleged nuisance] constituted a nuisance as against someone else is not sufficient to establish that it also constituted a recoverable nuisance as against this plaintiff." *Hill*, 109 N.W.2d at 753. But it is conceivable that the emissions from the Facility are so pervasive within the class area that every person within Plaintiffs' proposed class has been injured in a manner distinct from the public at large and to a degree that outweighs the social utility of the Facility. Fact discovery is necessary for the Court to conduct a rigorous analysis of the class allegations of nuisance in this case.

Sanimax cites several cases in which courts have found that individualized inquiries were necessary to determine nuisance; thus, the predominance requirement of 23(b)(3) was not met. But the persuasive value of these cases is limited because they dealt with other states' nuisance laws and none were decided before discovery. *See Powell v. Tosh*, No. 5:09-CV-00121, 2013 WL 4418531, at *8 (W.D. Ky. Aug. 2, 2013); *Brockman v, Barton Brands, Ltd.*, No. 3:06CV-332-H, 2007 WL 4162920, at *10 (W.D. Ky. Nov. 21, 2007); *Benefield v. Int'l Paper Co.*, 270 F.R.D. 640, 651-52 (M.D. Ala. 2010); *Boughton v. Cotter Corp.*, 65 F.3d 823, 827 (10th Cir. 1995).

Sanimax also cites three Eighth Circuit cases in support of its position that Minnesota nuisance claims cannot be resolved on a class-wide basis. Two of the cases likewise have limited persuasive value. *Webb v. Exxon Mobil Corporation* did not involve a nuisance claim. 856 F.3d 1150, 1153-1157 (8th Cir. 2017). *Webb* was also decided after plaintiffs had the benefit of expert discovery. *Id.* at 1155. *Smith v. ConocoPhillps Pipe Line Company* was likewise decided only after fact discovery, which included testimony from at least three experts, sampling of the contamination site and nearby properties, and testing of drinking water on numerous properties. 801 F.3d 921, 924 (8th Cir. 2015). Ultimately, the Eighth Circuit held that the district court abused its discretion by certifying a class "in the absence of evidence showing class members were commonly affected by contamination on their property." *Id.* at 927. Here, the Court has no evidence to consider.

The strongest support for Sanimax's contention is *Ebert*. 823. F.3d at 475. In *Ebert*, the Eighth Circuit overturned a district court's certification of a class in an environmental-contamination action. *Id.* The Eighth Circuit emphasized that a district court "must perform a rigorous analysis before determining that issues common to the class predominate over issues that differ among the individual class members." *Id.* at 479. Ultimately, it found that, by bifurcating the case and narrowing the questions at issue, the district court had "essentially manufactured a case that would satisfy the Rule 23(b)(3) predominance inquiry." *Id*. The Eight Circuit found that resolution of liability would likely require "a property-by-property assessment" of numerous questions. *Id.* Yet, as Plaintiffs note, *Ebert* was also decided after the parties – and the court – had the benefit of fact discovery, including expert discovery, which distinguishes *Ebert* from the case at hand.

It is possible – and perhaps likely – that numerous individualized determinations will be necessary to resolve Plaintiffs' nuisance claims. But the Court cannot say at this stage that it would be impossible for Plaintiffs to offer a class-wide theory of resolution. Without the benefit of discovery, the Court cannot conduct a sufficiently thorough analysis of the class allegations regarding nuisance. As such, the Court will deny Sanimax's motion.

### B. Negligence

Minnesota law defines negligence as "the failure 'to exercise such care as persons of ordinary prudence usually exercise under such circumstances.'" *Domagala v. Rolland*, 805 N.W.2d 14, 22 (Minn. 2011) (quoting *Flom v. Flom*, 291 N.W.2d 914, 916 (Minn. 1980)). To prove negligence, Plaintiffs must prove: "(1) the existence of a duty of care, (2) a breach of that duty, (3) an injury, and (4) that the breach of the duty of care was a proximate cause of the injury." *Id.*

Whether a duty of care existed and whether the duty was breached are both likely resolvable on a class-wide basis. Injury and proximate cause may require a more individualized determination, but the Court cannot say that such issues would be impossible to resolve on a class-wide basis. Thus, to strike class allegations regarding negligence at this stage would be premature.

### C. Defenses and Damages

Sanimax argues that Plaintiffs cannot meet the class certification requirements because the standard defenses to nuisance and negligence under Minnesota law require

individualized analyses.  However, Sanimax offers little support for this argument.  In *Darms v. McCulloch Oil Corp.*, the Eighth Circuit held only that the district court did not abuse its discretion in denying class certification because common questions of law or fact did not predominate under Rule 23(b)(3).  720 F.2d 490, 493 (8th Cir. 1983).  While one factor supporting the district court's decision was that the defenses raised would vary based on the circumstances of each individual case, that factor was mentioned with a litany of other issues requiring individualized determinations.  *Id.*  The fact that different defenses may come up and that these defenses may require some individualized determinations does not warrant striking class allegations at this early stage.

Finally, Sanimax argues that class allegations should be struck because determining Plaintiffs' damages will require individualized determinations.  "[T]hat the amount of damage suffered by each class member may be an individual inquiry does not defeat class action treatment."  *Khoday v. Symantec Corp.*, Civ. No. 11-180 (JRT/TLN) 2014 U.S. Dist. LEXIS 43315, *39 (D. Minn. Mar. 31, 2014).  Rather, at class certification, Plaintiffs "must present a likely method for determining class damages," although they need not "show that [their] method will work with certainty at this time."  *Id.* at *102.  Here, Plaintiffs are not yet seeking class certification.  They merely wish to proceed to discovery so that they can determine and propose such a method.  Furthermore, it is not clear that all of Plaintiffs' theories of damages will require individualized determinations.  Plaintiffs seek injunctive relief, which would likely be designed to immediately impact the entire class.  As to damages for loss of use and enjoyment of property, other courts have approved the use of formulae to calculate such damages across the plaintiff class, thus avoiding the need for

individualized determinations. *See Freeman v. Grain Processing Corp.*, 895 N.W.2d 105, 125 (Iowa 2017).

## CONCLUSION

While Plaintiffs' claims may ultimately be unsuitable for class-wide resolution, the Court will not use its discretion to take the disfavored action of striking class allegations at this time. Without discovery in this case, the Court cannot undertake the rigorous analysis required of the class allegations. As such, the Court will deny Sanimax's motion.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Strike Class Allegations [Docket No. 20] is **DENIED**.

DATED: January 2, 2019                           ____s/John R. Tunheim____
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                                                         Chief Judge
                                                       United States District Court