# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| PATRICIA KEECH and DAVID NEWFIELD, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No.: 18-cv-00683-JRT-HB<br>) |
| vs. | )<br>) |
| SANIMAX USA, LLC, | ) **CLASS ACTION**<br>) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT

## INTRODUCTION

Plaintiffs, Patricia Keech and David Newfield ("Plaintiffs" or "Class Representatives"), by and through their counsel, move for entry of an Order preliminarily approving the attached class action Settlement Agreement ("Settlement Agreement").

On March 12, 2018, Plaintiffs filed a multi-count complaint on behalf of themselves and all others similarly situated, alleging that Sanimax's operation of its South Saint Paul facility caused odors to enter into the property of all residents within two miles of the facility. Sanimax has denied liability and raised certain defenses that, if sustained by the Court, may minimize or defeat any recovery for the Class. The parties desire to avoid further litigation, and Plaintiffs are asking the Court to preliminarily approve the Settlement Agreement attached to the Declaration of Jeffrey S. Storms as <u>Exhibit 1</u>.

The proposed settlement is a result of motion practice and several months of negotiations, including a day-long mediation with an independent facilitator, William Baten. On May 18, 2018, in lieu of filing an Answer to Plaintiffs' Complaint, Defendant filed a Motion to Strike Plaintiffs' Class Allegations. Following the submission of the parties' papers, this Court conducted a hearing on the motion on October 22, 2018. This Court denied the Defendant's Motion to Strike Plaintiffs' Allegation but expressly stated that "it seems unlikely that the Plaintiffs will be able to prove their nuisance claim on a class-wide basis... " (Doc No. 40).

Thereafter, the Court issued an Order Setting a Pretrial Conference. (Doc No. 41). This Order mandated that an initial settlement demand be made by January 22, 2019. Plaintiffs made an opening settlement demand and, thereafter, counsel for the parties had frank discussions and determined that it would be productive to continue settlement negotiations with a neutral mediator. The parties convened on April 22, 2019, and were able to reach an agreement in principle following a day-long mediation. The parties have spent the months since collaborating on the various documents and mechanics of a settlement.

Defendant continues to maintain that no class can properly be certified under the governing Minnesota substantive and federal procedural law. Defendant continues to maintain that Minnesota law requires each claimant asserting claims of the type contained in the Litigation individually to prove their respective claims and holds that proof of the claim for one claimant cannot be proof of a claim for any other claimant. Defendant was reluctant to settle this case as a class action because of this position and the positions set forth in its motion to strike the class allegations that no class could properly be certified

2

under the governing law. However, despite the skepticism about the propriety of class certification expressed in the Court's order, its decision to deny the motion and allow discovery to proceed essentially put Defendant in a position where resolving the case at this juncture was a sound business decision. In the same vein, counsel for Plaintiffs determined that, in its experience, and particularly in light of the Court's foreshadowing of a potential denial of their Motion for Class Certification, it would be within the putative class' best interests to resolve the case so that Defendant could immediately begin to implement the proposed improvement measures.

Defendant anticipates investing this $450,000 on multiple projects, the most significant of which is a new venturi/scrubber. Defendant further anticipates that acquiring, installing, and operating this equipment will involve a number of different processes. First, it will require engineering and design work. Then, it will require air modeling and likely modification to Defendant's air permit. After that, Defendant may be required to obtain another permit to modify the footprint of the Facility to install the equipment. Finally, Defendant will need to acquire the equipment, do the necessary construction work to install the equipment, and test and begin operating the equipment.

The signed Settlement Agreement and Release ("Settlement Agreement" or "Settlement"), attached as Exhibit 1, if approved by the Court, will resolve all claims made in the pending, First Amended Complaint in this matter. (Doc No. 44). Consistent with Rule 23(e) of the Federal Rules of Civil Procedure, the Parties' proposed Notice to the Class attached as Exhibit D to the Settlement Agreement, will properly inform the class members of the Settlement Agreement and give them an opportunity to file a claim

to receive compensation, opt out of the settlement, or file an objection to the settlement.

