# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| PATRICIA KEECH and DAVID NEWFIELD, on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 18-cv-00683-JRT-HB |
| | ) | |
| vs. | ) | |
| | ) | |
| SANIMAX USA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into this 6th day of August, 2019, by and between Sanimax USA, LLC ("Sanimax" or "Defendant"), each Named Plaintiff—Patricia Keech and David Newfield—and each member of the proposed Settlement Class at set forth herein, subject to and conditioned on preliminary and final approval by the United States District Court for the District of Minnesota.

WHEREAS:

A.    The Definitions appearing in Section 2 and other terms defined in this Settlement Agreement are incorporated by reference in these introductory sections.

B.    The Defendant owns and operates a rendering facility located at 505 Hardman Avenue, City of South St. Paul, Minnesota (the "Facility").

C.    The First Amended Complaint (Exhibit A) alleges that the Named Plaintiffs and a putative class of other similarly situated claimants have suffered damages as a result of the Facility's operations.

D.     Defendant vigorously denies all allegations of wrongdoing or liability made in the Litigation. Defendant also vigorously denies that the putative class could be certified under the governing Minnesota substantive law and the federal procedural law. However, without in any way acknowledging any fault or liability and reserving all rights to oppose class certification in this or any other matter (based on the legal arguments asserted in it motion to strike class allegation or any other basis), Defendant considers it desirable to enter into this Settlement Agreement solely for the purpose of terminating this Litigation in order (i) to avoid the cost, expense, inconvenience, distraction, time, and effort required to continue to defend such complex, burdensome, and protracted class certification discovery and merits litigation, (ii) to permit the continued operation of its affairs unfettered by the tangible and intangible expense of the Litigation and the distraction and diversions of themselves and of its key personnel, and (iii) to continue its long history of being a responsible corporate citizen.

E.     This Settlement Agreement and all related documents are not and shall not be construed as or deemed an admission or concession by Defendant of any fault or liability or wrongdoing, or of any deficiencies, faults, errors or omissions of any nature whatsoever of or by Defendant. Nor shall this Settlement Agreement or any related document be construed as or deemed an admission or concession by Defendant that class certification in this or any other case is proper under Minnesota substantive or federal procedural law applicable to this case.

F.     Class Counsel are familiar with the claims being settled and the defenses asserted. Class Counsel have conducted a thorough investigation relating to the claims and underlying events and transactions alleged in the First Amended Complaint. Named Plaintiffs and Class Counsel believe that the Litigation has merit. However, they recognize and acknowledge that the expense and length of continued proceedings necessary to prosecute the Litigation against

Defendant through trial and appeals would be a costly, time-consuming undertaking. Named Plaintiffs and Class Counsel also have taken into account the uncertain outcome of a class certification motion, particularly in light of the applicable Minnesota law, and the risk of further litigation, especially in a complex lawsuit such as this Litigation, as well as the difficulties and delays inherent in such Litigation. They also have taken into account, among other things, the strengths and uncertainties of the claims asserted in the Litigation and the substantial benefits to be conferred on the Settlement Class by the proposed settlement. Named Plaintiffs and Class Counsel, therefore, have determined that the settlement set forth in this Settlement Agreement is in the best interests of the proposed Settlement Class.

G.      This Settlement Agreement and related documents are not and shall not be construed as an admission or a concession by the Named Plaintiffs with regard to the merits of their claims.

H.      Counsel for the Parties have engaged in arms-length negotiations over several months. Ultimately, they were able to reach common ground through a neutral mediator, and following further negotiation of all the details, memorialize their agreements concerning the settlement of Plaintiffs' claims against Defendant.

I.      It is the intention of the Parties that the proposed settlement described in this Settlement Agreement completely resolves, releases, and forever discharges all claims that are or could have been alleged concerning airborne emissions of pollutants, air contaminants, and noxious odors from the Facility, except for any claims expressly reserved herein.

NOW THEREFORE, intending to be legally bound hereby, and in consideration of the promises, mutual covenants and conditions contained herein, for purposes of the settlement only and subject to the approval of the Court IT IS STIPULATED AND AGREED as follows:

1.    Settlement.  The Litigation and all claims that are or could have been alleged concerning the airborne emissions of pollutants, air contaminants, and noxious odors from the Facility, as further set forth in the Releases and Covenants section below, shall be finally and fully settled, compromised, and dismissed on the merits, with prejudice and without costs (except as set forth herein), subject to the approval of the Court, in the manner and upon the terms and conditions stated in this Settlement Agreement.  Neither the settlement nor this Settlement Agreement shall constitute or be an admission or concession for any purpose by Defendant or any other person, or be deemed evidence or other indication of any violation of any statutes, regulation, permit condition, or law, or an admission of any wrongdoing or liability by Defendant.  The Parties further agree and stipulate that neither the settlement nor this Settlement Agreement is or shall constitute or be deemed an admission or concession by Defendant that class certification in this or any other case is proper under Minnesota substantive or federal procedural law applicable to this case.

2.    Definitions.  As used in this Settlement Agreement and its exhibits, the following terms shall have the meanings stated in this Section:

a.    "Administration of Settlement" means properly providing Class Notice to the potential Settlement Class Members; temporarily providing information about the Litigation and this Settlement Agreement, including a link on lead Class Counsel's firm website to all the Exhibits to this Settlement Agreement; providing a toll-free phone number and other contact information Settlement Class Members may use to obtain additional information; receiving and responding to inquiries from potential Settlement Class members; receiving, assisting, and maintaining claims, Claim Forms, and any other proofs of claims; verifying and either approving or disapproving all claims for payment from the Settlement Fund; receiving, assisting, circulating, and maintaining exclusion or opt-out requests from putative Settlement Class Members and

objections from Settlement Class Members; overseeing the distribution of the Settlement Fund; and submitting any required reports or certifications to the Court.

       b.     The "Claim Form" means the Claim Form attached as <u>Exhibit E</u> hereto or a modified version of that exhibit acceptable to Named Plaintiffs, Class Counsel, and Defendant.

       c.     The "Class" and the "Class Members" or "Settlement Class" and "Settlement Class Members" shall mean and include all entities or persons who, prior to final approval of this Settlement Agreement, either (i) owned or occupied residential property within a two (2) mile radius of Defendant's facility, 505 Hardman Avenue, City of South St. Paul, Minnesota or (ii) owned or occupied residential property outside of that radius who submitted a residential data sheet to Class Counsel prior to July 15, 2019 concerning odors or emissions from South St. Paul.  A list of those who submitted residential data sheets to Class Counsel as of the date the settlement was negotiated is attached as <u>Exhibit C</u> hereto.

       d.     The "Class Area" shall mean the area within a two (2) mile radius of the Facility, and all of the residential property owned or occupied by anyone who submitted a residential data sheet concerning odors or emissions from South St. Paul to Class Counsel prior to July 15, 2019.  A current depiction of the Class Area Map is attached as <u>Exhibit B</u> hereto.

       e.     "Class Counsel" shall mean Steven Liddle, Esq., Laura Sheets, Esq., and Jeffrey S. Storms, Esq., and all law firms in which any of them were a partner, shareholder, associate, counsel, or otherwise associated during the term of their representation of any of the Plaintiffs.  The phrase "lead Class Counsel" refers to Steven Liddle and Laura Sheets.

       f.     The "Class Notice" shall mean the Notice of Pendency of Class Action Settlement attached as <u>Exhibit D</u> hereto or a modified version of that exhibit acceptable to Named Plaintiffs, Class Counsel, and Defendant.

g.     The "Class Period" shall mean the period of time between and including March 12, 2012 and the Effective Date.

h.     The "Court" shall mean the United States District Court for the District of Minnesota.

i.     "Effective Date" means the date on which shall be the date on which the Order and Final Judgment approving the settlement becomes Final and this Settlement Agreement becomes binding as to all Parties.

j.     The "Facility" shall mean the Sanimax rendering facility, located at 505 Hardman Avenue, South St. Paul, Minnesota 55075.

k.     "Final" means the later of the following dates: (i) the date of expiration of the time for filing or noticing of any appeal from the Order and Final Judgment, which, to the extent it is certified as a final under Federal Rule of Civil Procedure 54(b), is thirty (30) days after the entry of the Order and Final Judgment computed in accord with Federal Rule of Civil Procedure 6(a); or (ii) the date of final affirmance of any appeal, the date of expiration of the time for filing petitions for writs of certiorari and, if certiorari is granted, the date of final affirmance following review pursuant to that grant; or (iii) the final dismissal of any appeal or proceeding on certiorari.

l.     "Household(s)" shall mean all persons owning or occupying any particular parcel(s) of residential property within the Class Area at any point during the Class Period.

m.     "Implementation Period" shall mean the earlier of four years after the Effective Date or the time taken by Defendant to invest all capital required under this Settlement Agreement to be invested in improvement measures, including but not limited to the time necessary to obtain all necessary permits for, install, and commence normal operation of a new venturi/scrubber.

n.      The "Litigation" shall mean the lawsuit captioned *Keech, et al. v. Sanimax USA, LLC*, filed in the United States District Court for the District of Minnesota, Case No. 18-cv-00683-JRT-HB.

o.      "Named Plaintiffs" shall mean and include the named plaintiffs in this Litigation: Patricia Keech and David Newfield.

p.      The "Parties" shall mean all Named Plaintiffs, Settlement Class Members, Class Counsel, and Defendant.

q.      "Preliminary Approval Order" means an order of the Court in the form attached as <u>Exhibit F</u> or a modified version of that exhibit acceptable to Named Plaintiffs, Class Counsel, and Defendant.

r.      The "Order and Final Judgment" means an order and judgment of the Court in the form attached as <u>Exhibit G</u> or a modified version of that exhibit acceptable to Named Plaintiffs, Class Counsel, and Defendant.

s.      The "Released Parties" shall mean and include Defendant Sanimax USA, LLC, its parents, subsidiaries, and affiliated companies, and any of its former and present employees, directors, officers, shareholders, members, partners, accountants, agents, attorneys, insurers, representatives, and each of their heirs, executors, administrators, beneficiaries, predecessors, successors, and assigns.

t.      The "Settlement Fairness Hearing" means a hearing pursuant to Federal Rule of Civil Procedure 23 scheduled to determine, among other things, whether the settlement of the Litigation is fair, reasonable, and adequate, and to consider Class Counsel's application for an award of attorneys' fees and reimbursement of expenses for prosecuting the Litigation, Named

Plaintiffs' requests for incentive awards for representing the Settlement Class, and the plan for distributing the Settlement Fund.

u.     "Settlement Fund" means the funds in the Qualified Settlement Fund account opened and maintained by Class Counsel pursuant to Court supervision, which account shall originally be funded by a deposit by Defendant in accord with Section 5.a of this Settlement Agreement.

3.     Submission of Settlement to the Court.

a.     As soon as practicable following the execution of this Settlement Agreement, Named Plaintiffs shall move the Court for entry of the Preliminary Approval Order.

b.     When Named Plaintiffs move for entry of the Preliminary Approval Order, they shall provide Defendant with an estimate of the total number of putative Settlement Class Members.  Within ten (10) days of the date Named Plaintiffs move for entry of the Preliminary Approval Order and, consistent with 28 U.S.C. § 1715, Defendant shall cause notice to be sent to the U.S. Attorney General's office, the Environmental Protection Agency, the Attorney General for the State of Minnesota, the Minnesota Pollution Control Agency, and the City of South St. Paul.  At least seven (7) days before the Settlement Fairness Hearing, Defendant shall submit a report to the Court confirming that these notices were timely sent.

c.     If the Court preliminarily approves this Settlement Agreement and subject to the Preliminary Approval Order, Class Counsel shall (i) mail the Class Notice to the home of each potential residential address within the Class Area that is reasonably obtainable through a search of certain publicly available records (ii) provide information about the Litigation and the Settlement Agreement on lead Class Counsel's firm website and provide a link to the Settlement Agreement, all Exhibits to the Settlement Agreement, and all substantive orders issued by the

Court, including the order denying Defendant's motion to strike class allegations and the Preliminary Approval Order.  Class Counsel will maintain this link on the website until the Effective Date (at which time the information pertaining to the Litigation and the settlement shall be terminated and none of the information on it shall be accessible).  At least seven (7) days before the Settlement Fairness Hearing, Class Counsel shall file a statement that notice has been effectuated per the Court's Preliminary Approval Order.

        d.     Named Plaintiffs and Class Counsel will move the Court (i) for an award for Class Counsel of attorneys' fees and reimbursement of costs and expenses in an amount not to exceed $300,000, (ii) for an incentive award not to exceed $1,500 for each of the two Named Plaintiffs for service as representatives of the Settlement Class, in addition to any distribution they would receive from the Settlement Fund by virtue of their status as Settlement Class Members, and (iii) for an order approving the plan of allocation or distribution of the Settlement Fund (or the remaining Settlement Fund following any award of Class Counsel's attorneys' fees and expense reimbursements and Named Plaintiffs' incentive awards) to the Settlement Class Members.  Any such awards to Class Counsel and/or Named Plaintiffs shall be paid exclusively from the Settlement Fund, and any distribution to the Settlement Class Members, aside from the incentive awards, shall not exceed $1,000 per Household.  Defendant agrees to take no position concerning these separate filings by Named Plaintiffs and Class Counsel, but Defendant may respond to any inquiries from the Court.

        e.     The Parties agree that, aside from providing the money to create the Settlement Fund, Defendant has no responsibility or liability for the Settlement Fund or how those funds should be maintained, accounted for, allocated, or distributed.  Moreover, issues concerning the awards or payments from, or the distribution of, the Settlement Fund should not be considered

to determine the threshold matter of whether the Settlement Agreement should be approved because the aggregate consideration to the Settlement Class is fair, reasonable, and adequate under the circumstances of this Litigation. The consideration in this Settlement Agreement has been negotiated separately from, and is not contingent or dependent on, the approval by the Court of any motions or applications for attorneys' fees, costs, and expenses (including the fees of experts and consultants), for incentive awards to Named Plaintiffs, or for approval of a plan of allocation or distribution of the Settlement Fund; and any order or proceeding relating only thereto shall not operate to terminate, cancel, or affect the Finality or effect of this Settlement Agreement.

       f.     No sooner than 100 days after Named Plaintiffs move for preliminary approval, the Court will hold the Settlement Fairness Hearing to decide whether the settlement embodied in this Settlement Agreement shall be finally approved as fair, reasonable, and adequate resolution of this Litigation and whether to enter the Order and Final Judgment. The Parties shall apply to the Court for approval of the settlement and shall each file such papers with the Court as they and their counsel or the Court determines to be necessary. Defendant's position will be that, despite committing no wrongdoing, having valid defenses for the operations of the Facility, and maintaining that no class should or could be certified under the governing law, the aggregate consideration to the Settlement Class is more than fair, reasonable, and adequate resolution of the claims at issue. Named Plaintiffs' position will be that the Settlement Class should be certified for the reasons stated herein and the Settlement Agreement should be approved under Federal Rule of Civil Procedure 23. Named Plaintiffs and Class Counsel may also seek approval from the Court for (i) an award of attorneys' fees and expenses for Class Counsel, (ii) the incentive awards for Named Plaintiffs, and (iii) an order for the distribution of the Settlement Fund to the Settlement Class Members.