Accordingly, Class Representatives on their behalf and on behalf of their proposed Settlement Class (as defined below), respectfully submit this memorandum of law in support of their motion for:

(i) preliminary approval of the proposed settlement of the above-captioned action ("Action") on the terms and conditions set forth in the Settlement Agreement dated August 6, 2019;

(ii) approval of the form, content, and manner of providing notice of the settlement to the Class; and

(iii) a hearing to consider final approval of the settlement and other related matters ("Final Approval Hearing").[1]

## PRELIMINARY STATEMENT

Class Representatives and Defendant have reached an agreement to settle this Action. If approved by the Court, the Settlement will result in significant changes to the Sanimax Facility and a fund to which the settlement class can apply to for monetary compensation.

As part of the settlement, the parties agree that Sanimax will modify its operation of its facility in an effort to reduce the emission of any off-site odors as follows: In addition to the more than $2.2 million Defendant has invested since 2011 in equipment and projects related to the reduction of emissions of pollutants, contaminants, and odors from the Facility, beginning in April 2019 (when the Parties had an agreement-in-principle concerning the settlement) through the end of the Implementation Period, Defendant shall

---

[1] Unless otherwise noted, quotation marks, internal citations, and footnotes are omitted and emphasis is in original.

4

expend at least $450,000 in improvement measures designed to reduce emissions of pollutants, contaminants, and odors from the Facility. Further, in addition to the operational adjustment set forth above, the parties further agree that Defendant will deposit a total of Seven Hundred Fifty Thousand Dollars ($750,000) into a Qualified Settlement Fund ("QSF") account to be established by Class Counsel pursuant to the Internal Revenue Code. *See* 26 C.F.R. 1.468B-1. Named Plaintiffs and Class Counsel's proposed plan of allocation is that the remainder of the Settlement Fund (less attorneys' fees, class representative awards, and Court-approved costs) shall be divided on a per-Household basis among all Settlement Class Members who timely submit properly completed Claim Forms that are approved by Class Counsel as further explained in the Settlement Agreement. Irrespective of the number of Claim Forms submitted and approved, the per-Household distributions shall be capped at $1,000.

As part of the settlement and payable out of the Settlement Fund, Class Counsel will also seek reimbursement of three hundred thousand dollars ($300,000) for costs and attorney's fees and an award of one thousand five hundred dollars ($1,500) for each of the two class representative's households, in addition to any distribution they would receive from the Settlement Fund by virtue of their status as Settlement Class Members.

Pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), Class Representatives seek the Court's preliminary approval of the Settlement so that the Notice can be disseminated to Class Members and the Final Approval Hearing scheduled. The Settlement follows an extensive legal and factual investigation into possible claims. Further, the Settlement is the product of adversarial, arm's length negotiations by the Parties.

The Class Representatives and their counsel are fully aware of the strengths and weaknesses of the Action and have evaluated the fairness of its resolution at this time and the risks of continued litigation. This Settlement appropriately balances the Class Representatives objective of securing modifications to the operation of the Sanimax facility to curb any emission of the odors that Plaintiffs believe are creating a nuisance in their neighborhood and the proposed putative class area—or no improvements—if the Class Representatives were to be unsuccessful at trial. The Class Representatives and the undersigned counsel ("Class Counsel") believe that the Settlement is unambiguously in the best interest of the Class given the factual and legal framework of this case.

At the Final Approval Hearing, the Court will have before it more extensive motion papers in support of the Settlement, and will be asked to make a determination of whether the Settlement is fair, reasonable, and adequate under all of the circumstances surrounding the Action. At this time, Class Representative requests entry of the proposed Preliminary Approval Order that will begin the final approval process by, among other things:

- Preliminarily approving the terms of the Settlement set forth in the Settlement Agreement as fair, reasonable, and adequate after considering the factors in Rule 23(e)(2);

- Approving the form and content of the Notice, attached as Exhibit 2;

- Finding the method for disseminating the Notice to constitute the best notice practicable under the circumstances and to satisfy the requirements of Rule 23, due process, and all other applicable law; and

- Setting a schedule for: (i) notice to the Class; (ii) filing a claim for compensation from the Settlement fund; (iii) opting out of the Settlement; (iv) submitting Objections; and (v) the Final Approval Hearing.