4.    Class Certification.

       a.     Named Plaintiffs shall move the Court for an order certifying the Settlement

Class pursuant to Federal Rule of Civil Procedure 23 in conjunction with a request for the Court

to approve this Settlement Agreement.

       b.     Having already set forth its position on the legal appropriateness of the class

allegations in the briefing on its motion to strike, solely for the purposes of this settlement,

Defendant will not object to the Court's certification of the Settlement Class pursuant to Federal

Rule of Civil Procedure 23 (but Defendant reserves and preserves its position that no class could

or should be certified under the governing substantive and procedural law).

       c.     Solely for the purposes of this settlement, should the Court certify a

Settlement Class, Defendant will not object to the appointment of Named Plaintiffs and Class

Counsel as proper and appropriate representatives of the Settlement Class.

5.    Settlement Payment.

       a.     To establish the Settlement Fund, Defendant agrees to deposit a total of

Seven Hundred Fifty Thousand Dollars ($750,000) into a Qualified Settlement Fund ("QSF")

account to be established by Class Counsel pursuant to the Internal Revenue Code. *See* 26 C.F.R.

1.468B-1. No later than two (2) business days after the Order and Final Judgment becomes Final,

Class Counsel shall provide wiring or other payment instructions to Defendant. Within five (5)

business days of the later of the Order and Final Judgment becoming Final or Defendant's receipt

of the wiring or other payment instructions from Class Counsel, Defendant shall pay to Liddle &

Dubin, P.C., in trust into the QSF account, the sum of Seven Hundred Fifty Thousand Dollars

($750,000) by check or wire transfer.

   b.  Class Counsel shall perform all acts required for the Administration of Settlement.  All costs and expenses for the Administration of Settlement shall be paid by Class Counsel, subject to Court-approved reimbursement from the Settlement Fund.  Defendant is not responsible or liable for costs and expenses relating to the Administration of Settlement. Defendant shall have no part in or responsibility or liability for the Administration of Settlement, or the plan of allocation of, or the awards of attorneys' fees and incentive awards from the Settlement Fund; and Defendant, therefore, is hereby released from any claim related to how the Settlement Fund is administered, allocated or distributed.  To the extent Class Counsel complies with all Court orders concerning the Administration of Settlement, Class Counsel shall be released from any liability in connection with the Administration of Settlement, except for any proven willful misconduct.

   c.  As referenced above, Class Counsel may seek the Court's approval of payment from the Settlement Fund of attorneys' fees and out-of-pocket costs and expenses, including settlement administration costs.  Such amount shall not exceed $300,000.  All such payments to Class Counsel shall be made exclusively from the Settlement Fund.

   d.  As also referenced above, Named Plaintiffs shall seek the Court's approval of a one-time lump sum payment or incentive award of up to $1,500 for each of the Named Plaintiffs for their efforts on behalf of the Settlement Class, in addition to any distribution or payment they may receive by virtue of their status as one of the Settlement Class Member.  All such payments to Named Plaintiffs shall be made exclusively from the Settlement Fund.

   e.  Named Plaintiffs and Class Counsel's proposed plan of allocation is that the remainder of the Settlement Fund shall be divided on a per-Household basis among all Settlement Class Members who timely submit properly completed Claim Forms that are approved by Class

Counsel as further explained in Section 8.c. Irrespective of the number of Claim Forms submitted and approved, the per-Household distributions shall be capped at $1,000.

      f.     No payment from the Settlement Fund to Class Counsel, Named Plaintiffs, or any Settlement Class Member shall be made until after the Effective Date. Subject to the approval of the Court, Class Counsel intends to distribute any Court-approved payments or awards to Class Counsel and Named Plaintiffs and to distribute the remaining funds in the Settlement Fund to the Settlement Class Members who timely submit a properly completed Claim Form that is approved by Class Counsel. All claim checks will remain valid for one hundred-twenty (120) days, after which they shall become null and void. Any replacement checks that may be issued shall remain valid only until the expiration of the original 120-day period.

      g.     It is possible that after the 120-day period during which the distribution checks remain valid, there could be a remaining balance in the QSF account maintained in trust by Class Counsel if, for example, the distribution checks are not cashed or negotiated or the number of Households submitting Claim Forms approved by Class Counsel is less than the amount required to require distribution of the entire remaining Settlement Fund. If there is a remaining balance after the expiration of this 120-day period, Class Counsel shall cause such funds as directed by Defendant to be used to fund one or more community projects in the City of South Saint Paul, Minnesota. In that event, Defendant shall work with the City of South Saint Paul and/or other organizations to identify the specific project(s).

      6.     <u>Improvement Measures and Implementation Period</u>.

      a.     In addition to the more than $2.2 million Defendant has invested since 2011 in equipment and projects related to the reduction of emissions of pollutants, contaminants, and odors from the Facility, and in addition to the Settlement Fund referenced above, beginning in

April 2019 (when the Parties had an agreement-in-principle concerning the settlement) through the end of the Implementation Period, Defendant shall expend at least $450,000 in improvement measures designed to reduce emissions of pollutants, contaminants, and odors from the Facility.

        b.      Defendant anticipates investing this $450,000 on multiple projects, the most significant of which is a new venturi/scrubber. Defendant further anticipates acquiring, installing, and operating this equipment will involve a number of different processes. First, it will require engineering and design work. Then, it will require air modeling and likely modification to Defendant's air permit. After that, Defendant may be required to obtain another permit to modify the footprint of the Facility to install the equipment. Finally, Defendant will need to acquire the equipment, do the necessary construction work to install the equipment, and test and begin operating the equipment. Almost all of these steps will involve third parties, including at least two separate governmental agencies, who work on their own timetables that are beyond Defendant's control. Consequently, while Defendant currently intends both to get the new venturi/scrubber operating and to invest the other dollars as soon as practicable, it is anticipated to take between two and four years to fully invest these funds. However, in no event will delays caused by or resulting from the conduct of third-parties be deemed a breach of this Settlement Agreement by Defendant.

        c.      Defendant further submits that unplanned events—such as equipment failure or a change in the raw materials being processed—and other factors beyond anyone's control—including the amount of precipitation, the amount and direction of the wind, the temperature and level of cloud cover, etc.—can affect the emissions of pollutants, contaminants, and odors inherent with animal-rendering facilities, including this Facility. Moreover, technological advances and changes in best practices are always a possibility in the future, which

advances or changes could lead to new or better ways to address emissions of pollutants, contaminants, and odors. Due to the evolving nature of emissions, the Parties recognize the necessity to provide the Facility operator with flexibility to react to now-not-known factors that may occur in the future in order to most effectively address the emissions. Thus, while the Defendant has committed and is required as part of this settlement to invest a total of $450,000 by the end of the Implementation Period, Defendant is not required to spend any specific amount of those dollars on any specific project. Defendant agrees to provide Class Counsel with a written update as to the progress of the improvement measures by the end of each calendar year until the end of the Implementation Period.

      7.     <u>Releases and Covenants.</u>

           a.     <u>Releases by the Settlement Class.</u>

Subject to Court approval under Federal Rule of Civil Procedure 23(e), payment and other consideration paid or provided by Defendant in accordance with this Settlement Agreement shall constitute the full and final settlement of the Litigation, and upon the Effective Date, Defendant and the other Released Parties shall have no further liability or obligation to any Settlement Class Member, Named Plaintiff, or Class Counsel concerning the subject matter of the Litigation, except as specifically set forth in this Settlement Agreement or in the Order and Final Judgment. Upon the Order and Final Judgment becoming Final, each Named Plaintiff and Settlement Class Member, on behalf of themselves and their heirs, executors, administrators, beneficiaries, predecessors, successors, assigns and each of them, and any of their former and present employees, directors, officers, accountants, agents, attorneys, representatives, affiliates, and subsidiaries shall and hereby does forever and fully release and discharge each of the Released Parties of and from any manner of civil or administrative actions, causes of actions, suits, obligations, claims, debts,

demands, agreements, promises, liabilities, controversies, costs, expenses, and attorneys' fees

whatsoever, whether in law or in equity and whether based on any federal law, state law, common

law or foreign law right of action or otherwise, foreseen or unforeseen, matured or unmatured,

known or unknown, accrued or not accrued which the Settlement Class Members or any of them,

ever had, now have, or can have, or shall or may hereafter have, either individually or as a member

of a group or class, against the Released Parties, for, based on, by reason of, or arising from the

conduct alleged in Plaintiffs' First Amended Complaint and Jury Demand filed in Case No. 18-

cv-00683-JRT-HB or any emissions of pollutants, contaminants, and/or odors from the Facility

through the end of the Implementation Period (collectively, the "Released Claims").

      b.    <u>Covenants Not To Sue.</u>

      Each of the Named Plaintiffs and Settlement Class Members, on their own behalf and on

behalf of each of their respective heirs, executors, administrators, beneficiaries, predecessors,

successors, assigns, and any of their former and present employees, directors, officers,

accountants, agents, attorneys, representatives, affiliates, and subsidiaries, covenant and agree not

to sue or bring or assert any action, claim, or cause of action, in any jurisdiction, against the

Released Parties asserting any claim released by this Settlement Agreement.  Any claim brought

in violation of this covenant shall be immediately dismissed by the forum in which it was brought.

      8.    <u>Claims, Opt-Outs, and Objections.</u>

      a.    Potential Settlement Class Members seeking to exclude themselves or opt

out of this Settlement Agreement must send a written request to Class Counsel in strict compliance

with the requirements for opting out specified in the Class Notice.  Failure to do so will result in

the potential Settlement Class Member remaining part of the Settlement Class and, to the extent

the settlement is approved, being bound by the Settlement Agreement, including but not limited to

the release and covenant not to sue set forth in Section 7.  All exclusion or opt-out requests must be postmarked no more than forty-five (45) days after the date that Class Notice is mailed to the potential Settlement Class Members.  Within fourteen (14) days of this exclusion or opt-out mailing deadline, Class Counsel shall circulate copies of such request(s) to Counsel for Defendant. At least seven (7) days before the Settlement Fairness Hearing, Class Counsel shall file a proposed "Exhibit 1" to the Order and Final Judgment to the Court identifying the potential Settlement Class Members who timely submitted proper exclusion or opt out requests.

        b.        Potential Settlement Class Members seeking to object to the Settlement Agreement or any part of it must remain part of the Settlement Class and must send a written objection to Class Counsel in strict compliance with the requirements for objecting specified in the Class Notice.  Failure to do so may result in the Court not considering the objection.  To the extent the settlement is approved by the Court, all objecting Settlement Class Members will be bound by the Settlement Agreement, including but not limited to the release and covenant not to sue set forth in Section 7.  All objections must be postmarked no more than forty-five (45) days after the date that Class Notice is mailed to the potential Settlement Class Members.  Within fourteen (14) days of this objection mailing deadline, Class Counsel shall circulate copies of such objection(s) to Counsel for Defendant.  At least seven (7) days before the Settlement Fairness Hearing, Class Counsel shall file all objections received from or on behalf of Settlement Class Members.

        c.        Settlement Class Members shall have sixty (60) days from the date Class Notice is mailed to submit a Claim Form in compliance with the terms specified in the Class Notice and on the Claim Form itself. Claim Forms will be reviewed and approved by Class Counsel if

and only if the Settlement Class Member complies with the requirements set forth in the Class Notice and Claim Form, including the provision of all required documentation.

(i) Claim Forms that do not meet the requirements set forth in this Settlement Agreement, the Class Notice, and/or Claim Form instructions may be rejected by Class Counsel. Where a good faith basis exists, Class Counsel may reject a Settlement Class Member's claim form for, among other reasons, the following: failure to timely submit a Claim Form; failure to fully complete and/or sign the Claim Form; illegible Claim Form; the Claim Form is duplicative of another Claim Form; the entity or person submitting the Claim Form is not a Settlement Class Member or is requesting that funds be paid to a person or entity that is not the Settlement Class Member for whom the Claim Form is submitted; false or fraudulent information submitted on or with the Claim Form; failure to provide adequate support of their claim pursuant to a request of Class Counsel; and/or the Claim Form otherwise does not meet the requirements of this Settlement Agreement, the Class Notice, or the Claim Form instructions. Class Counsel may, but is not obligated to, notify deficient claimants that their Claim Form requires additional support or documentation in order to be approved, and may but is not required to provide such claimants additional time in which to remedy their deficient Claim.

(ii) In general, Named Plaintiffs and Class Counsel's plan of allocation is that each Household for which an approved Claim Form is submitted shall share equally in the Settlement Fund after the deduction of such administrative costs, attorney fees and expenses, and incentive awards as the Court may approve. In the event that multiple Claim Forms are submitted for the same Household, all approved claims for that Household will share equally in one pro rata share of the Settlement Fund. Claims made by multiple Households owning or occupying the same dwelling or parcel of residential property will result in a single pro rata share being divided

as follows: if one or more renters or non-owner occupiers submit approved Claim Forms and one or more owners also submit approved Claim Forms, all non-owner occupiers submitting such Claim Forms shall receive a combined total of one half of one per-Household share and all owners submitting such Claim Forms shall receive a combined total of one half per-Household share; and if either multiple owners submit approved Claim Forms or multiple non-owner occupiers submit approved Claim Forms for the same dwelling or parcel of residential property, the per-Household share for dwelling or parcel of residential property will be divided on a prorated basis based on the period of time to which each owner's or non-owner occupier's valid claim applies.

        d.    At least seven (7) days before the Settlement Fairness Hearing, Class Counsel shall file updated versions of the Class Area Map (Exhibit B) and list of resident data sheet respondents (Exhibit C), each of which shall reflect any changes since the original exhibits were appended to this Settlement Agreement.

        9.    <u>Representation by Class Counsel and Named Plaintiffs</u>.

Class Counsel hereby warrant and represent that (a) they have not received any complaints about odors in or around South St Paul from any person or entity that did not also fill out a resident data sheet, (b) they have produced to Defendant all of the resident data sheets (in their entirety without redaction) and informed Defendant of all the details of any other complaints related to the Facility received before the date this Settlement Agreement is signed; and (c) they will continue to produce any additional resident data sheets and inform Defendant of any additional complaints that are received thereafter as they are received.  Named Plaintiffs and Class Counsel hereby warrant and represent that aside from whatever information is in the resident data sheets provided by Class Counsel to Defendant's counsel, (i) Named Plaintiffs and Class Counsel have no information indicating that any person has experienced any adverse health effects that could give

rise to a personal injury claim that is or could be attributed to the existence or operation of the Facility; and (ii) Named Plaintiffs and Class Counsel have no knowledge of any person who has threatened or planned to assert a claim for personal injury or medical harm related to the existence or operation of the Facility.

      10.    <u>Contingencies</u>.