For the reasons set forth herein, the Settlement warrants the Court's preliminary approval and the Preliminary Approval Order should be entered.

## ANALYSIS

Rule 23(e) of the Federal Rules of Civil Procedure outlines the standards and procedures courts follow in approving settlements for a class proposed to be certified for purposes of settlement. As recently amended, Rule 23(e)(1) directs courts to determine whether they "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." These standards are met here.

**I.     THE PROPOSED SETTLEMENT WARRANTS APPROVAL UNDER RULE 23(e)(2).**

Rule 23(e) provides that a class action settlement must be presented to the Court for approval, and the settlement should be approved if the Court finds it "fair, reasonable, and adequate," after considering whether: A) the class representatives and class counsel have adequately represented the Settlement Class; B) the proposal was negotiated at arm's length; C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2); *see Marshall v. Nat'l Football League*, 787 F.3d 502, 509 (8th Cir. 2015). Further, public policy favors settlement of class action litigation. "The policy in federal court favoring the voluntary resolution of litigation through settlement is particularly strong in the class action context." *In re Uponor, Inc., F1807 Plumbing Fittings Prod. Liab. Litig.*, No. 11- MD-2247 ADM/JJK, 2012 WL 2512750, at *7 (D. Minn. June 29,

2012).

Consistent with these considerations, Eighth Circuit precedent highlights four factors for final settlement approval: "(1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement." *Keil v. Lopez*, 862 F.3d 685, 693 (8th Cir. 2017) (citing *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988)). The approval of class settlements and the assessment of their fairness, reasonableness, and adequacy, is a matter for the trial court's discretion. *See Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 123 (8th Cir. 1975) ("Such a determination is committed to the sound discretion of the trial judge.").

Judicial review of a proposed class action settlement consists of a two-step process: 1) preliminary approval, followed by the distribution of notice to the class, and 2) final approval, after class members have received notice of the settlement and the opportunity to raise objections. The Court's preliminary approval allows notice to issue to the class and for class members to object to the settlement. *See White v. Nat'l Football League,* 822 F. Supp. 1389, 1399 (D. Minn. 1993). In this process courts consider whether the proposed settlement falls "within the range of possible approval." *Id*.

Application of the uniform set of amended Rule 23(e)(2) factors is designed to focus the Court's examination at the preliminary approval stage on both the procedural and substantive fairness of the proposed Settlement. Rule 23(e)(2)'s determination of whether a settlement is fair, reasonable, and adequate considers "both the adequacy of class counsel and the negotiating process leading up to the settlement, "procedural review," as well as the settlement's substantive terms, "substantive review." Fed. R. Civ. P. 23(e)(2), cmt. The Parties' proposed Settlement is both procedurally and substantively fair.

8

### A. The Class Representatives and Class Counsel have adequately represented the settlement class.

The Settlement in this case was achieved after good faith, arm's-length negotiations between well-informed and experienced counsel for the Parties. The briefing and proceedings demonstrate that counsel negotiating on behalf of the class had an "adequate information base" prior to reaching their agreement to settle, as contemplated by the Advisory Committee on the new Rule 23(e)(2). Fed. R. Civ. P. 23(e) advisory committee note (2018); *see also In re UnitedHealth Grp. Inc. S'holder Derivative Litig.*, 631 F. Supp. 2d 1151, 1158 (D. Minn. 2009) ("Where sufficient discovery has been provided and the parties have bargained at arm's-length, there is a presumption in favor of the settlement.").

During the pendency of this case, Plaintiffs and their counsel, *inter alia*: (1) conducted an extensive investigation prior to filing their initial and subsequent complaints which included, but was not limited to, submitting and reviewing thousands of pages of documents garnered from Freedom of Information Requests regarding the operation of Defendant's Facility, submitting and reviewing thousands of pages of documents garnered from Freedom of Information Requests regarding the operation of every facility that operates within Plaintiffs' proposed class area; (2) filed a well-pled and thorough Class Action Complaint and Jury Demand; and (3) fully briefed and argued against Defendant's Motion to Strike Plaintiffs' Class Allegations.