      This Settlement Agreement is expressly contingent upon (1) Class Counsel and Named Plaintiffs making the representations and commitments as set forth in Sections 9 and 13 of this Settlement Agreement, (2) no more than nineteen (19) potential Settlement Class Members opting out of the settlement and/or seeking to be excluded from the Settlement Class, (3) entry by the Court of the Preliminary Approval Order (including but not limited to its approval of the Class Notice and Claim Form); and (4) entry by the Court of the Order and Final Judgment and it becoming Final.  In the event that any Party withdraws from and terminates this Settlement Agreement based on one or more of these contingencies as provided below, the Parties shall return to Litigation as though no Settlement Agreement ever existed and Class Counsel shall immediately terminate and delete all settlement information from its website.

      a.    If any of the commitments, warrants or representations by Named Plaintiffs or Class Counsel in Sections 7, 9 or 13 of this Settlement Agreement is not fulfilled or true, Defendant shall have the right to terminate and withdraw from this Settlement Agreement and have no further obligations under this Settlement Agreement whatsoever.  If Defendant elects to terminate and withdraw from the Settlement Agreement for this reason, it must do so within fourteen (14) days of its receipt of the information demonstrating that such a warrant or representation was not true and in any event, prior to the Effective Date.  After the Effective Date, Defendant, of course, may still enforce this Settlement Agreement.

b.      If twenty (20) or more potential Settlement Class Members file requests to be excluded from the Settlement Class or the settlement, Defendant may terminate and withdraw from this Settlement Agreement and have no further obligations under this Settlement Agreement whatsoever.  If Defendant elects to terminate and withdraw from the Settlement Agreement for this reason, it must do so within fourteen (14) days of its receipt from Class Counsel of the last copy of an exclusion or opt-out request from a potential Settlement Class Member.

c.      If the Court does not preliminarily approve the Settlement Agreement, if the Court enters an order preliminarily approving the settlement other than the Preliminary Approval Order (including but not limited to approving notice in a form other than the Class Notice and the link on lead Class Counsel's firm website), if the Court does not finally approve the Settlement Agreement, if the Court enters an order or judgment finally approving the Settlement Agreement other than the Order and Final Judgment, or if the Order and Final Judgment does not become Final for any reason, any Party shall have the right to terminate and withdraw from this Settlement Agreement and have no further obligations under this Settlement Agreement whatsoever.  If any Party elects to terminate and withdraw from the Settlement Agreement for this reason, it must provide notice to all other Parties of its intent to do so within fourteen (14) days of the ruling or event that triggers its right.

d.      If the Court does not preliminarily approve the Settlement Agreement or does not enter an order finally approving the Settlement Agreement, or if such approval of the settlement is reversed on appeal, or if the settlement fails to become effective for any other reason, then the Settlement Fund, including all accrued interest or earnings, shall be returned within five (5) business days to Defendant, the Parties shall automatically return to Litigation as though no

Settlement Agreement ever existed, and the Parties shall promptly set a status conference with the Court for purposes of proposing a new scheduling order.

      11.     <u>Remedies Upon Breach</u>.

      Upon the material breach of any provision of this Settlement Agreement by a Settlement Class Member, Defendant shall be entitled to clawback and fully recover all sums paid to a breaching Settlement Class Member. To the extent allowed under the Federal Rules of Civil Procedure and applicable law, Defendant shall be entitled to seek to recover its attorneys' fees and costs incurred in enforcing the Release and Covenant Not to Sue provisions of the Settlement Agreement against any breaching Settlement Class Member. Upon the material breach by any Party of any provision of this Settlement Agreement, any Party may seek to enforce this Settlement Agreement and may seek injunctive relief and/or specific performance. The Parties expressly agree that any breach of Sections 7, 9 or 13 by any Settlement Class Member or Named Plaintiff is material and constitutes immediate and irreparable harm to Defendant. Upon the material breach of any provision of this Settlement Agreement by any Settlement Class Member or Named Plaintiff, such person shall become liable to Defendant without regard to proof of actual damages for the full amount such person received from the Settlement Fund, in addition and without prejudice to any other damages to which Defendant may be entitled.

      12.     <u>Return or Destruction of Discovery Materials</u>.

      With respect to any discovery materials, the Parties shall, at their option, either destroy or return to the producing Party all confidential discovery materials within thirty (30) days of the Effective Date. If Named Plaintiffs or Defendant elect to destroy rather than return discovery materials, Class Counsel or Defendant's counsel shall attest to the destruction of such discovery

materials by transmitting a certificate in the form annexed as Exhibit H to the opposing Party's counsel at that opposing Party's request.

    13.    <u>Confidentiality and No Precedential Effect</u>

        a.    Defendant continues to maintain that no class can properly be certified under the governing Minnesota substantive and federal procedural law.  Defendant continues to maintain that Minnesota law requires each claimant asserting claims of the type contained in the Litigation individually to prove their respective claims and holds that proof of the claim for one claimant cannot be proof of a claim for any other claimant.  Defendant was reluctant to settle this case as a class action because of this position and the positions set forth in its motion to strike the class allegations that no class could properly be certified under the governing law.  However, despite the skepticism about the propriety of class certification expressed in the Court's order, its decision to deny the motion and allow discovery to proceed essentially put Defendant in a position where resolving the case at this juncture was a sound business decision.  Defendant certainly did not want to be in any worse position in terms of defending against class certification after this settlement than it was before it.  Thus, in order to entice Defendant to agree to a class settlement, Named Plaintiffs and Class Counsel have agreed to keep this settlement as confidential as the rules will allow.  Further, Class Counsel and Named Plaintiffs hereby agree not to (and, as a condition of the settlement, the Settlement Class Members shall not) cite and are hereby barred from citing this settlement in the future in support of class certification.

        b.    Named Plaintiffs and Class Counsel shall not prepare a press release or otherwise publicly present on its website, any type of social media, or elsewhere either the existence of this settlement or the terms of this Settlement Agreement, except for class notices and court filings as required by the terms of this Settlement Agreement or the Court.

c.      In the event this Settlement Agreement is preliminarily approved by the Court and Class Counsel provides information about this Litigation as required by this Settlement Agreement on its webpage that will be provided in the Notice submitted to the Class, such website will be taken down immediately after the Effective Date and Class Counsel shall refrain from referencing this Litigation, the settlement, or this Settlement Agreement on their website(s).

d.      Sanimax USA, LLC shall not be mentioned by name in any information released to the public, except only as is necessary to facilitate the Court's approval of this Settlement Agreement, and as is necessary for the Parties to comply with the terms of the Settlement Agreement or order from the Court.

e.      Class Counsel cannot disclose either the existence of this settlement or the terms of the Settlement Agreement to any person or entity not a Party to this Settlement Agreement without prior written approval from Defendant.

f.      Under no circumstances shall this Settlement Agreement, or drafts thereof, whether or not executed or consummated, nor any of its terms and provisions or exhibits, nor any of the negotiations or proceedings connected with it, be used, referenced, or offered or received into evidence in any other action or proceeding of any nature, or any other administrative or regulatory proceedings of any sort, for any purpose whatsoever except to the extent necessary to respond to or defend against any claim arising from any alleged act or omission in connection with participation in this Litigation.

g.      Named Plaintiffs and Class Counsel shall cooperate with and support Defendant in any attempt keep the existence of this settlement and/or terms of this Settlement Agreement confidential and to preclude it from being cited or used as an admission or concession of any kind.

14.    <u>Miscellaneous Provisions</u>.

      a.     All exhibits attached to the Settlement Agreement are incorporated herein and each of which is a necessary part of the settlement.

      b.     Waiver by any Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.

      c.     This Settlement Agreement constitutes the entire agreement among the Parties, and no representations, warranties, or inducements other than those set forth herein have been made to any Party concerning this Settlement Agreement.  If finally approved by the Court, this Settlement Agreement supersedes any prior agreement or understanding among the Parties. No representations, warranties, inducements, promises, or agreements oral or otherwise not embodied or incorporated in this Settlement Agreement have been made concerning or in connection with this Settlement Agreement or the attached exhibits.  Any and all prior discussions, negotiations, agreements, commitments and understandings relating to this Settlement Agreement are superseded hereby and merged into this Settlement Agreement.

      d.     The terms or provisions of this Settlement Agreement may not be changed, waived, modified, or varied in any manner whatsoever, unless in writing duly signed by all Parties. Any such signed modification shall be with the consent of the Court without further notice to the Class unless the Court requires such additional notice.  Any failure by any Party to insist upon the strict performance by any other Party of any of the provisions of this Settlement Agreement shall not be deemed a waiver of any of its provisions, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Settlement Agreement to be performed by such other Party.

e.     Each of the counsel signing this Settlement Agreement on behalf of the Parties represents that he or she has authority from his or her client or clients to execute this Settlement Agreement on behalf of the client(s).

f.     This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one in the same document, provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves original signed counterparts.  Electronic or pdf copies of signatures shall be sufficient for purposes of demonstrating original signatures.

g.     This Settlement Agreement shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Parties, once it is approved by the Court and all other conditions have been met.

h.     Notices of breach or termination required by this Settlement Agreement shall be submitted either by e-mail, first class mail, overnight delivery, or in person to each Party signing this Settlement Agreement as follows:

| | |
|---|---|
| Defendant Sanimax USA, LLC | Settlement Class |
| c/o Stinson LLP | Laura L. Sheets |
| 1201 Walnut Street | Liddle & Dubin, P.C. |
| Suite 2900 | 975 E. Jefferson Avenue |
| Kansas City, MO 64106-2150 | Detroit, MI 48207 |
| Attn: Matthew J. Salzman | lsheets@ldclassaction.com |
| matt.salzman@stinson.com | |

i.     All terms of this Settlement Agreement shall be governed by and interpreted in accord with the Federal Rules of Civil Procedure and other federal law to the extent applicable, otherwise the law of the State of Minnesota shall govern without reference to conflict of laws. This Settlement Agreement shall be enforced solely in the Court.  Defendant and Plaintiffs waive any objection which each such Party may have or hereafter have to the venue of any such suit,

action, or proceeding and irrevocably consents to the jurisdiction of the Court in any such suit, action, or proceeding and agrees to accept and acknowledge service of any and all process which may be served in any such suit, action, or proceeding.

      j.     Without affecting the finality of the Order and Final Judgment to be entered upon this Settlement, the Court shall retain such continuing jurisdiction as is necessary and appropriate to enforce the settlement, and to administer the performance of the settlement in accord with its terms, including allowing or disallowing applications for attorneys' fees and other payments, determining and supervising distribution procedures related to the Settlement Fund, identifying Settlement Class Members and their respective interests, if any, in the Settlement Fund, sending notices to Settlement Class Members, reviewing disputes regarding claims submitted, and distributing the Settlement Fund.

      k.     Because of the arms-length negotiations described above, all Parties hereto have contributed substantially and materially to the preparation of this Settlement Agreement, which, therefore, may not be construed against the drafter of it or any portion of it.

      IN WITNESS WHEREOF, the Parties hereto respectively have executed this Settlement Agreement on the date next to their signatures.

Dated: _7/23/19_

By: _____
     Patricia Keech, Named Plaintiff

Dated: _____

By: _____
     David Newfield, Named Plaintiff

Dated: _____

By: _____
     STEVEN LIDDLE, ESQ., Counsel for Named Plaintiffs and the Settlement Class

Dated: _____

By: _____

-27-

action, or proceeding and irrevocably consents to the jurisdiction of the Court in any such suit, action, or proceeding and agrees to accept and acknowledge service of any and all process which may be served in any such suit, action, or proceeding.

    j.  Without affecting the finality of the Order and Final Judgment to be entered upon this Settlement, the Court shall retain such continuing jurisdiction as is necessary and appropriate to enforce the settlement, and to administer the performance of the settlement in accord with its terms, including allowing or disallowing applications for attorneys' fees and other payments, determining and supervising distribution procedures related to the Settlement Fund, identifying Settlement Class Members and their respective interests, if any, in the Settlement Fund, sending notices to Settlement Class Members, reviewing disputes regarding claims submitted, and distributing the Settlement Fund.

    k.  Because of the arms-length negotiations described above, all Parties hereto have contributed substantially and materially to the preparation of this Settlement Agreement, which, therefore, may not be construed against the drafter of it or any portion of it.

   IN WITNESS WHEREOF, the Parties hereto respectively have executed this Settlement Agreement on the date next to their signatures.

Dated: _____   By: _____
               Patricia Keech, Named Plaintiff

Dated: _5/6/19_____   By: _David Newfield_____
               David Newfield, Named Plaintiff

Dated: _____   By: _____
               STEVEN LIDDLE, ESQ., Counsel for
               Named Plaintiffs and the Settlement Class

Dated: _____   By: _____

-27-

CORE/3506444.0002/153286758.3

action, or proceeding and irrevocably consents to the jurisdiction of the Court in any such suit, action, or proceeding and agrees to accept and acknowledge service of any and all process which may be served in any such suit, action, or proceeding.

        j.    Without affecting the finality of the Order and Final Judgment to be entered upon this Settlement, the Court shall retain such continuing jurisdiction as is necessary and appropriate to enforce the settlement, and to administer the performance of the settlement in accord with its terms, including allowing or disallowing applications for attorneys' fees and other payments, determining and supervising distribution procedures related to the Settlement Fund, identifying Settlement Class Members and their respective interests, if any, in the Settlement Fund, sending notices to Settlement Class Members, reviewing disputes regarding claims submitted, and distributing the Settlement Fund.

        k.    Because of the arms-length negotiations described above, all Parties hereto have contributed substantially and materially to the preparation of this Settlement Agreement, which, therefore, may not be construed against the drafter of it or any portion of it.

        IN WITNESS WHEREOF, the Parties hereto respectively have executed this Settlement Agreement on the date next to their signatures.

Dated: _____    By: _____
                                 Patricia Keech, Named Plaintiff

Dated: _____    By: _____
                                 David Newfield, Named Plaintiff

Dated: _____    By: _____
                               STEVEN   LIDDLE,   ESQ.,   Counsel   for
                               Named Plaintiffs and the Settlement Class

Dated: _____    By: _____

-27-

LAURA L. SHEETS, ESQ., Counsel for
Named Plaintiffs and the Settlement Class

Dated: _8/6/19_          By: _Jeffrey S. Storms_
                              JEFFREY S. STORMS, ESQ., Counsel for
                              Named Plaintiffs and the Settlement Class

Dated: _____         Sanimax USA, LLC

                           By: _____

                           Title: _____

-28-

LAURA L. SHEETS, ESQ., Counsel for
Named Plaintiffs and the Settlement Class

Dated: _____        By: _____

JEFFREY S. STORMS, ESQ., Counsel for
Named Plaintiffs and the Settlement Class

Dated: _____        Sanimax USA, LLC

By: _____

Title: Martin Couture

-28-

## EXHIBITS

| | |
|---|---|
| Exhibit A | First Amended Complaint |
| Exhibit B | Class Area Map |
| Exhibit C | List of Resident Data Sheet Respondents |
| Exhibit D | Class Notice |
| Exhibit E | Claim Form |
| Exhibit F | [proposed] Preliminary Approval Order |
| Exhibit G | [proposed] Order and Final Judgment |
| Exhibit H | Destruction Certificate |

-29-

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

ANDREA HAMILTON, on behalf of          )
herself and all others similarly situated,   )
                                       )          Case No. 3:18-cv-0054-jdp
                        Plaintiff,     )
                                       )
v.                                     )
                                       )
3D IDAPRO SOLUTIONS, LLC,              )
                                       )
                        Defendant.     )

---

### PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

### INTRODUCTION

1.     Plaintiff brings this class action against the Defendant, 3D Idapro Solutions LLC, an industrial food dehydration and processing facility ("Defendant" or the "facility") located in Wisconsin Rapids, Wisconsin.  Through operation of its facility, Defendant releases noxious odors that invade Plaintiffs' property, causing property damage through negligence, gross negligence and nuisance for which Plaintiff seeks compensatory and punitive relief and injunctive relief not inconsistent with Defendant's federally and state enforced air permits.

### PARTIES

2.     At all times relevant hereto, Plaintiff, Andrea Hamilton, has resided and intended to remain at 540 13th Avenue North, City of Wisconsin Rapids, County of Wood, State of Wisconsin.  Plaintiff is an individual domiciled in Wisconsin; therefore, Plaintiff is a citizen of Wisconsin.