Further, the Class Representatives and Lead Class Counsel (i.e., Liddle & Dubin, P.C.) had an adequate basis for assessing the strength of the Class's claims and the Defendant's defenses when they negotiated and entered into the Settlement.

Against this backdrop, and based on Lead Class Counsel's experience handling in excess of 50 cases involving neighbors complaining of damages arising from a facility's emission of noxious odors, the Class Representatives and Lead Class Counsel determined

that this Settlement was in the proposed class' best interests. *See, e.g.*, *Id.*; *White*, 822 F. Supp. at 1420-21 ("[S]ettlement was not reached easily, but represents the product of long and difficult negotiations, conducted in good faith and at arm's length by experienced and able attorneys."); *In re Uponor, Inc.*, 2012 WL 2512750, at *7 (approving settlement after arm's length negotiations, extensive discovery over a three-year period, and the involvement of experienced counsel on both sides).

Lead Class Counsel's extensive class action experience, together with the motion practice, demonstrates that Class Representative and Lead Class Counsel have adequately represented the Settlement Class. These facts strongly support the conclusion that the Settlement is fair. *See White*, 822 F. Supp. 2d at 1420 (upholding deference to negotiated settlement agreements when both parties have capable and experienced attorneys).

### B. The settlement was negotiated at arm's-length by well-informed and experienced counsel.

The Settlement in this case was achieved after good faith, arm's-length negotiations between experienced counsel. As noted above, the Parties and their counsel were extremely knowledgeable about the strengths and weaknesses of their respective cases prior to reaching their agreement to settle.

In addition, the Parties engaged in extensive facilitated settlement discussions, mediated by William Baten, on April 21, 2019. Although an agreement in principle was reached at the time, the Parties continued to engage in adversarial, arm's-length negotiations on the details of the Settlement before finally reaching a complete understanding to settle the case and execute the Term Sheet only very recently.

The fact that the Settlement is the product of arm's-length settlement negotiations and was entered into by experienced and well-informed counsel demonstrates that the process by which the Settlement was reached is procedurally fair. It is, therefore, presumptively fair, reasonable and adequate. *See Id.* at 1420 ("The court therefore affords

considerable weight to the opinion of experienced and competent counsel that is based on their informed understanding of the legal and factual issues involved.").

      **C.**    **The relief provided for the class is adequate when weighed against litigation risks, the effectiveness of distributing relief, and the terms of a proposed fee award.**

In addition to being procedurally fair, the Settlement is also substantively fair. At final approval, the Parties will provide the Court with a full analysis of the factors set forth in *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988).[2] A preliminary analysis of these factors supports preliminary approval. *See Martin v. Cargill, Inc.*, 295 F.R.D. 380, 383 (D. Minn. 2013) ("If the proposed settlement is preliminarily acceptable, the Court then directs that notice be provided to absent class members, in order to afford them an opportunity to be heard on, object to, and opt out of the settlement.").

      **1.**    **The relief provided for the class is adequate when weighed against litigation risks.**

In assessing a proposed settlement, courts consider the range of reasonableness in light of both the best possible recovery and litigation risks. *See In re UnitedHealth Grp. Inc. S'holder Derivative Litig.*, 631 F. Supp. 2d at 1158 ("The nature of the litigation to date, and the certainty of continued complex and expensive proceedings, counsels in favor of approval."). Courts consider not only the length and complexity of trial, but also that "the likely post-trial motions and appeals would have taken years to resolve, during which time the Class would have received no distribution of any [relief]." *Beaver Cty.*

---

[2] As noted above, the factors are: "the merits of the plaintiff's case, weighed against the terms of the settlement; the defendant's financial condition; the complexity and expense of further litigation; and the amount of opposition to the settlement." *Van Horn*, 840 F.2d at 607.