3.     Defendant, 3D Idapro Solutions LLC is a Limited Liability Company organized under the laws of Missouri with its registered agent being CT Corporation System, 301 S. Bedford St., Suite 1, Madison, WI 53703.

4.      Defendant's corporate activities are directed, controlled, and coordinated from its headquarters in Missouri.

5.      No member of Defendant's limited liability company is a citizen of Wisconsin.

6.      Defendant its agents, and its predecessors constructed, operate and maintain the container reconditioning facility located at 2721 Industrial Street, in the City of Wisconsin Rapids, County of Wood, State of Wisconsin.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because there are 100 or more Class Members and the aggregate amount in controversy exceeds Five Million Dollars ($5,000,000.00) exclusive of interest and costs.  Additionally, Class Members are citizens of a state different from the citizenship of at least one Defendant.

## GENERAL ALLEGATIONS

8.      Defendant operates an industrial food processing and dehydration plant where it dehydrates potatoes and other vegetables to produce food and pet food ingredients, organic fertilizers and blended products.  Through this process Defendant emits noxious odors into the adjacent residential community.

9.      Plaintiffs' property has been and continues to be physically invaded by noxious odors.

10.     The noxious odors which entered Plaintiffs' property originated from the facility, where they are generated as a result of Defendant's manufacturing process.

11.     Defendant, its predecessors and agents either constructed or directed the construction of the facility and exercised control and ownership over the facility.

1

12.    Defendant's facility, and specifically its emissions, has been the subject of frequent complaints from residents in the neighboring area.

13.    Residents of over 100 households have already communicated with Plaintiffs' counsel regarding their experiences with Defendant's emissions.

14.    The invasion of Plaintiffs' property by noxious odors has interfered with Plaintiffs' use and enjoyment of their property, resulting in damages in excess of $75,000.

15.    Defendant intentionally, recklessly, willfully, wantonly, maliciously, grossly and negligently failed to properly construct, maintain and operate the facility, and caused the invasion of Plaintiffs' property by noxious odors on intermittent and reoccurring dates.

16.    Defendant has a well-documented history of emitting noxious odors.  Examples include, but are not limited to the following:

A.  A May 5, 2017 Notice of Declaration of Public Nuisance issued to Defendant by the Wisconsin Rapids Community Development Department for "causing, permitting, and allowing the escape into the open air fumes and odors as to cause injury, detriment or nuisance; and therefore the City has declared such fumes and odors to be a public nuisance";

B.  A October 13, 2016 Notice of Violation issued to Defendant by the Wisconsin Rapids Ordinance Control Officers for the emission of noxious odors; and

C.  Several Odor Complaints attributed to Defendant's facility have been lodged with the Wisconsin Department of Natural Resources (DNR) and the City of Wisconsin Rapids by residents from the adjacent neighborhood community.

17.    A properly operated, maintained, and managed facility will collect, capture and destroy odorous compounds in order to prevent noxious emissions into the surrounding community.

18.    Defendant failed to install and maintain adequate technology to properly control its emissions of noxious odors, including but not limited to the following:

a.    failure to maintain, operate and/or install adequate odor scrubber(s) to limit

2

emissions of odors from its facility into the adjacent residential community;

b.      failure to maintain, operate and/or install its pressure pumps on its odor scrubber(s); and

c.      failure to maintain, operate and/or install a backup system to its odor scrubber.

## CLASS ALLEGATIONS

**A.**      **Definition of the Class**

19.      Plaintiffs bring this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to Federal Rule of Civil Procedure 23. Plaintiffs seek to represent a Class of persons preliminarily defined as:

> **All owner/occupants and renters of residential property residing within 1.5 miles of the facility's property boundary.**

The definitional boundary is subject to modification as discovery will disclose the location of all persons properly included in the Class ("Class Members"). Plaintiffs reserve the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

20.      This case is properly maintainable as a class action pursuant to and in accordance with Rule 23(a) of the Federal Rules of Civil Procedure in that:

a.      The class, which includes thousands of members, is so numerous that joinder of all members is impracticable;

b.      There are substantial questions of law and fact common to the class including those set forth in greater particularity herein;

c.      Questions of law and fact such as those enumerated below, which are all common to the class, predominate over any questions of law or fact affecting only individual members of the class;

d.      A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

e.      The relief sought in this class action will effectively and efficiently provide relief to all members of the class; and,

3

    f.     There are no unusual difficulties foreseen in the management of this class action.

    g.    Plaintiff, whose claims are typical of those of the Class, through experienced counsel, will zealously and adequately represent the Class.

**B.**    **Numerosity**

21.    The Class consists of thousands of members and therefore is so numerous that joinder is impracticable.

**C.**    **Commonality**

22.    Numerous common questions of law and fact predominate over any individual questions affecting Class Members, including, but not limited to the following:

    a.    whether and how Defendants intentionally, recklessly, willfully, wantonly, maliciously, grossly and negligently failed to construct, maintain and operate the facility;

    b.    whether Defendants owed any duties to Plaintiffs;

    c.    which duties Defendants owed to Plaintiffs;

    d.    which steps Defendants have and have not taken in order to control the emission of noxious odors through the construction, maintenance and operation of the facility;

    e.    whether and to what extent the facility's noxious odors were dispersed over the class area;

    f.    whether it was reasonably foreseeable that Defendants' failure to properly construct, maintain and operate the facility would result in an invasion of Plaintiffs' property interests;

    g.    whether the degree of harm suffered by Plaintiff and the class constitutes a substantial annoyance or interference; and

    h.    the proper measure of damages incurred by Plaintiff and the Class.

**D.**    **Typicality**

23.    Plaintiffs have the same interests in this matter as all the other members of the

4

Class, and their claims are typical of all members of the Class.  If brought and prosecuted individually, the claims of each Class member would require proof of many of the same material and substantive facts, utilize the same complex evidence including expert testimony, rely upon the same legal theories and seek the same type of relief.

24.    The claims of Plaintiffs and the other Class members have a common cause and their damages are of the same type.  The claims originate from the same failure of the Defendant to properly construct, maintain and operate the facility.

25.    All Class members have suffered injury in fact as a result of the invasion of their properties by noxious odors emitted from Defendant's facility, causing damage in the form of losses to property values.

**E.    Adequacy of Representation**

26.    Plaintiffs' claims are sufficiently aligned with the interests of the absent members of the Class to ensure that the Class claims will be prosecuted with diligence and care by Plaintiffs as representatives of the Class.  Plaintiffs will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class.

27.    Plaintiffs have retained the services of counsel who are experienced in complex class action litigation, and in particular class actions stemming from invasions of industrial emissions. Plaintiffs' counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiffs and all absent Class members.

**F.    Class Treatment Is the Superior Method of Adjudication**

28.    A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

5

a.     Individual claims by the Class members would be impracticable as the costs of pursuit would far exceed what any one Class member has at stake;

b.     Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class members are unlikely to have an interest in separately prosecuting and controlling individual actions;

c.     The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

d.     The proposed class action is manageable.

## CAUSES OF ACTION I

### NUISANCE

29.     Plaintiffs restate allegations 1 through 28 of this Complaint as if fully rewritten herein.

30.     The noxious odors, which entered Plaintiffs' property originated from the facility constructed, maintained and operated by Defendant.

31.     The noxious odors invading Plaintiffs' property are indecent and offensive to the senses, and obstruct the free use of their property so as to substantially and unreasonably interfere with the comfortable enjoyment of life and property.

32.     Defendant owed and continues to owe a duty to Plaintiffs to prevent and abate the interference with the invasion of the private interests of the Plaintiffs.

33.     By constructing and then failing to reasonably repair and maintain its facility, Defendant has intentionally and negligently caused an unreasonable invasion of Plaintiffs' interest in the use and enjoyment of their property.

34.     As a foreseeable, direct and proximate result of the foregoing conduct of

6

Defendant, Plaintiffs suffered injuries and damages to their property as alleged herein.

35.     Plaintiffs did not consent to the invasion of their property by noxious odors.

36.     By causing noxious odors produced and controlled by Defendant to physically invade Plaintiffs' land and property, Defendant intentionally, recklessly, and negligently created a nuisance which substantially and unreasonably interfered with Plaintiffs' use and enjoyment of their property.

37.     Whatever social utility Defendant's facility provides is clearly outweighed by the harm suffered by the Plaintiffs and the putative class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have been forced to endure substantial loss in the value of their properties.

38.     Defendant's substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property constitutes a nuisance for which Defendant is liable to Plaintiffs for all damages arising from such nuisance, including compensatory, exemplary, injunctive and punitive relief since Defendant's actions were, and continue to be, intentional, willful, malicious and made with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to compensatory and punitive damages.

## CAUSES OF ACTION III AND IV

### NEGLIGENCE AND GROSS NEGLIGENCE

39.     Plaintiffs restate allegations 1 through 38 of this Complaint as if fully rewritten herein.

40.     Defendant negligently and improperly constructed, maintained and operated the facility such that it caused the invasion of noxious odors onto Plaintiffs' homes, land, and property on occasions too numerous to mention,

7

41.     As a direct and proximate result of Defendant's negligence and gross negligence in constructing, maintaining and operating the facility, Plaintiffs' property, on occasions too numerous to mention, was invaded by noxious odors.

42.     As a further direct and proximate result of the foregoing conduct of the Defendant, Plaintiffs suffered damages to their property as alleged herein.

43.     The invasion and subsequent damages suffered by Plaintiffs were reasonably foreseeable by the Defendant.

44.     By failing to properly construct, maintain and operate its facility, Defendant failed to exercise the duty of ordinary care and diligence, which it owes to Plaintiffs, so noxious odors would not invade Plaintiffs' property.

45.     A properly constructed, operated, and maintained facility will not emit noxious odors into neighboring residential areas.

46.     By failing to construct, maintain and operate its facility, Defendant has intentionally caused the invasion of Plaintiffs' property by noxious odors.

47.     Defendant knowingly breached its duty to exercise ordinary care and diligence when it improperly constructed, maintained and operated the facility and knew, or should have known upon reasonable inspection that such actions would cause Plaintiffs' property to be invaded by noxious odors.

48.     As a direct and proximate result of the failure of Defendant to exercise ordinary care, Plaintiffs' residences were invaded by noxious odors causing and constituting damage to their properties.

49.     The conduct of Defendant in knowingly allowing conditions to exist which caused noxious odors to physically invade Plaintiffs' property constitutes gross negligence as it

8

demonstrates a substantial lack of concern for whether an injury resulted to Plaintiffs' property.

50.     Defendant's gross negligence was malicious and made with a wanton or reckless disregard for the property of Plaintiffs, which entitles Plaintiffs to an award of compensatory, exemplary, and punitive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, pray for judgment as follows:

A.      Certification of the proposed Class pursuant to Federal Rule of Civil Procedure 23;

B.      Designation of Plaintiffs as representatives of the proposed Class and designation of their counsel as Class Counsel;

C.      Judgment in favor of Plaintiffs and the Class members and against Defendant;

D.      Award Plaintiffs and the Class members compensatory and punitive damages, and attorneys' fees and costs, including pre-judgment and post-judgment interest thereupon;

E.      Injunctive relief not inconsistent with Defendant's Federal and State Air Permits.

F.      An Order holding that entrance of the aforementioned noxious odors upon Plaintiffs' property constituted a nuisance;

G.      Such further relief as the Court deems just and proper.

9

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury.

Dated: October 30, 2018                          Respectfully Submitted:

                                                 */s / Brandon T. Brown*
                                                 Laura L. Sheets
                                                 Brandon T. Brown
                                                 *Pro Hac Vice Applications to be submitted*
                                                 LIDDLE & DUBIN, P.C.
                                                 975 E. Jefferson Avenue
                                                 Detroit, MI 48207
                                                 lsheets@ldclassaction.com
                                                 bbrown@ldclassaction.com
                                                 Telephone: (313) 392-0015
                                                 Facsimile (313) 392-0025
                                                 *Attorneys for Plaintiffs*

                                                 Keith E. Tower
                                                 Warshafsky, Rotter, Tarnoff & Bloch, S.C.
                                                 839 N. Jefferson St., Suite 300
                                                 Milwaukee, WI 53202
                                                 Attorneys for Plaintiffs
                                                 T: (414) 276-4970
                                                 keitht@warshafsky.com