*Employees' Ret. Fund v. Tile Shop Holdings, Inc.*, No. 014-CV-00786 ADM/TNL, 2017 WL 2574005, at *3 (D. Minn. June 14, 2017).

### 2. The proposed attorneys' fee award is reasonable.

As set forth in the Notice, the Settlement Agreement provides attorneys' fees and costs in the amount of $300,000. These agreements in no way impact or lessen the relief that the Settlement affords to class members. Further, these sums reflect a very substantial reduction from counsel's investments of time and resources, and as such are more than reasonable. "Where, as here, class counsel has expended considerable time and effort in procuring a settlement, has independently negotiated the fee amount at arm's length with defendants, and the fee amount does not impact or diminish the total settlement received by class members, the attorneys' fees requested are appropriate." *In re Uponor, Inc.*, 2012 WL 2512750, at *11. The reasonableness of the fees is further supported by the prior experience and success of Class Counsel, particularly with respect to the prior success of Lead Class Counsel on similar matters.

### 3. The settlement treats settlement class members equitably relative to each other.

The Settlement Agreement does not unfairly differentiate among class members in the relief afforded to them. First, all class members will benefit from the Settlement when the improvement measures are implemented at the Sanimax facility. The Class Representatives still face the substantial hurdles of losing their motion for class certification, proving their case successfully at trial and likely appeals—a process which could possibly extend for years. In light of these litigation risks, the Named Representatives and Lead Class Counsel believe—based on their thorough understanding of the strengths and weaknesses of their claims against Defendant—that the proposed Settlement provides

solid remedies to the class members. Accordingly, the Settlement warrants preliminary approval. *See, e.g., Buchet v. ITT Consumer Fin. Corp.*, 845 F. Supp. 684, 691 (D. Minn.), *amended*, 858 F. Supp. 944 (D. Minn. 1994) (holding that courts review proposed settlements for fairness, reasonableness, and adequacy.); *Martin*, 295 F.R.D. at 383 ("[A]t the preliminary- approval stage, the fair, reasonable and adequate standard is lowered, with emphasis only on whether the settlement is within the *range* of possible approval due to an absence of any glaring substantive or procedural deficiencies.").

## II. THE COURT SHOULD APPROVE THE FORM, CONTENT, AND METHOD FOR DISSEMINATING NOTICE TO THE CLASS.

The Parties propose a Notice from the Court ("Notice"), summarizing the settlement terms and notifying class members of the availability of copies of the Settlement Agreement, of their right to submit a claim for compensation from the settlement fund, or, conversely, to opt out of the settlement or to file objections to the settlement, and of the procedure for doing so. The Notice is attached to the Motion for Preliminary Approval as Exhibit D. *See* Storms Dec. Ex. 1. The Class Representatives request that the Court approve the form and content of the proposed Notice, as well as the proposed manner for providing notice of the Settlement to the Class Members, as set forth in the Settlement Agreement and proposed Preliminary Approval Order.

Rule 23 calls upon the Court to "direct notice in a reasonable manner to all class members who will be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). For Rule 23(b)(2) classes, the Court must determine that the notice is "appropriate notice to the class." Fed. R. Civ. P. 23(c)(2)(A). Class notice "must 'reasonably [ ] convey the required information and it must afford a reasonable time for those interested to make their appearance.'" *Grunin*, 513 F.2d at 120.

In clear, concise, and plain language, the proposed Notice will provide class members with the terms of the Settlement Agreement, the methods and opportunity for

submitting a claim for compensation from the settlement fund, or, conversely opting out of the settlement, objecting, and notice of the Final Fairness Hearing. *See White v. Nat'l Football League*, 836 F. Supp. 1458, 1470 (D. Minn. 1993) (finding that class members had "extensive and proper court- approved notice"). Among other things, the Notice apprises recipients of the nature of the Action, the definition of the Class, the claims to be released, the binding effect of the judgment, and information regarding Class Counsel's motion for attorneys' fees and reimbursement of expenses. The Notice Documents will provide specifics on the date, time, and place of the Final Approval Hearing, how to access the Settlement Agreement for review, and procedures and deadlines for objecting to the Settlement and/or the motion for attorneys' fees and reimbursement of expenses.