# EXHIBIT B



# EXHIBIT C

| Claimed Street No. | Claimed Street Name | Claimed Apt/Unit No. | Claimed City | Claimed State | Claimed Zip | Claimed address if different | Street No | Street Name | Apt | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 141 | 5th Ave N | Apt 4 | South Saint Paul | MN | 55075 | y | 1136 | Pacific St | | South Saint Paul | MN | 55106 |
| 490 | Villaume Ave | | South Saint Paul | MN | 55075 | y | 712 | Stewart Ln | | South Saint Paul | MN | 55075 |
| 359 | 4th Ave S | | South Saint Paul | MN | 55075 | n | 359 | 4th Ave S | | South Saint Paul | MN | 55075 |
| 636 | 1st Ave S | | South Saint Paul | MN | 55075 | n | 636 | 1st Ave S | | South Saint Paul | MN | 55075 |
| 328 | 2nd Ave S | | South Saint Paul | MN | 55075 | n | 328 | 2nd Ave S | | South Saint Paul | MN | 55075 |
| 820 | 2nd Ave S | | South Saint Paul | MN | 55075 | n | 820 | 2nd Ave S | | South Saint Paul | MN | 55075 |
| 321 | 5th Ave S | | South Saint Paul | MN | 55075 | n | 321 | 5th Ave S | | South Saint Paul | MN | 55075 |
| 1735 | 1st Ave | | Newport | MN | 55055 | n | 1735 | 1st Ave | | Newport | MN | 55055 |
| 655 | 11th Ave N | | South Saint Paul | MN | 55075 | n | 655 | 11th Ave N | | South Saint Paul | MN | 55075 |
| 223 | 5th Ave N | | South Saint Paul | MN | 55075 | n | 223 | 5th Ave N | | South Saint Paul | MN | 55075 |
| 433 | 9th Ave S | | South Saint Paul | MN | 55075 | n | 433 | 9th Ave S | | South Saint Paul | MN | 55075 |
| 331 | 7th Ave S | | South Saint Paul | MN | 55075 | n | 331 | 7th Ave S | | South Saint Paul | MN | 55075 |
| 454 | 4th Ave S | | South Saint Paul | MN | 55075 | n | 454 | 4th Ave S | | South Saint Paul | MN | 55075 |
| 521 | 2nd Ave S | | South Saint Paul | MN | 55075 | n | 521 | 2nd Ave S | | South Saint Paul | MN | 55075 |
| 324 | 13th Ave N | | South Saint Paul | MN | 55075 | n | 324 | 13th Ave N | | South Saint Paul | MN | 55075 |
| 414 | 8th Ave S | | South Saint Paul | MN | 55075 | n | 414 | 8th Ave S | | South Saint Paul | MN | 55075 |
| 616 | Turin Ave | | South Saint Paul | MN | 55075 | n | 616 | Turin Ave | | South Saint Paul | MN | 55075 |
| 4640 | Wild Canyon Dr | | Woodbury | MN | 55129 | n | 4640 | Wild Canyon Dr | | Woodbury | MN | 55129 |
| 201 | 5th Ave N | | South Saint Paul | MN | 55075 | n | 201 | 5th Ave N | | South Saint Paul | MN | 55075 |
| 131 | 13th Ave N | | South Saint Paul | MN | 55075 | n | 131 | 13th Ave N | | South Saint Paul | MN | 55075 |
| 628 | 9th Ave N | | South Saint Paul | MN | 55075 | n | 628 | 9th Ave N | | South Saint Paul | MN | 55075 |
| 1221 | Eldridge Ave | | South Saint Paul | MN | 55075 | n | 1221 | Eldridge Ave | | South Saint Paul | MN | 55075 |
| 218 | 13th Ave S | Ste 300 | South Saint Paul | MN | 55075 | n | 218 | 13th Ave S | Ste 300 | South Saint Paul | MN | 55075 |
| 252 | Poplar St E | | South Saint Paul | MN | 55075 | n | 252 | Poplar St E | | South Saint Paul | MN | 55075 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 639 | 1st Ave S | | South Saint Paul | MN | 55075 | 639 | 1st Ave S | | South Saint Paul | MN | 55075 |
| 139 | 11th Ave N | | South Saint Paul | MN | 55075 | 139 | 11th Ave N | | South Saint Paul | MN | 55075 |
| 259 | 11th Ave N | | South Saint Paul | MN | 55075 | 259 | 11th Ave N | | South Saint Paul | MN | 55075 |
| 629 | 2nd Ave S | | South Saint Paul | MN | 55075 | 629 | 2nd Ave S | | South Saint Paul | MN | 55075 |
| 360 | 11th St | | Newport | MN | 55055 | 360 | 11th St | | Newport | MN | 55055 |
| 125 | 17th St | | Newport | MN | 55055 | 125 | 17th St | | Newport | MN | 55055 |
| 128 | 7th Ave S | | South Saint Paul | MN | 55075 | 128 | 7th Ave S | | South Saint Paul | MN | 55075 |
| 701 | Wentworth Ave | | South Saint Paul | MN | 55075 | 701 | Wentworth Ave | | South Saint Paul | MN | 55075 |
| 648 | 4th Ave S | | South Saint Paul | MN | 55075 | 648 | 4th Ave S | | South Saint Paul | MN | 55075 |
| 312 | 1st Ave S | | South Saint Paul | MN | 55075 | 312 | 1st Ave S | | South Saint Paul | MN | 55075 |
| 648 | 3rd Ave S | | South Saint Paul | MN | 55075 | 648 | 3rd Ave S | | South Saint Paul | MN | 55075 |
| 832 | Park Ln | | South Saint Paul | MN | 55075 | 832 | Park Ln | | South Saint Paul | MN | 55075 |
| 946 | 15th Ave N | | South Saint Paul | MN | 55075 | 946 | 15th Ave N | | South Saint Paul | MN | 55075 |
| 859 | 6th Ave S | | South Saint Paul | MN | 55075 | 859 | 6th Ave S | | South Saint Paul | MN | 55075 |
| 738 | 6th Ave S | | South Saint Paul | MN | 55075 | 738 | 6th Ave S | | South Saint Paul | MN | 55075 |
| 719 | 8th Ave S | | South Saint Paul | MN | 55075 | 719 | 8th Ave S | | South Saint Paul | MN | 55075 |
| 626 | 7th Ave S | | South Saint Paul | MN | 55075 | 626 | 7th Ave S | | South Saint Paul | MN | 55075 |
| 100 | 4th Ave N | Unit 211 | South Saint Paul | MN | 55075 | 100 | 4th Ave N | Unit 211 | South Saint Paul | MN | 55075 |
| 623 | 5th Ave S | | South Saint Paul | MN | 55075 | 623 | 5th Ave S | | South Saint Paul | MN | 55075 |
| 140 | 10th Ave S | | South Saint Paul | MN | 55075 | 140 | 10th Ave S | | South Saint Paul | MN | 55075 |
| 242 | 1st Ave S | | South Saint Paul | MN | 55075 | 242 | 1st Ave S | | South Saint Paul | MN | 55075 |
| 591 | 2nd Ave | | Newport | MN | 55055 | 591 | 2nd Ave | | Newport | MN | 55055 |
| 645 | 2nd Ave | | Newport | MN | 55055 | 645 | 2nd Ave | | Newport | MN | 55055 |
| 1543 | 2nd Ave | | Newport | MN | 55055 | 1543 | 2nd Ave | | Newport | MN | 55055 |
| 1560 | 2nd Ave | | Newport | MN | 55055 | 1560 | 2nd Ave | | Newport | MN | 55055 |
| 1636 | 2nd Ave | | Newport | MN | 55055 | 1636 | 2nd Ave | | Newport | MN | 55055 |
| 1646 | 2nd Ave | | Newport | MN | 55055 | 1646 | 2nd Ave | | Newport | MN | 55055 |
| 1711 | 2nd Ave | | Newport | MN | 55055 | 1711 | 2nd Ave | | Newport | MN | 55055 |
| 1827 | 2nd Ave | | Newport | MN | 55055 | 1827 | 2nd Ave | | Newport | MN | 55055 |
| 712 | Stewart Ln | | South Saint Paul | MN | 55075 | 712 | Stewart Ln | | South Saint Paul | MN | 55075 |
| 510 | 8th Ave S | | South Saint Paul | MN | 55075 | 510 | 8th Ave S | | South Saint Paul | MN | 55075 |
| 139 | Concord Exchange S | | South Saint Paul | MN | 55075 | 139 | Concord Exchange S | | South Saint Paul | MN | 55075 |
| 458 | 4th Ave S | | South Saint Paul | MN | 55075 | 458 | 4th Ave S | | South Saint Paul | MN | 55075 |
| 245 | Macarthur St W | | South Saint Paul | MN | 55075 | 245 | Macarthur St W | | South Saint Paul | MN | 55075 |

| | | | | | |
|---|---|---|---|---|---|
| 132 | 3rd Ave S | | South Saint Paul | MN | 55075 |
| 1790 | 1st Ave | | Newport | MN | 55055 |
| 534 | 3rd Ave S | | South Saint Paul | MN | 55075 |
| 723 | 1st Ave S | | South Saint Paul | MN | 55075 |
| 290 | 3rd Ave | | Newport | MN | 55055 |
| 1637 | 3rd Ave | | Newport | MN | 55055 |
| 1740 | 3rd Ave | | Newport | MN | 55055 |
| 1777 | 3rd Ave | | Newport | MN | 55055 |
| 1811 | 3rd Ave | | Newport | MN | 55055 |
| 428 | 3rd Ave S | | South Saint Paul | MN | 55075 |
| 847 | 1st Ave S | | South Saint Paul | MN | 55075 |
| 616 | 4th Ave S | | South Saint Paul | MN | 55075 |
| 628 | Turin Ave | | South Saint Paul | MN | 55075 |
| 140 | 3rd Ave S | | South Saint Paul | MN | 55075 |
| 653 | 9th Ave S | | South Saint Paul | MN | 55075 |
| 229 | 9th Ave N | | South Saint Paul | MN | 55075 |
| 841 | 3rd Ave S | | South Saint Paul | MN | 55075 |
| 508 | 1st Ave S | | South Saint Paul | MN | 55075 |
| 505 | 7th Ave S | | South Saint Paul | MN | 55075 |
| 139 | 9th St S | | South Saint Paul | MN | 55075 |
| 497 | 4th Ave | | Newport | MN | 55055 |
| 1681 | 4th Ave | | Newport | MN | 55055 |
| 1835 | 4th Ave | | Newport | MN | 55055 |
| 234 | Douglas St E | | South Saint Paul | MN | 55075 |
| 253 | 4th Ave N | | South Saint Paul | MN | 55075 |
| 541 | 3rd Ave S | | South Saint Paul | MN | 55075 |
| 212 | 4th Ave S | | South Saint Paul | MN | 55075 |
| 316 | 1st Ave S | | South Saint Paul | MN | 55075 |
| 2760 | 46th St E | | South Saint Paul | MN | 55075 |
| 200 | 1st Ave S | Apt 4 | South Saint Paul | MN | 55075 |
| 257 | 4th Ave S | | South Saint Paul | MN | 55075 |
| 580 | 13th St | | Newport | MN | 55055 |
| 307 | 1st Ave S | | South Saint Paul | MN | 55075 |
| 321 | 2nd Ave S | | South Saint Paul | MN | 55075 |

| No. | Street | Apt | City | State | Zip |
|---|---|---|---|---|---|
| 823 | 4th Ave S | | South Saint Paul | MN | 55075 |
| 570 | 4th St | | Newport | MN | 55055 |
| 132 | 4th Ave N | Apt 3 | South Saint Paul | MN | 55075 |
| 801 | 4th Ave S | | South Saint Paul | MN | 55075 |
| 1200 | Eldridge Ave | | South Saint Paul | MN | 55075 |
| 645 | 5th Ave | | Newport | MN | 55055 |
| 1159 | 5th Ave | | Newport | MN | 55055 |
| 1285 | 5th Ave | | Newport | MN | 55055 |
| 739 | 20th Ave N | | South Saint Paul | MN | 55075 |
| 604 | Turin Ave | | South Saint Paul | MN | 55075 |
| 325 | 5th Ave N | | South Saint Paul | MN | 55075 |
| 335 | 5th Ave N | | South Saint Paul | MN | 55075 |
| 114 | 5th Ave N | | South Saint Paul | MN | 55075 |
| 203 | E Spruce St | | South Saint Paul | MN | 55075 |
| 610 | Wentworth Ave | | South Saint Paul | MN | 55075 |
| 256 | 11th Ave S | | South Saint Paul | MN | 55075 |
| 523 | 9th Ave S | | South Saint Paul | MN | 55075 |
| 940 | 6th Ave | | Newport | MN | 55055 |
| 209 | 6th Ave S | | South Saint Paul | MN | 55075 |
| 119 | Southview Blvd | Apt 5 | South Saint Paul | MN | 55075 |
| 531 | 1st Ave S | | South Saint Paul | MN | 55075 |
| 527 | 1st Ave S | | South Saint Paul | MN | 55075 |
| 4886 | Bitterman Path | | Inver Grove Heights | MN | 55076 |
| 644 | 1st Ave S | | South Saint Paul | MN | 55075 |
| 818 | 8th Ave S | | South Saint Paul | MN | 55075 |
| 854 | 5th Ave S | | South Saint Paul | MN | 55075 |
| 123 | 5th Ave S | | South Saint Paul | MN | 55075 |
| 635 | 7th Ave | | Newport | MN | 55055 |
| 1158 | Southview Blvd | | South Saint Paul | MN | 55075 |
| 232 | Douglas St E | | South Saint Paul | MN | 55075 |
| 441 | 4th Ave S | | South Saint Paul | MN | 55075 |
| 1329 | 6th Ave S | | South Saint Paul | MN | 55075 |
| 241 | 9th St S | | South Saint Paul | MN | 55075 |
| 258 | Douglas St E | | South Saint Paul | MN | 55075 |

| | Street | Apt/Unit | City | State | Zip |
|---|---|---|---|---|---|
| 222 | Dale St E | | South Saint Paul | MN | 55075 |
| 461 | 12th St | | Newport | MN | 55055 |
| 257 | 3rd Ave S | | South Saint Paul | MN | 55075 |
| 104 | 8th Ave N | | South Saint Paul | MN | 55075 |
| 746 | 9th Ave S | | South Saint Paul | MN | 55075 |
| 105 | Park St E | Apt 2b | South Saint Paul | MN | 55075 |
| 100 | 4th Ave N | Unit 309 | South Saint Paul | MN | 55075 |
| 110 | 14th Ave N | | South Saint Paul | MN | 55075 |
| 340 | 5th Ave S | | South Saint Paul | MN | 55075 |
| 1020 | Bailey Rd | | Newport | MN | 55055 |
| 226 | 13th Ave N | | South Saint Paul | MN | 55075 |
| 820 | 7th Ave S | | South Saint Paul | MN | 55075 |
| 101 | Bridgepoint Way | # 130 | South Saint Paul | MN | 55075 |
| 621 | 1st Ave S | Apt 6 | South Saint Paul | MN | 55075 |
| 300 | 3rd Ave S | | South Saint Paul | MN | 55075 |
| 924 | 8th Ave S | | South Saint Paul | MN | 55075 |
| 654 | 1st Ave S | | South Saint Paul | MN | 55075 |
| 654 | 1st Ave S | Apt 4 | South Saint Paul | MN | 55075 |
| 1108 | Dwayne St | | South Saint Paul | MN | 55075 |
| 229 | E Spruce St | | South Saint Paul | MN | 55075 |
| 609 | 6th Ave S | | South Saint Paul | MN | 55075 |
| 1049 | 6th Ave S | | South Saint Paul | MN | 55075 |
| 206 | E Spruce St | | South Saint Paul | MN | 55075 |
| 237 | 7th Ave S | | South Saint Paul | MN | 55075 |
| 1747 | Humboldt Ave | | West Saint Paul | MN | 55075 |
| 4886 | Bitterman Path | | Inver Grove Heights | MN | 55076 |
| 211 | Park Pl | | Newport | MN | 55055 |
| 136 | 8th Ave S | | South Saint Paul | MN | 55075 |
| 1651 | 11th Av | | Newport | MN | 55055 |
| 218 | 13th Ave S | | South Saint Paul | MN | 55075 |
| 432 | 1st Ave S | | South Saint Paul | MN | 55075 |
| 112 | 10th Ave S | | South Saint Paul | MN | 55075 |
| 256 | Poplar St W | | South Saint Paul | MN | 55075 |
| 204 | 5th Ave N | Apt 1 | South Saint Paul | MN | 55075 |

| | | | |
|---|---|---|---|
| 511 Stewart Ave | South Saint Paul | MN | 55075 |
| 340 1st Ave S | South Saint Paul | MN | 55075 |
| 1123 Syndicate Ave | South Saint Paul | MN | 55075 |
| 624 2nd Ave S | South Saint Paul | MN | 55075 |
| 92 20th St | Newport | MN | 55055 |
| 433 10th Ave S | South Saint Paul | MN | 55075 |
| 19 W Wentworth Ave | West Saint Paul | MN | 55075 |
| 141 3rd Ave S | South Saint Paul | MN | 55075 |
| 1999 3rd Ave | Newport | MN | 55055 |
| 628 2nd Ave S | South Saint Paul | MN | 55075 |
| 1911 3rd Ave | Newport | MN | 55055 |
| 7995 96th St | Cottage Grove | MN | 55016 |

| | | | | |
|---|---|---|---|---|
| 511 Stewart Ave | n | South Saint Paul | MN | 55075 |
| 340 1st Ave S | n | South Saint Paul | MN | 55075 |
| 1123 Syndicate Ave | n | South Saint Paul | MN | 55075 |
| 624 2nd Ave S | n | South Saint Paul | MN | 55075 |
| 92 20th St | n | Newport | MN | 55055 |
| 433 10th Ave S | n | South Saint Paul | MN | 55075 |
| 19 W Wentworth Ave | n | West Saint Paul | MN | 55075 |
| 141 3rd Ave S | n | South Saint Paul | MN | 55075 |
| 1999 3rd Ave | n | Newport | MN | 55055 |
| 628 2nd Ave S | n | South Saint Paul | MN | 55075 |
| 1911 3rd Ave | n | Newport | MN | 55055 |
| 7995 96th St | n | Cottage Grove | MN | 55016 |

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

## NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT

**If you owned or occupied residential property located within two miles of 505 Hardman Avenue, South St. Paul, Minnesota at any point in time on or after March 12, 2012, or if you submitted a residential data sheet concerning odors or emissions from South St. Paul to Liddle & Dubin, P.C. (Class Counsel) on or before July 15, 2019, you may be a Settlement Class Member.**

## _Please read this Notice carefully, as it affects your legal rights._

(A federal Court authorized this notice.  This is <u>not</u> a solicitation from a lawyer.)