As such, the proposed method of dissemination provides notice "in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). The class consists of "owners or occupiers of residential property located within a two mile radius of the Defendant's Facility at 505 Hardman Avenue, South St. Paul, Minnesota, at any point in time from March 12, 2012 to the present (the "Class Period"), and all owners or occupiers of residential property who submitted a residential data sheet to Class Counsel on or before July 15, 2019 concerning odors or emissions from South St. Paul".

To satisfy due process and to ensure proper Notice of the Settlement, the parties are proposing to send via First Class Mail written Notice to all members of the class and to establish an internet settlement website to give Class members additional information regarding the terms of the Settlement Agreement.

This manner of providing notice, which includes the delivery of the agreed Notice Documents to all class members, represents "appropriate notice to the class" and satisfies the requirements of Rule 23, due process, and all other applicable law and rules.

*Id*.; *Grunin*, 513 F.2d at 120-22. Accordingly, Plaintiffs respectfully submit that the proposed notice provisions of the Settlement Agreement are adequate and should be approved by the Court.

### III. PLAINTIFFS RESPECTFULLY REQUEST THAT THEIR PROPOSED SCHEDULE BE ADOPTED.

In connection with preliminary approval of the Settlement, Class Counsel respectfully propose the schedule set forth below for Settlement-related events. The proposed schedule revolves around the date the Court enters a Preliminary Approval Order:

| EVENT | PROPOSED TIME |
| --- | --- |
| Delivery of Notice documents to class members. (Preliminary Approval Order, ¶ 4) | Beginning no later than 21 days after the date of the entry of the Preliminary Approval Order ("Notice Date") |
| Class Members may make a claim for compensation to the Settlement Fund | No more than 60 day after the Notice is mailed |
| Opt Outs and Objections must be postmarked | No more than 45 days after Notice is mailed |
| Class Counsel shall circulate copies of Objections and Opt Outs to Counsel for Defendant | Within 14 days of Opt Out and/or Objection mailing deadline |
| Class Counsel shall file all Objections received from or on behalf of Settlement Class Members | At least 7 days before the Settlement Fairness Hearing |
| Class Counsel shall file a proposed "Exhibit 1" to the Order and Final Judgment to the court identifying the potential Settlement Class Members who timely submitted proper exclusion or Opt Out request | At least 7 days before the Settlement Fairness Hearing |
| Class Counsel shall file updated versions of the Class Area Map (Exhibit B) and List of Resident Data Sheet Respondents (Exhibit C), each of which shall reflect any changes since the original exhibits were appended to the Settlement Agreement | At least 7 days before the Settlement Fairness Hearing |

| Final Fairness Hearing | 100 or more days after the Preliminary Approval Hearing |
|---|---|
| Defendant deposits Settlement Funds for distribution | Within 5 business days of the Order and Final Judgment becoming final or Defendants receipt of the wiring or other payment instructions from Class Counsel |

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court enter the proposed Preliminary Approval Order submitted herewith.

Respectfully submitted,

**Dated: August 9, 2019**

**LIDDLE & DUBIN, P.C.**

s/ Laura L. Sheets
Steven D. Liddle (P45110) (admitted pro hac vice)
Laura L. Sheets (P63270) (admitted pro hac vice)
975 East Jefferson Avenue
Detroit, Michigan 48207-3101
Tel: (313) 392-0015
Fax: (313) 392-0025
SLiddle@mldclassaction.com
LSheets@mldclassaction.com

- and –

**NEWMARK STORMS DWORAK LLC**

/s/ Jeffrey S. Storms
Jeffrey S. Storms (#0387240)
100 South Fifth St., Suite 2100
Minneapolis, MN 55402
Telephone: (612) 455-7050
Fax: (612) 455-7051
jeff@newmarkstorms.com

*Attorneys for Plaintiffs*