- A proposed settlement has been reached with Sanimax USA,LLC ("Defendant"), the owner and operator of a rendering facility located at 505 Hardman Avenue, South St. Paul, Minnesota ("Facility") to resolve claims brought by Named Plaintiffs on behalf of a proposed class relating to the alleged emission of pollutants, air contaminants, and noxious odors ("emissions") from the Facility. The proposed settlement has been memorialized in a written agreement between the parties (the "Settlement Agreement").
- If approved by the Court, the Settlement Agreement requires the Defendant to pay $750,000 into a fund (the "Settlement Fund") for the benefit and advantage of the Settlement Class Members, meaning all who participate in and are bound by the proposed settlement, as further defined by the Settlement Agreement. The Settlement Agreement also requires Defendant to spend at least $450,000 over the next four or more years on various improvement measures to help minimize the impact of emissions from the Facility.
- This Class Notice explains the proposed settlement, your rights, the available benefits, and how to get them. As a potential Settlement Class Member you have various options that you may exercise before the Court decides whether to approve the proposed settlement.

| Your Legal Rights and Options in this Settlement | |
|---|---|
| **MAKE A CLAIM FOR COMPENSATION** | Complete the attached Claim Form and submit it with the requested documentation to Class Counsel no later than_____. You will be bound by the terms of the Settlement Agreement, and you will have released Defendant from any and all Released Claims as defined in the Settlement Agreement. |
| **E̲XCLUDE Y̲OURSELF** | If you exclude yourself, you will <u>no longer</u> be a Settlement Class Member.  This means that you will not be eligible for the benefits or relief in the Settlement.  It also means that you will be responsible for pursuing your own claim(s) if you want to do so.  You must strictly follow the procedures outlined below and request exclusion no later than_____. |
| **OBJECT** | Write to the Court about why you do not like the Settlement.  You must strictly follow the procedures outlined below for objecting, and you must file your written objection no later than_____.  If the settlement is approved, you will be bound by it, and you will have released Defendant from any and all Released Claims as defined in the Settlement Agreement. |
| **DO NOTHING** | You will be bound by the terms of the Settlement Agreement and you will have released Defendant from any and all Released Claims as defined in the Settlement Agreement. |

1. **WHAT IS THIS NOTICE ABOUT?** This Class Notice is to inform you of the proposed settlement of a class action lawsuit against Sanimax USA LLC ("Defendant"). The lawsuit is pending in the United States District Court for the District of Minnesota. This Notice is given by Order of the Honorable John R. Tunheim, United States District Judge. It summarizes your rights as set forth in the Settlement Agreement.

2. **WHAT IS THE LAWSUIT ABOUT?** The lawsuit (*Keech, et al. v. Sanimax USA, LLC*, District of Minnesota Case No: 18-cv-00683-JRT-HB) was filed on March 12, 2018, concerning the alleged emission of pollutants, air contaminants, and noxious odors from the Defendant's rendering facility at 505 Hardman Avenue, City of South St. Paul, Minnesota (the "Facility"). The lawsuit alleges that at least certain emissions in the area surrounding the Facility occurred because of Defendant's conduct. The Named Plaintiffs who filed the lawsuit allege that these emissions have interfered with their ability to use and enjoy their homes. Defendant has vigorously denied and continues to deny all claims of wrongdoing and liability. Among other things, Defendant maintains that even if emissions have occurred or are occurring, that they are consistent with the current and historical industrial nature of the surrounding community in the South St. Paul stockyard district, and Defendant points to several other sources of emissions.

3. **WHY IS THE CLASS ACTION BEING SETTLED?** The Court did not decide in favor of Plaintiffs or the Defendant. Instead, all sides agreed to settle the claims asserted in the lawsuit to avoid the cost and risk of litigation. The proposed settlement does not mean that any law was broken or that the Defendant did anything wrong. The Defendant denies all legal claims in this case. The Named Plaintiffs and their attorneys, the Class Counsel, believe that the proposed settlement is in the best interest of all Settlement Class Members.

4. **HOW DO I KNOW IF I'M PART OF THE PROPOSED SETTLEMENT?** The Court has decided that the Settlement Class will include all owners os occupiers of residential property located within a two mile radius of the Defendant's Facility at 505 Hardman Avenue, South St. Paul, Minnesota, at any point in time from March 12, 2012 to the present (the "Class Period"), *and* all owners or occupiers of residential property who submitted a residential data sheet to Class Counsel on or before July 15,2019 concerning odors or emissions from South St. Paul. If the Court approves the settlement, the Class Period will continue until the date the Court's approval of the proposed settlement becomes final and non-appealable.

5. **SUMMARY OF THE PROPOSED SETTLEMENT:** If the Settlement Agreement is approved by the Court, the Defendant will pay the total amount of $750,000 into the Settlement Fund for the benefit of all Settlement Class Members, each of whom will release his or her claims against Defendant. After the deduction of any court-approved payments (a) to Class Counsel for attorneys' fees and the costs and expenses incurred in the case and (b) to the Named Plaintiffs for bringing the lawsuit on behalf of the Settlement Class, the Settlement Fund will be evenly distributed to the households of all Settlement Class Members who submit a Claim Form approved by Class Counsel. The Defendant also will spend at least $450,000 on various improvement measures to address emissions from the Facility, including installing a new venturi/scrubber system. This investment is anticipated to require governmental permits and potential construction or renovation of the Facility, all of which is expected to be completed in two to four years following court approval of the proposed settlement.

6. **WHO ARE THE LAWYERS FOR THE SETTLEMENT CLASS AND HOW WILL THEY BE PAID?** The Court has appointed the following attorneys to represent you and the other Settlement Class Members: Steven D. Liddle and Laura L. Sheets of Liddle & Dubin, P.C., 975 E. Jefferson Ave., Detroit, MI 48207 and Jeffrey S. Storms of Newmark Storms Dworak LCC, 100 South Fifth St., Ste. 2100, Minneapolis, MN 55402 ("Class Counsel). Class Counsel has prosecuted this case on a contingency basis. At the Settlement Fairness Hearing, Class Counsel will be seeking the approval of the Settlement Agreement and requesting the Court for an award of attorneys' fees, costs and expenses up to, but not to exceed $300,000 from the Settlement Fund. Class Counsel and Named Plaintiffs also will seek approval of a $1,500 payment to each of the two Named Plaintiffs (for a total of $3,000) from the Settlement Fund for their efforts in representing the Settlement Class.

-38-

You may contact Class Counsel at (800) 536-0045 or info@ldclassaction.com. You do not need to hire your own lawyer because Class Counsel is working on your behalf. If you want your own lawyer, you may hire one at your own expense.

7. **CAN I GET PAID AND, IF SO, HOW MUCH?** Each Settlement Class Member who participates in the settlement may submit an attached Claim Form on or before _____. If approved by Class Counsel, submission of the Claim Form will permit the Settlement Class Member's household to share, pro rata, in the Settlement Fund. The actual amount of each payment to each household will be the amount of the Settlement Fund remaining after the court-approved payments to Class Counsel and Named Plaintiffs divided by the number of households of the Settlement Class that submit Claim Forms approved by Class Counsel, with a maximum distribution to each household being $1,000. Any funds remaining in the Settlement Fund following the distributions to the Settlement Class Members will be spent on one or more community projects in the City of South St. Paul. If you do not submit a Claim Form, or if your submission is incomplete and not approved you will not be entitled to any cash compensation from the Settlement Fund.

8. **WHAT AM I GIVING UP TO STAY IN THE SETTLEMENT CLASS?** If the proposed settlement is ultimately approved by the Court, in exchange for everything Defendant is doing, each Settlement Class Member will release certain claims he or she may have against Defendant and all related people and entities arising after the beginning of the Class Period (March 12, 2012) until Defendant has completed the installing the improvement measures, which is anticipated to take two to four years after the Court finally approves the proposed settlement. As set forth more fully in the Settlement Agreement, the claims being released include anything related to or arising from the conduct alleged in the lawsuit, including claims concerning any emission of pollutants, air contaminants, or noxious odors from the Facility, except that nothing in the proposed settlement requires the release of any claim for medical harm or personal injuries.

9. **HOW DO I REQUEST TO BE EXCLUDED FROM THIS PROPOSED SETTLEMENT?** If you are a Settlement Class Member and if the Settlement Agreement is approved by the Court, then you will be bound by the terms of the Settlement Agreement unless you submit a request to be excluded. If you exclude yourself, Class Counsel will no longer be representing you and you much pursue your own claims if you so choose. You will also not be entitled to any of the benefits provided by the settlement, and you will have no standing or ability to participate in the approval process or object to the settlement.

   To exclude yourself from the proposed settlement, you must mail a written request for exclusion to Class Counsel at the following address: Liddle & Dubin, P.C. Attn: Sanimax Opt-Outs 975 E. Jefferson Ave. Detroit, MI 48207. This request for exclusion must be postmarked no later than _____. The request for exclusion must be in writing and contain the following: (a) the caption or other identification of the lawsuit at the top of the first page with the phrase "Request for Exclusion" underneath it; (b) the potential Settlement Class Member's full name, street address, email address, and telephone number; (c) the following statement requesting exclusion:
   "I do not want to be a member of the Settlement Class in *Patricia Keech, et al. v. Sanimax USA, LLC*, Case No. 18-cv-00683-JRT-HB, United States District Court for the District of Minnesota. I understand that I will not participate in or receive any monetary benefit of the proposed settlement. I also understand that, if I want to pursue any right or claim I may have, it will be my responsibility to do so at my own expense."
   and (d) be signed by the potential  Settlement Class Member seeking to be excluded from the proposed settlement. In order to be a valid request for exclusion, you must also provide a copy of a driver's license or state identification card. Any potential Settlement Class Member's request for exclusion that does not meet these requirements is deemed invalid and ineffective and the potential Settlement Class Member will be considered included as part of the Settlement Class for purposes of the proposed settlement.

10. **HOW DO I TELL THE COURT THAT I LIKE OR OBJECT TO THE PROPOSED SETTLEMENT?** If you are a potential Settlement Class Member and you do not properly request to be excluded, you can tell the Court you like the proposed settlement and that it

-39-

should be approved, or that you object to the proposed settlement or any particular part of it. Settlement Class Members desiring to stay the settlement ought to be approved or who wish to object must submit their comments in writing to Class Counsel at the following address:  Liddle & Dubin, P.C., Attn: Sanimax Objections, 975 E. Jefferson Ave. Detroit, MI 48207

Any objection must be postmarked no later than _____. You can submit an objection by yourself or, if you like, you can hire a lawyer to assist you. Objections must be in writing and contain the following: (a) the caption of the lawsuit at the top of the first page with the phrase "Notice of Objection" underneath it; (b) the Settlement Class Member's full name, address, and telephone number; (c) the name and address of each lawyer or other person assisting you in filing the objection, if any; (d) the reason, grounds, and basis for the objection, including any legal authority supporting the objection the Settlement Class Member would like the Court and other parties to consider; (e) the signature of the Settlement Class Member who is objecting; and (f) copies of all documents the Settlement Class Member intends to present to the Court in support of the  objection, if any. If an objection is submitted by someone purporting to represent a Settlement Class Member, in addition to the Settlement Class Member's signature the objection must attach sufficient documentation to support the person's legal authority to represent the Settlement Class Member. In order to be a valid objection, you must also provide a copy of a driver's license or state identification card.

Objections that do not meet the requirements set forth above will be deemed invalid and the Court will not consider them. Class Counsel and Defendant reserve the right to challenge the validity and grounds of any objection. If you do not submit a written objection in accordance with the deadline and procedure set forth above, you will waive your rights to be heard at the Settlement Fairness Hearing and to appeal from any order or judgment of the Court concerning the matter.

11.   WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE PROPOSED SETTLEMENT? The Court will hold a Settlement Fairness Hearing on _____, at _____ **a.m./p.m.** at the United States District Court for the District of Minnesota, 15 U.S. Courthouse, Courtroom ____, 300 South Fourth Street, Minneapolis, Minnesota 55415. At this hearing the Court will consider whether the Settlement Agreement and proposed settlement is a fair, reasonable, and adequate resolution of the lawsuit. If there are timely and properly submitted objections, the Court will consider them and any response the Parties may have. You do not have to attend the Settlement Fairness Hearing. Class Counsel will answer questions the Court may have. But, you are welcome to attend at your own expense provided you have not excluded yourself from the proposed settlement. If you timely and properly send an objection, you may attend the Settlement Fairness Hearing and talk about your objection, or you may have your own lawyer do so.  However, you do not have to attend even if you send an objection. As long as you timely and properly sent your written objection, the Court will consider it even if you do not attend.

12.   WHAT HAPPENS IF I DO NOTHING AT ALL? If you do nothing at all, and you are a Settlement Class Member, you will be bound by the proposed settlement if the Court approves it. You will release your claims and receive the benefit of the improvement measures Defendants will implement, but you will not receive any payment from the Settlement Fund.

13.   ARE MORE DETAILS ABOUT THE PROPOSED SETTLEMENT AND MY RIGHTS UNDER THE PROPOSED SETTLEMENT AVAILABLE? This Class Notice is a summary and does not describe all details of the Settlement Agreement or the proposed settlement.  More details are in the Settlement Agreement. For a complete, definitive statement of the terms of the Proposed Settlement, refer to the Settlement Agreement at www.ldclassaction.com/_____. You may also contact Class Counsel at (800) 536-0045 or info@ldclassaction.com for more details of the lawsuit.
**PLEASE DO NOT CONTACT THE COURT WITH QUESTIONS ABOUT THIS NOTICE.**

-40-

# EXHIBIT E

CORE/3506444.0002/153286758.3

# SANIMAX CLASS ACTION LAWSUIT CLAIM FORM

## GENERAL INSTRUCTIONS

1. **IN ORDER TO CLAIM COMPENSATION FROM THE SETTLEMENT, THIS CLAIM FORM MUST BE POSTMARKED BY _____ AND MUST BE FULLY COMPLETED, BE SIGNED UNDER OATH AND MEET ALL REQUIREMENTS OF THE SETTLEMENT AGREEMENT.**

2. If you wish to complete and return this Claim Form, you must timely mail it along with the requested documentation to: Liddle & Dubin, P.C., 975 E. Jefferson Ave., Detroit, MI 48207. If you fail to return a properly addressed, and fully completed Claim Form with all the requested documentation on or before the deadline, your claim likely will be rejected and you may be precluded from receiving any distribution from the Settlement Fund.

3. It is important that you completely read the Notice of Pendency of Class Action Settlement (the "Class Notice") that accompanies this Claim Form. The Class Notice contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read the Class Notice, including the terms of the releases described therein and provided for herein.

4. This Claim Form is directed to all Settlement Class Members as defined in the attached Class Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, FILED A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A CLAIM FORM. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER. THUS, IF YOU FILE A VALID REQUEST FOR EXCLUSION IN A TIMELY MANNER, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5. Submission of this Claim Form does not guarantee that you will share in the Settlement Fund. The distribution of the Settlement Fund is governed by the claim procedures set forth in the Settlement Agreement, if approved by the Court or such other plan of allocation as the Court approves.

6. You are required to submit genuine and sufficient documentation in response to the requests contained in this Claim Form. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS TO SUPPLY THESE REQUEST. THE LACK OF DOCUMENTATION MAY RESULT IN REJECTION OF YOUR CLAIM. DO **NOT** SEND ORIGINAL DOCUMENTS. Please keep a copy of all documents that you send to Class Counsel. No documents you submit with your Claim Form will be returned to you.

7. If the Court approves the Settlement Agreement and you or anyone in your household timely and properly completes and submits this Claim Form with the requested documentation and it is approved by Class Counsel, a check will be sent to your household for your payment from the Settlement Fund. You will then have one hundred and twenty (120) days from the date on the check to cash it. Any uncashed checks after that time will become null and void. If you or someone in your household fails to cash a check within that time, you and everyone else in your household will forever forfeit any claim to receive any payment from the Settlement Fund.
8. Type or print legibly in black ink.

## Claimant's Identity

| | |
|---|---|
| _____ | _____ |
| Your Full Name (please print) | Your Spouse's Full Name (please print) |
| | |
| _____ | _____ |
| Mailing address | Email Address |
| | |
| _____ | ( ____ ) _____ |
| City, State Zip | Daytime telephone number |

## Eligibility

Check all of the following that apply:

1. I own(ed) or occupy(ied) residential property within two miles of Defendant's rendering facility at 505 Hardman Avenue, South Saint Paul, Minnesota.  ☐ Yes    ☐ No

AND/OR

2. I submitted a residential data sheet to Class Counsel concerning odors or emissions from South St Paul on or before July 15, 2019 complaining of odors from the Defendant's facility.  ☐ Yes    ☐ No

## Claimed Address

1. Is your mailing address the same address that either is within two miles of Defendant's facility or the same address that you owned or occupied when you submitted a residential data sheet?  ☐ Yes    ☐ No

2. If no, please provide the address of the other address:

_____

## Proof of Identification

You must attach to your Claim Form a copy of a government-issued photo identification to establish your identity and current address.  Please mark the box that identifies the requested enclosed item:

☐ Driver's License

☐ State Identification Card

☐ Other government-issued photo identification sufficient to prove your identity

## Claimed Address Ownership and/or Occupancy Status

If you own(ed) or occupy(ied) residential property within the Class Area, mark the box that describes your interest in that property and attach the requested documents to your Claim Form.

☐ Owner  -  If marked, you *must* attach a copy of documentation of ownership such as a current utility bill

☐ Tenant  -  If marked, you *must* attach a copy of either a valid rental agreement or a current utility bill .

-43-

**Claimant's Certification**

By submitting this Claim Form and checking the boxes below, I declare under penalty of perjury that all responses in this Claim Form are true and accurate to the best of my knowledge.

**The following boxes must both be checked:**

☐ I have read the Class Notice that was sent with this Claim Form, I understand it, and I have had the opportunity to review the Settlement Agreement.

☐  I represent and warrant to the Defendant that, as of the date of my signature below, neither I nor anyone living with me in my household has been diagnosed with any sickness, illness, disease, or physical injury which may have been caused by emissions from the Defendant's facility.

☐ All information provided in this Claim Form and its attachments is true and correct.

Date: _____

Your signature: _____

Your fully completed Claim Form must be postmarked no later than _____
to Class Counsel at the following address:

**Liddle & Dubin, P.C.**
**Attn: Sanimax Claim Forms**
**975 E. Jefferson Ave.**
**Detroit MI 48207-3101**

-44-

# EXHIBIT F

CORE/3506444.0002/153286758.3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

PATRICIA KEECH and DAVID NEWFIELD,  )
on behalf of themselves and all others similarly  )
situated,  )
  )
      Plaintiffs,  )  Case No.: 18-cv-00683-JRT-HB
  )
vs.  )
  )
SANIMAX USA, LLC,  )
  )
      Defendants.  )

## [PROPOSED] PRELIMINARY APPROVAL ORDER

Named Plaintiffs, on behalf of themselves and the proposed Settlement Class, seek preliminary approval of the Settlement Agreement in its entirety and approval of the notice procedure, including without limitation conditional certification of the proposed Settlement Class and final approval of the proposed Class Notice (Settlement Agreement, Exhibit D), the proposed Claim Form (Settlement Agreement, Exhibit E), and all of the requirements for potential Class Members to either opt-out from or object to the settlement.

This Court, having reviewed the pleadings in the case and the submissions of the parties with respect to preliminary approval of the proposed Settlement Agreement, and for good cause shown;

IT IS HEREBY ORDERED, this _____ day of _____, 2019, that pursuant to Federal Rule of Civil Procedure 23(e):

1.    This Order incorporates by reference the definitions in the Settlement Agreement (a copy of which is attached), and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2.      The Settlement Agreement, together with its attached exhibits, sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of the class action Litigation against Defendant.  The Settlement Agreement was the result of extended good faith, arm's-length negotiations by the parties, including a mediation conducted with a neutral mediator, and continued negotiations thereafter.

3.      Pursuant to Rule 23, the Settlement Agreement and the proposed settlement provided for therein are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations of the Litigation, (b) free of collusion to the detriment of putative Settlement Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Settlement Fairness Hearing as described below.  Accordingly, the Settlement Agreement and the settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the settlement.

4.      If, for any reason, the Settlement Agreement is not finally approved or does not become effective, this provisional approval Order, including but not limited to the conditional Settlement Class certification, shall be null and void and automatically deemed vacated.  Neither the Settlement Agreement nor anything related to the negotiation, consideration, or approval of it shall be used, referred to, proffered, or admissible for any purpose in this Litigation or any other action or proceeding.  In such event, the parties and the putative Class Members shall be returned to the same litigation position that they were in prior to seeking preliminary approval of the Settlement Agreement, and they shall be free to raise all claims, defenses, and arguments as they would have been able to had they never negotiated or sought approval of the Settlement Agreement.  The parties must also promptly schedule a status conference to establish a new scheduling order for the continuation of the Litigation.

CORE/3506444.0002/153286758.3

5.    Solely for the purpose of settlement in accordance with the Settlement Agreement, this Court hereby conditionally certifies the following class (the "Settlement Class"):

> All current or former owners or occupiers of residential property located within a two mile radius of Defendant's facility at 505 Hardman Avenue, South Saint Paul, Minnesota, and all owners or occupiers of residential property outside of that radius who submitted a residential data sheet to Class Counsel on or before July 15, 2019 concerning odors or emissions from South St. Paul.

6.    The form, content, and procedures of notice to the putative Settlement Class Members as set forth in the Settlement Agreement, including but not limited to the direct mailings and internet postings, are approved.  The notices to be provided to the putative Settlement Class Members clearly, concisely, and in plain language advise them of, among other things, the nature of the Litigation, the proposed Settlement Agreement, the definition of the Settlement Class, the claims the Settlement Class would release, the consideration the Settlement Class would receive, Class Counsel's intended application for attorneys' fees and expenses and monetary awards for the Names Plaintiffs, putative Settlement Class Members' right to participate individually or through an attorney and object to the Settlement Agreement or any portion of it, putative Settlement Class Members' right to opt out and exclude themselves from the Settlement Agreement, and the binding nature of the Settlement Agreement if it is ultimately approved.  The notices to be provided to the putative Settlement Class Members are the best notice practicable under the circumstances, and constitute due and sufficient notice of the proposed Settlement Agreement and this Order to all persons affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Rule 23 and due process.

7.    Within fourteen (14) days of entry of this Order, (a) Class Counsel shall provide notice of the proposed Settlement Agreement and the Settlement Fairness Hearing to all Class Members by mailing to each identified putative Settlement Class Member via first class mail a

CORE/3506444.0002/153286758.3

copy of the Notice of Pendency of Class Action Settlement ("Class Notice"), substantially in the form as that document attached as Exhibit D to the Settlement Agreement, and (b) Class Counsel shall establish a page on its website where interested parties can access information about this Litigation and the proposed Settlement Agreement, including but not limited to copies of the Settlement Agreement and its exhibits (which include among other exhibits the First Amended Complaint, Class Notice, Claim Form, and the proposed Order and Final Judgment), a copy of the Court's ruling on Defendant's motion to strike class allegations, and a copy of this Preliminary Approval Order. That webpage shall remain accessible until the Effective Date, at which time Class Counsel shall cease hosting the webpage. At least seven (7) days prior to the Settlement Fairness Hearing, Class Counsel shall serve and file a sworn statement evidencing compliance with the provisions of this Order concerning the mailing of Class Notice and posting of the information and documentation on its website.

8.      As set forth the Settlement Agreement, costs and expenses for Administration of Settlement shall be paid by Class Counsel, to be reimbursed from the Settlement Fund subject to the Court's approval. In no event will Defendant be responsible for paying costs and expenses associated with the Administration of Settlement.

9.      Any putative Settlement Class Member wishing to be excluded from the Settlement Class shall mail an opt-out request to Class Counsel conforming in all respects to the terms and provisions of the Class Notice. Those who timely and properly do so shall neither participate in the settlement nor release his or her claims, and they forego (a) all of the benefits he or she might otherwise receive as a result of the settlement and (b) his or her standing to participate in the Settlement Fairness Hearing or object to the proposed Settlement Agreement or any portion of it. Failure to opt out in strict compliance with the time and manner requirements set forth in the Class

Notice shall result in waiver of the right to opt out.  All potential Settlement Class Members who either do not attempt to or fail to properly and timely opt out shall remain part of the Settlement Class and, to the extent the Settlement Agreement is ultimately approved, be bound by the settlement.

10.    The Class Notice shall designate Class Counsel as the entity to whom opt-out requests shall be sent.  Class Counsel shall be responsible for the receipt of all responses from putative Settlement Class Members and shall preserve all opt-out requests and any and all other written communications from putative Settlement Class Members or any other person in response to the Class Notice until Administration of the Settlement is complete or pursuant to further Order of this Court.  All written communications received from putative Settlement Class Members and all written responses to inquiries by them relating to the Settlement Agreement and settlement shall be available at all reasonable times for inspection and copying by counsel for Defendant, subject to further Order of the Court if issues of privilege or confidentiality arise.

11.    Within fourteen (14) days of the deadline for potential Settlement Class Members to opt out, Class Counsel shall provide copies of any and all opt-out notices received by it to counsel for Defendants.  At least seven (7) days prior to the Settlement Fairness Hearing, Class Counsel shall file with the Court a sworn statement listing all persons who properly have submitted timely requests for exclusion.  The originals of all opt-out notices shall be retained by Class Counsel.

12.    Any potential Settlement Class Member who does not attempt to or fails to properly and timely opt out of the Settlement Class may, but is not required to, enter an appearance either *pro se* or through counsel of said Settlement Class Member's own choosing and expense.  Any Settlement Class Member who does not enter a separate appearance shall be represented by Class

Counsel.  Settlement Class Members who are in favor of the proposed Settlement need not appear at the Settlement Fairness Hearing or take any other action to indicate their approval.

13.     Absent further order from the Court, any Settlement Class Member who will challenge or object to the fairness, reasonableness, or adequacy of the Settlement Agreement or any portion of the settlement, including without limitation the amount of Class Counsel's requested fees and expenses or the amount of Named Plaintiffs' incentive awards must remain part of the Settlement Class and must mail such Settlement Class Member's written objection to Class Counsel conforming in all respects to the terms and provisions of the Class Notice.  Within fourteen (14) days of the objection deadline, Class Counsel shall circulate copies of any and all such objections to Defendant's counsel.  Within seven (7) days of the Settlement Fairness Hearing, Class Counsel shall file all objections received with the Court.  Any objecting Settlement Class Member may appear at the Settlement Fairness Hearing in person, with or without such Class Member's separate counsel.  The scope of any objector's presentation of evidence or argument at the Settlement Fairness Hearing shall be limited to such objector's written objection.  Any Settlement Class Member who fails to file and serve an objection in strict compliance with the deadlines and procedures, and containing the information required by the Class Notice shall be deemed to have forever waived and forfeited the right to object to the proposed Settlement Agreement or any part of the settlement or to raise or pursue an objection at the Settlement Fairness Hearing or at any point thereafter, including in appeal or as part of a separate proceeding.

14.     Within ten (10) days of this Order, *[date needs to be within 10 days of the date Plaintiff filed Motion for Preliminary Approval attaching the proposed Settlement]* Defendant's counsel shall send notice to the U.S. Attorney General, the Environmental Protection Agency, the Attorney General for the State of Minnesota, the Minnesota Pollution Control Agency, and the City of South St. Paul.

Each such notice shall contain all of the information required under 28 U.S.C. § 1715. At least seven (7) days prior to the Settlement Fairness Hearing, Defendant's counsel shall file a report with the Court confirming that these notices were timely sent.

15.     All other events contemplated under the Settlement Agreement to occur after this Order and before the Settlement Fairness Hearing described in this Order shall be governed by the Settlement Agreement, to the extent not inconsistent herewith.

16.     All memoranda, affidavits, declarations, and other evidence in support of the request for approval of the Settlement Agreement and Class Counsel's request for approval of attorneys' fees and costs and the Named Plaintiffs' awards shall be filed on or before _____ ____, 2019.

17.     A Settlement Fairness Hearing shall be held before the undersigned at _____ on _____, *[date must be at least 90 days after the notices to the AGs and regulatory agencies, meaning at least 100 days after filing of motion for preliminary approval]* in the United States District Court for the District of Minnesota, U.S. Courthouse, Courtroom ____, 100 Federal Building, 316 N. Robert Street, St. Paul, Minnesota 55101, to consider the fairness, reasonableness, and adequacy of the proposed Settlement Agreement, the entry of any final order or judgment in the action, any application for attorneys' fees and costs, payments to the Named Plaintiffs, and other related matters. The Settlement Fairness Hearing may be postponed, adjourned, or continued by further Order of this Court without further notice to the putative Settlement Class.

18.     All proceedings in the action other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto are stayed and suspended until further notice of this Court. Pending final determination of

the fairness, reasonableness, and adequacy of the proposed Settlement Agreement, no putative Settlement Class Member, other than those who timely and properly have opted out of the Class, may either directly or indirectly prosecute, institute, or commence any individual or class action with respect to the subject matter of this Litigation.

19.     Class Counsel is hereby appointed to coordinate and effectuate the Administration of Settlement.


SO ORDERED.

_____
The Honorable John R. Tunheim, U.S.D.J.

# EXHIBIT G

CORE/3506444.0002/153286758.3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

PATRICIA KEECH and DAVID NEWFIELD,  )
on behalf of themselves and all others similarly  )
situated,  )
  )
       Plaintiffs,  )  Case No.: 18-cv-00683-JRT-HB
  )
vs.  )
  )
SANIMAX USA, LLC,  )
  )
       Defendants.  )

**[PROPOSED] ORDER AND FINAL JUDGMENT**

Pursuant to the Order Preliminarily Approval Order, dated _____, 2019, and on application for final approval of the proposed Settlement Agreement, this matter came before the Court for the Settlement Fairness Hearing on _____, 2019. *[date must be at least 90 days after the statutory governmental notices are sent, which likely is 100 days after the motion for Preliminary Approval Order]*

The Named Plaintiffs, on behalf of themselves and the Settlement Class Members, seek final approval of the Settlement Agreement in its entirety, including an award of attorneys' fees and expenses to Class Counsel, incentive awards to each Named Plaintiff, and the allocation of the remaining funds to the Settlement Class Members. Defendant seeks only a determination that the aggregate consideration to the Settlement Class is a fair, reasonable, and adequate resolution of this Litigation and all Released Claims. In addition to their filings, the Parties, through their counsel, attended and participated in the Settlement Fairness Hearing.

Pursuant to the Preliminary Approval Order, notice of the proposed settlement was given to potential Settlement Class Members, which was adequate and sufficient notice of the terms of

the proposed Settlement Agreement and of the Settlement Fairness Hearing.  Among other things, the notice also advised potential Settlement Class Members of the opportunity to object to the proposed Settlement Agreement or to opt out of the Settlement Class.  Notice of the proposed settlement was also properly given to the appropriate state and federal agencies pursuant to 28 U.S.C. § 1715.  At the Settlement Fairness Hearing, all objections that were properly and timely made, if any, by or on behalf of any Settlement Class Member were duly considered and are hereby overruled.

The Court, having read and fully considered the terms of the proposed Settlement Agreement and all related submissions, and finding that good cause having been shown:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1.      Except as otherwise defined herein, all initial-capitalized terms used in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

2.      The Court has jurisdiction over this Litigation and the Parties to the Settlement Agreement, including the Settlement Class Members.

3.      In determining whether a class action settlement should be approved as being a fair, reasonable, and adequate resolution of the case, the Eighth Circuit has instructed district courts to consider the following factors (sometimes referred to as the "*Van Horn* factors"):

> (a) the merits of the plaintiffs' case weighed against the terms of the settlement;
>
> (b) the defendant's financial condition;
>
> (c) the complexity and expense of further litigation; and
>
> (d) the amount of opposition to the settlement.

*See Marshall v. NFL*, 787 F.3d 502, 508 (8th Cir. 2015) (quoting *In re Uponor, Inc., F1807*

*Plumbing Fittings Products Liability Lit.*, 716 F.3d 1057, 1063 (8th Cir. 2013) (quoting *Van Horn*

*v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988))).  Consistent with the Eighth Circuit precedent, Rule

23 of the Federal Rules of Civil Procedure was recently amended and now requires that:

> the court may approve [a proposed class action settlement] only after a hearing and
> only on finding that it is fair, reasonable, and adequate after considering whether:
>> (A) the class representatives and class counsel have adequately represented the
>> class;
>> (B) the proposal was negotiated at arm's length;
>> (C) the relief provided for the class is adequate, taking into account:
>>> (i) the costs, risks, and delay of trial and appeal;
>>> (ii) the effectiveness of any proposed method of distributing relief to the
>>> class, including the method of processing class-member claims;
>>> (iii) the terms of any proposed award of attorney's fees, including timing
>>> of payment; and
>>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>> (D) the proposal treats class members equitably relative to each other.

Fed.R.Civ.P. 23(e)(2).  "The single most important factor in determining whether a settlement is

fair, reasonable, and adequate is a balancing of the strength of the plaintiff's case against the terms

of the settlement." *Marshall*, 787 F.3d at 508 (quoting *Van Horn*, 840 F.2d at 607)).

4.      Having considered the negotiation of, the terms of, and all of the materials

submitted concerning the proposed Settlement Agreement; having considered the Named

Plaintiffs' likelihood of success both of maintaining this action as a class action and of prevailing

on the claims in their First Amended Complaint at trial, including the possibility that Defendant

could prevail on one or more of the defenses pleaded in its Answer; having considered the range

of the Named Plaintiffs' (and the putative settlement class's) possible recovery and the complexity,

expense, and duration of the Litigation; and having considered the substance and amount of

opposition to the proposed settlement, it is hereby determined that:

(i) the Named Plaintiffs and Class Counsel have adequately represented the proposed settlement class;

(ii) the proposed settlement and the terms of the Settlement Agreement were negotiated at arm's length, over a sustained period of time, with the assistance of a neutral mediator;

(iii) the outcome of the Litigation is in doubt;

(iv) it is possible the proposed Settlement Class could receive more if the Litigation were to go through trial, but that it is also quite possible that the proposed Settlement Class could receive less (including the possibility of receiving nothing) and/or that Defendant could defeat certification;

(v) the value of immediate recovery outweighs the possibility of future relief which would likely occur, if at all, only after further protracted litigation and appeals;

(vi) the parties have in good faith determined the Settlement Agreement is in their respective best interests, including both the Named Plaintiffs and Class Counsel determining that it is in the best interest of the Settlement Class Members;

(vii) the aggregate consideration for the Settlement Class—including both the Settlement Fund, which Defendant shall fund, and the improvement measures that Defendant will implement over the next few years—is commensurate with the claims asserted and that will be released as part of the settlement, and

(viii) the proposed Settlement Agreement's terms treat the Settlement Class Members equitably relative to each other and fall well within the range of

-4-

settlement terms that would be considered fair, reasonable, and adequate resolution
of the Litigation.

Therefore, pursuant to Rule 23(e), the terms of the Settlement Agreement dated June___, 2019, relating to the above-captioned Litigation are hereby finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Settlement Class and each of the Settlement Class Members, in light of the factual, legal, practical, and procedural considerations raised by this Litigation.[1]

     5.     Solely for the purpose of settlement in accordance with the Settlement Agreement, this Court hereby finally certifies the following Settlement Class:

> All current or former owners or occupiers of residential property located within a two mile radius of Defendant's facility at 505 Hardman Avenue, South Saint Paul, Minnesota, and all owners or occupiers of residential property outside of that radius who submitted a residential data sheet to Class Counsel on or before July 15, 2019 concerning odors or emissions from South St. Paul.

Excluded from the Settlement Class are all potential Settlement Class Members listed on Exhibit 1, each of whom timely complied with the requirements set forth in the Class Notice to exclude themselves from and opt out of the Settlement Class and the Settlement Agreement.

     6.     The Court appoints Named Plaintiffs Patricia Keech and David Newfield as representatives of the Settlement Class.  Pursuant to Rule 23(g), the Court appoints Steven D. Liddle, Esq., Laura L. Sheets, Esq., and Jeffrey S. Storms, Esq. as Class Counsel.

---

[1] By providing the aggregate fair, reasonable, and adequate consideration to the Settlement Class as a whole, Defendant will have fulfilled its obligations under the Settlement Agreement.  Class Counsel and Named Plaintiffs, however, have further responsibilities including the allocation and distribution of the Settlement Fund to Class Counsel, Named Plaintiffs, and the individual Settlement Class Members.  As part of the Court's determination in finally approving the Settlement Agreement, the Court also has considered the distribution of the Settlement Fund, Class Counsel's attorney's fees and expensed, Named Plaintiffs' incentive awards, and the treatment of the Settlement Class Members relative to each other.  As these issues were all presented to the Court in a separate filings by Class Counsel, the Court has addresses them in one or more separate orders.

CORE/3506444.0002/153286758.3

7.      Pursuant to Rule 23(e)(1) and all applicable law, notice was properly given to the potential Settlement Class Members in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order.  The Class Notice, which the Court approved in the Preliminary Approval Order, was written in plain English, clear, concise and readily understandable.  The Class Notice was sent by Class Counsel by mail to each reasonably identifiable residential address within the Class Area.  The Class Notice and other relevant information and documents (*e.g.,* the First Amended Class Action Complaint, the Court's ruling on Defendant's motion to strike class allegations, the Preliminary Approval Order, and the Settlement Agreement with all of its exhibits) were posted on the Liddle & Dubin, P.C. website, the address of which was identified in the Class Notice.  The Class Notice provided a mailing address, an e-mail address, a website, and a toll-free telephone number for the potential Settlement Class Members to contact if they needed or wanted additional information.  The Court finds that the notification provided for and given to the Settlement Class (a) constitutes the best notice practicable under the circumstances; (b) was reasonably calculated to apprise potential Settlement Class Members of the existence of and their rights related to the Litigation and the terms and conditions of the proposed Settlement Agreement; (c) constitutes due, adequate, and sufficient notice to all persons entitled to notice; and (d) is in full compliance with all applicable requirements of Minnesota and Federal law, the Rules of the Court, any other applicable law and due process requirements.  As soon as this Order becomes Final, Class Counsel shall discontinue the link on its website and ensure that all information posted on it is no longer accessible.

8.      Pursuant to 28 U.S.C. § 1715, notice was properly given to the appropriate federal and state agencies, including the U.S. Attorney General's office, the Environmental Protection Agency, the Attorney General for the State of Minnesota, the Minnesota Pollution Control Agency,

and the City of South St. Paul.  Each such notice was sent more than ninety (90) days ago, thereby

complying with the statutory notice period.

9.      Pursuant to Rule 23(e), having ruled that due and adequate notice was provided to

the potential Settlement Class Members and that they were afforded an opportunity to participate

in the proceedings and object to the Settlement Agreement or to exclude themselves from the

settlement by opting out of the Settlement Class, it is hereby determined that each Settlement Class

Member (whether or not the Settlement Class Member objected, submitted a Claim Form, or

otherwise participated in the Litigation, the settlement, or the approval process) shall be bound by

the terms and provisions of the Settlement Agreement and this Order and Final Judgment,

including the releases and covenants not to sue set forth in the Settlement Agreement, which are

hereby incorporated by reference and become part of this Order and Final Judgment.  As Defendant

was not in control of or participated in the effectuation of Notice or the maintenance, allocation,

or distribution of the Settlement Fund, Defendant shall not have any liability for those aspects of

the settlement, nor shall they affect the validity or binding nature of this Order and Final Judgment

or the Settlement Agreement, including, without limitation, the release afforded to the Released

Parties.

10.     Pursuant to the terms of the Settlement Agreement, Defendant shall fund the

Settlement Fund, which shall be held by Class Counsel in trust in a Qualified Settlement Fund

("QSF") account under the Internal Revenue Code.  Specifically, within two (2) business days of

the Order and Final Judgment becoming Final, Class Counsel shall provide wiring or other

payment instructions to Defendant.  Within five (5) business days of the later of the Order and

Final Judgment becoming Final or Defendant's receipt of the wiring or other payment instructions

from Class Counsel, Defendant shall deposit Seven Hundred Fifty Thousand Dollars ($750,000)

CORE/3506444.0002/153286758.3

CASE 0:18-cv-00683-JRT-HB   Doc. 63-1   Filed 08/09/19   Page 81 of 85

by check or wire or electronic transfer to Liddle & Dubin, P.C., in a QSF trust account established by Class Counsel.  The deposit by Defendant of that amount, in combination with the improvement measures, shall fully satisfy each and every obligation of Defendant to the Named Plaintiffs, Class Counsel, the Settlement Class, and each Settlement Class Member concerning this Litigation, the Settlement Agreement, and the Released Claims.  Defendant shall implement the improvement measures as set forth in the Settlement Agreement, which implementation shall be completed within four years of the date this Order and Final Judgment becomes Final.

11.     All claims against Defendant are hereby dismissed on the merits and with prejudice. All Released Claims[2] are hereby released, extinguished, and forever discharged.  The Named Plaintiffs and all Settlement Class Members, are barred and permanently enjoined from instituting, maintaining, prosecuting, or continuing to maintain or prosecute any of the Released Claims against the Released Parties.

12.     This Court hereby retains jurisdiction over all matters relating to the interpretation, effectuation, and enforcement of the Settlement Agreement.  The Court retains further jurisdiction

---

[2] As set forth in the Settlement Agreement, which is incorporated into this Order and Final Judgment:

> each Named Plaintiff and Settlement Class Member, on behalf of themselves and their heirs, executors, administrators, beneficiaries, predecessors, successors, assigns and each of them, and any of their former and present employees, directors, officers, accountants, agents, attorneys, representatives, affiliates, and subsidiaries shall and hereby does forever and fully release and discharge each of the Released Parties of and from any manner of civil or administrative actions, causes of actions, suits, obligations, claims, debts, demands, agreements, promises, liabilities, controversies, costs, expenses, and attorneys' fees whatsoever, whether in law or in equity and whether based on any federal law, state law, common law or foreign law right of action or otherwise, foreseen or unforeseen, matured or unmatured, known or unknown, accrued or not accrued which the Settlement Class Members or any of them, ever had, now have, or can have, or shall or may hereafter have, either individually or as a member of a group or class, against the Released Parties, for, based on, by reason of, or arising from the conduct alleged in Plaintiffs' First Amended Complaint and Jury Demand filed in Case No. 18-cv-00683-JRT-HB or any emissions of pollutants, contaminants, and/or odors from the Facility through the end of the Implementation Period (collectively, the "Released Claims").

Settlement Agreement, Section 7(a).

-8-

CORE/3506444.0002/153286758.3

to enforce this Order and Final Judgment and the distribution of the Settlement Fund. The reservation of jurisdiction by this Court in this matter does not affect in any way the finality of this Order and Final Judgment.

13.     This Order and Final Judgment, the settlement, and all documents, negotiations, statements, or proceedings relating to it (a) are not and shall not be construed to be an admission or concession by Defendant or any Released Party of any liability or wrongdoing whatsoever, (b) are not and shall not be construed to be an admission or concession by Defendant or any Released Party of the validity of any claims asserted against them, including but not limited to whether this or any other similar case could be properly certified as a class certification under the applicable law, and (c) shall not be offered as evidence or otherwise proffered as any such admission or concession in this or any other proceeding. None of this information may be offered or received as evidence or argument against Defendant of any wrongdoing or to limit its ability to take any position it would otherwise be able to take in this or any other proceeding absent the settlement or the Litigation.

14.     This Order and Final Judgment, the settlement, and all papers relating thereto are not and shall not be construed to be an admission or concession by Plaintiffs with regard to the merits of their claims whatsoever, and shall not be offered as evidence as to the merits in this or any other proceeding.

15.     There is no just reason for delay in the entry of this Order and Final Judgment as a final judgment. Furthermore, there is reason to enter and certify it as a final judgment, including without limitation that doing so will expedite any appeal, which, in turn, will shorten the time it will take for this Order and Final Judgment either (a) to become Final and non-appealable thereby expediting the distribution of the Settlement Fund to the Settlement Class Members or (b) to be

overturned on appeal thereby facilitating a modified settlement or the reconvening of the Litigation. The Court expressly directs the Clerk of the Court to enter this Order and Final Judgment as a final judgment pursuant to Rule 54(b).

16.     In the event that this Order and Final Judgment fails to become Final and non-appealable for any reason, including without limitation that it is reversed on appeal and/or the Settlement Agreement is terminated, then this Order and Final Judgment, the Preliminary Approval Order, and all related orders from this Court shall be automatically rendered null and void and shall be deemed vacated. In such event, the parties and the putative class members shall be returned to the same litigation position that they were in prior to seeking preliminary approval of the Settlement Agreement, and they shall be free to raise all claims, defenses, and arguments as they would have been able to had they never negotiated or sought approval of the Settlement Agreement. Class Counsel shall also immediately terminate the website.

The Clerk is directed to enter this Judgment forthwith as the final judgment of this Court.

SO ORDERED.

_____
The Honorable John R. Tunheim, U.S.D.J.

Dated:_____

CORE/3506444.0002/153286758.3

# EXHIBIT H

CORE/3506444.0002/153286758.3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| PATRICIA KEECH and DAVID NEWFIELD, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Case No.: 18-cv-00683-JRT-HB ) |
| vs. | ) ) **CERTIFICATE OF DESTRUCTION** |
| SANIMAX USA, LLC, | ) ) |
| Defendants. | ) |

**[Insert Party Name]**, by and through the undersigned, hereby certifies that it has complied with Section 12 of the Settlement Agreement dated as of _____ by and between the Parties thereto, entered in connection with the above-captioned litigation, by electing to destroy all of the discovery materials in its possession produced by the opposing party.


Dated: _____

**[Insert Party Name]**

By: _____

Name: _____

Title: _____