**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| PATRICIA KEECH and DAVID NEWFIELD, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Case No.: 18-cv-00683-JRT-HB |
| | ) |
| vs. | ) ) |
| SANIMAX USA, LLC, | ) ) |
| Defendants. | ) |

**SETTLEMENT AGREEMENT**

This Settlement Agreement is made and entered into this 6th day of August, 2019, by and between Sanimax USA, LLC ("Sanimax" or "Defendant"), each Named Plaintiff—Patricia Keech and David Newfield— the Intervenor-Plaintiff, the City of Newport, and each member of the proposed Settlement Class and Subclass as set forth herein, subject to and conditioned on preliminary and final approval by the United States District Court for the District of Minnesota.

WHEREAS:

A.    The Definitions appearing in Section 2 and other terms defined in this Settlement Agreement are incorporated by reference in these introductory sections.

B.    The Defendant owns and operates a rendering facility located at 505 Hardman Avenue, City of South St. Paul, Minnesota (the "Facility").

C.    The First Amended Complaint (Exhibit A) alleges that the Named Plaintiffs and a putative class of other similarly situated claimants have suffered damages as a result of the Facility's operations.

D.     Defendant vigorously denies all allegations of wrongdoing or liability made in the Litigation.  Defendant also vigorously denies that the putative class could be certified under the governing Minnesota substantive law and the federal procedural law.  However, without in any way acknowledging any fault or liability and reserving all rights to oppose class certification in this or any other matter (based on the legal arguments asserted in it motion to strike class allegations or any other basis), Defendant considers it desirable to enter into this Settlement Agreement solely for the purpose of terminating this Litigation in order (i) to avoid the cost, expense, inconvenience, distraction, time, and effort required to continue to defend such complex, burdensome, and protracted class certification discovery and merits litigation, (ii) to permit the continued operation of its affairs unfettered by the tangible and intangible expense of the Litigation and the distraction and diversions of themselves and of its key personnel, and (iii) to continue its long history of being a responsible corporate citizen.

E.     This Settlement Agreement and all related documents are not and shall not be construed as or deemed an admission or concession by Defendant of any fault or liability or wrongdoing, or of any deficiencies, faults, errors or omissions of any nature whatsoever of or by Defendant.  Nor shall this Settlement Agreement or any related document be construed as or deemed an admission or concession by Defendant that class certification in this or any other case is proper under Minnesota substantive or federal procedural law applicable to this case.

F.     Class Counsel are familiar with the claims being settled and the defenses asserted. Class Counsel have conducted a thorough investigation relating to the claims and underlying events and transactions alleged in the First Amended Complaint.  Named Plaintiffs and Class Counsel believe that the Litigation has merit.  However, they recognize and acknowledge that the expense and length of continued proceedings necessary to prosecute the Litigation against

Defendant through trial and appeals would be a costly, time-consuming undertaking. Named Plaintiffs and Class Counsel also have taken into account the uncertain outcome of a class certification motion, particularly in light of the applicable Minnesota law, and the risk of further litigation, especially in a complex lawsuit such as this Litigation, as well as the difficulties and delays inherent in such Litigation. They also have taken into account, among other things, the strengths and uncertainties of the claims asserted in the Litigation and the substantial benefits to be conferred on the Settlement Class by the proposed settlement. Named Plaintiffs and Class Counsel, therefore, have determined that the settlement set forth in this Settlement Agreement is in the best interests of the proposed Settlement Class.

G.    This Settlement Agreement and related documents are not and shall not be construed as an admission or a concession by the Named Plaintiffs with regard to the merits of their claims.

H.    Counsel for the Parties have engaged in arms-length negotiations over several months. Ultimately, they were able to reach common ground through a neutral mediator, and following further negotiation of all the details, memorialize their agreements concerning the settlement of Plaintiffs' claims against Defendant.

I.    It is the intention of the Parties that the proposed settlement described in this Settlement Agreement completely resolves, releases, and forever discharges all claims that are or could have been alleged concerning airborne emissions of pollutants, air contaminants, and noxious odors from the Facility, except for any claims expressly reserved herein.

NOW THEREFORE, intending to be legally bound hereby, and in consideration of the promises, mutual covenants and conditions contained herein, for purposes of the settlement only and subject to the approval of the Court IT IS STIPULATED AND AGREED as follows:

1.    <u>Settlement</u>.  The Litigation and all claims that are or could have been alleged concerning the airborne emissions of pollutants, air contaminants, and noxious odors from the Facility, as further set forth in the Releases and Covenants section below, shall be finally and fully settled, compromised, and dismissed on the merits, with prejudice and without costs (except as set forth herein), subject to the approval of the Court, in the manner and upon the terms and conditions stated in this Settlement Agreement.   Neither the settlement nor this Settlement Agreement shall constitute or be an admission or concession for any purpose by Defendant or any other person, or be deemed evidence or other indication of any violation of any statutes, regulation, permit condition, or law, or an admission of any wrongdoing or liability by Defendant.  The Parties further agree and stipulate that neither the settlement nor this Settlement Agreement is or shall constitute or be deemed an admission or concession by Defendant that class certification in this or any other case is proper under Minnesota substantive or federal procedural law applicable to this case.

2.    <u>Definitions</u>.  As used in this Settlement Agreement and its exhibits, the following terms shall have the meanings stated in this Section:

a.    "Administration of Settlement" means properly providing Class Notice to the potential Settlement Class and Subclass Members; temporarily providing information about the Litigation and this Settlement Agreement, including a link on lead Class Counsel's firm website to all the Exhibits to this Settlement Agreement; providing a toll-free phone number and other contact information Settlement Class and Subclass Members may use to obtain additional information; receiving and responding to inquiries from potential Settlement Class and Subclass Members; receiving, assisting, and maintaining claims, Claim Forms, and any other proofs of claims; verifying and either approving or disapproving all claims for payment from the

Settlement Fund; receiving, assisting, circulating, and maintaining exclusion or opt-out requests from putative Settlement Class and Subclass Members and objections from Settlement Class and Subclass Members; overseeing the distribution of the Settlement Fund; and submitting any required reports or certifications to the Court.

b.    The "Claim Form" means the Claim Form attached as <u>Exhibit E</u> hereto or a modified version of that exhibit acceptable to Named Plaintiffs, Class Counsel, and Defendant.

c.    The "Class" and the "Class Members" or "Settlement Class" and "Settlement Class Members" shall mean and include all entities or persons who, prior to final approval of this Settlement Agreement, either (i) owned or occupied residential property within a two (2) mile radius of Defendant's facility, 505 Hardman Avenue, City of South St. Paul, Minnesota or (ii) owned or occupied residential property outside of that radius who submitted a residential data sheet to Class Counsel prior to July 15, 2019 concerning odors or emissions from South St. Paul.  A list of those who submitted residential data sheets to Class Counsel as of the date the settlement was negotiated is attached as <u>Exhibit C</u> hereto.

d.    The "Class Area" shall mean the area within a two (2) mile radius of the Facility, and all of the residential property owned or occupied by anyone who submitted a residential data sheet concerning odors or emissions from South St. Paul to Class Counsel prior to July 15, 2019.  A current depiction of the Class Area Map is attached as <u>Exhibit B</u> hereto.

e.    "Class Counsel" shall mean Steven Liddle, Esq., Laura Sheets, Esq., and Jeffrey S. Storms, Esq., and all law firms in which any of them were a partner, shareholder, associate, counsel, or otherwise associated during the term of their representation of any of the Plaintiffs.  The phrase "lead Class Counsel" refers to Steven Liddle and Laura Sheets.

f.      The "Class Notice" shall mean the Notice of Pendency of Class Action Settlement attached as <u>Exhibit D</u> hereto or a modified version of that exhibit acceptable to Named Plaintiffs, Class Counsel, and Defendant.

g.      The "Class Period" shall mean the period of time between and including March 12, 2012 and the Effective Date.

h.      The "Court" shall mean the United States District Court for the District of Minnesota.

i.      "Effective Date" shall means the date on which ~~shall be the date on which~~ the Order and Final Judgment approving the settlement becomes Final and this Settlement Agreement becomes binding as to all Parties.

j.      The "Facility" shall mean the Sanimax rendering facility, located at 505 Hardman Avenue, South St. Paul, Minnesota 55075.

k.      "Final" means the later of the following dates: (i) the date of expiration of the time for filing or noticing of any appeal from the Order and Final Judgment, which, to the extent it is certified as a final under Federal Rule of Civil Procedure 54(b), is thirty (30) days after the entry of the Order and Final Judgment computed in accord with Federal Rule of Civil Procedure 6(a); or (ii) the date of final affirmance of any appeal, the date of expiration of the time for filing petitions for writs of certiorari and, if certiorari is granted, the date of final affirmance following review pursuant to that grant; or (iii) the final dismissal of any appeal or proceeding on certiorari.

l.      "Household(s)" shall mean all persons owning or occupying any particular parcel(s) of residential property within the Class Area at any point during the Class Period.

m.      "Implementation Period" shall mean the earlier of four years after the Effective Date or the time taken by Defendant to invest all capital required under this Settlement Agreement to be invested in improvement measures, including but not limited to the time necessary to obtain all necessary permits for, install, and commence normal operation of a new venturi/scrubber.

n.      The "Litigation" shall mean the lawsuit captioned *Keech, et al. v. Sanimax USA, LLC*, filed in the United States District Court for the District of Minnesota, Case No. 18-cv-00683-JRT-HB.

o.      "Named Plaintiffs" shall mean and include the named plaintiffs in this Litigation: Patricia Keech and David Newfield.

p.      The "Parties" shall mean all Named Plaintiffs, Intervenor-Plaintiff, Settlement Class and Subclass Members, Class Counsel, and Defendant.

q.      "Preliminary Approval Order" means an order of the Court in the form attached as Exhibit F or a modified version of that exhibit acceptable to Named Plaintiffs, Class Counsel, and Defendant.

r.      The "Order and Final Judgment" means an order and judgment of the Court in the form attached as Exhibit G or a modified version of that exhibit acceptable to Named Plaintiffs, Class Counsel, and Defendant.

s.      The "Released Parties" shall mean and include Defendant Sanimax USA, LLC, its parents, subsidiaries, and affiliated companies, and any of its former and present employees, directors, officers, shareholders, members, partners, accountants, agents, attorneys, insurers, representatives, and each of their heirs, executors, administrators, beneficiaries, predecessors, successors, and assigns.

t.      The "Settlement Fairness Hearing" means a hearing pursuant to Federal Rule of Civil Procedure 23 scheduled to determine, among other things, whether the settlement of the Litigation is fair, reasonable, and adequate, and to consider Class Counsel's application for an award of attorneys' fees and reimbursement of expenses for prosecuting the Litigation, Named Plaintiffs' requests for incentive awards for representing the Settlement Class, and the plan for distributing the Settlement Fund.

u.      "Settlement Fund" means the funds in the Qualified Settlement Fund account opened and maintained by Class Counsel pursuant to Court supervision, which account shall originally be funded by a deposit by Defendant in accord with Section 5.a of this Settlement Agreement.

v.      The "Subclass" and the "Subclass Members" or "Settlement Subclass" and "Settlement Subclass Members" shall mean and include all municipalities whose boundaries are anywhere within a two (2) mile radius of Defendant's facility, 505 Hardman Avenue, City of South St. Paul, Minnesota.

3.      <u>Submission of Settlement to the Court</u>.

a.      As soon as practicable following the execution of this Settlement Agreement, Named Plaintiffs shall move the Court for entry of the Preliminary Approval Order.

b.      When Named Plaintiffs move for entry of the Preliminary Approval Order, they shall provide Defendant with an estimate of the total number of putative Settlement Class Members.  Within ten (10) days of the date Named Plaintiffs move for entry of the Preliminary Approval Order and, consistent with 28 U.S.C. § 1715, Defendant shall cause notice to be sent to the U.S. Attorney General's office, the Environmental Protection Agency, the Attorney General for the State of Minnesota, the Minnesota Pollution Control Agency, and the

City of South St. Paul.  At least seven (7) days before the Settlement Fairness Hearing, Defendant shall submit a report to the Court confirming that these notices were timely sent.

      c.     If the Court preliminarily approves this Settlement Agreement and subject to the Preliminary Approval Order, Class Counsel shall (i) mail the Class Notice to the home of each potential residential address within the Class Area that is reasonably obtainable through a search of certain publicly available records and to each Subclass Member (ii) provide information about the Litigation and the Settlement Agreement on lead Class Counsel's firm website and provide a link to the Settlement Agreement, all Exhibits to the Settlement Agreement, and all substantive orders issued by the Court, including the order denying Defendant's motion to strike class allegations and the Preliminary Approval Order.  Class Counsel will maintain this link on the website until the Effective Date (at which time the information pertaining to the Litigation and the settlement shall be terminated and none of the information on it shall be accessible).  At least seven (7) days before the Settlement Fairness Hearing, Class Counsel shall file a statement that notice has been effectuated per the Court's Preliminary Approval Order.

      d.     Named Plaintiffs and Class Counsel will move the Court (i) for an award for Class Counsel of attorneys' fees and reimbursement of costs and expenses in an amount not to exceed $300,000, (ii) for an incentive award not to exceed $1,500 for each of the two Named Plaintiffs for service as representatives of the Settlement Class, in addition to any distribution they would receive from the Settlement Fund by virtue of their status as Settlement Class Members, and (iii) for an order approving the plan of allocation or distribution of the Settlement Fund (or the remaining Settlement Fund following any award of Class Counsel's attorneys' fees and expense reimbursements and Named Plaintiffs' incentive awards) to the Settlement Class

Members.  Any such awards to Class Counsel and/or Named Plaintiffs shall be paid exclusively from the Settlement Fund, and any distribution to the Settlement Class Members, aside from the incentive awards, shall not exceed $1,000 per Household.  Defendant agrees to take no position concerning these separate filings by Named Plaintiffs and Class Counsel, but Defendant may respond to any inquiries from the Court.

      e.    The Parties agree that, aside from providing the money to create the Settlement Fund, Defendant has no responsibility or liability for the Settlement Fund or how those funds should be maintained, accounted for, allocated, or distributed.  Moreover, issues concerning the awards or payments from, or the distribution of, the Settlement Fund should not be considered to determine the threshold matter of whether the Settlement Agreement should be approved because the aggregate consideration to the Settlement Class is fair, reasonable, and adequate under the circumstances of this Litigation.  The consideration in this Settlement Agreement has been negotiated separately from, and is not contingent or dependent on, the approval by the Court of any motions or applications for attorneys' fees, costs, and expenses (including the fees of experts and consultants), for incentive awards to Named Plaintiffs, or for approval of a plan of allocation or distribution of the Settlement Fund; and any order or proceeding relating only thereto shall not operate to terminate, cancel, or affect the Finality or effect of this Settlement Agreement.

      f.    No sooner than 100 days after Named Plaintiffs move for preliminary approval, the Court will hold the Settlement Fairness Hearing to decide whether the settlement embodied in this Settlement Agreement shall be finally approved as fair, reasonable, and adequate resolution of this Litigation and whether to enter the Order and Final Judgment.  The Parties shall apply to the Court for approval of the settlement and shall each file such papers with

-10-

the Court as they and their counsel or the Court determines to be necessary. Defendant's position will be that, despite committing no wrongdoing, having valid defenses for the operations of the Facility, and maintaining that no class should or could be certified under the governing law, the aggregate consideration to the Settlement Class is more than fair, reasonable, and adequate resolution of the claims at issue. Named Plaintiffs' position will be that the Settlement Class should be certified and the Settlement Agreement should be approved under Federal Rule of Civil Procedure 23. Named Plaintiffs and Class Counsel may also seek approval from the Court for (i) an award of attorneys' fees and expenses for Class Counsel, (ii) the incentive awards for Named Plaintiffs, and (iii) an order for the distribution of the Settlement Fund to the Settlement Class Members.

4.    Class Certification.

a.    Named Plaintiffs shall move the Court for an order certifying the Settlement Class pursuant to Federal Rule of Civil Procedure 23 in conjunction with a request for the Court to approve this Settlement Agreement.

b.    Having already set forth its position on the legal appropriateness of the class allegations in the briefing on its motion to strike, solely for the purposes of this settlement, Defendant will not object to the Court's certification of the Settlement Class, including the Subclass, pursuant to Federal Rule of Civil Procedure 23 (but Defendant reserves and preserves its position that no class could or should be certified under the governing substantive and procedural law).

c.    Solely for the purposes of this settlement, should the Court certify a Settlement Class, Defendant will not object to the appointment of Named Plaintiffs and Class Counsel as proper and appropriate representatives of the Settlement Class.

-11-

          d.     Solely for the purposes of this settlement, should the Court certify the Settlement Subclass, Defendant will not object to the appointment of Intervenor-Plaintiff as proper and appropriate representatives of the Settlement Subclass.

    5.    <u>Settlement Payment</u>.

       a.    To establish the Settlement Fund, Defendant agrees to deposit a total of Seven Hundred Fifty Thousand Dollars ($750,000) into a Qualified Settlement Fund ("QSF") account to be established by Class Counsel pursuant to the Internal Revenue Code. *See* 26 C.F.R. 1.468B-1. No later than two (2) business days after the Order and Final Judgment becomes Final, Class Counsel shall provide wiring or other payment instructions to Defendant. Within five (5) business days of the later of the Order and Final Judgment becoming Final or Defendant's receipt of the wiring or other payment instructions from Class Counsel, Defendant shall pay to Liddle & Dubin, P.C., in trust into the QSF account, the sum of Seven Hundred Fifty Thousand Dollars ($750,000) by check or wire transfer.

       b.    Class Counsel shall perform all acts required for the Administration of Settlement. All costs and expenses for the Administration of Settlement shall be paid by Class Counsel, subject to Court-approved reimbursement from the Settlement Fund. Defendant is not responsible or liable for costs and expenses relating to the Administration of Settlement. Defendant shall have no part in or responsibility or liability for the Administration of Settlement, or the plan of allocation of, or the awards of attorneys' fees and incentive awards from the Settlement Fund; and Defendant, therefore, is hereby released from any claim related to how the Settlement Fund is administered, allocated or distributed. To the extent Class Counsel complies with all Court orders concerning the Administration of Settlement, Class Counsel shall be

released from any liability in connection with the Administration of Settlement, except for any proven willful misconduct.

c.      As referenced above, Class Counsel may seek the Court's approval of payment from the Settlement Fund of attorneys' fees and out-of-pocket costs and expenses, including settlement administration costs.  Such amount shall not exceed $300,000.  All such payments to Class Counsel shall be made exclusively from the Settlement Fund.

d.      As also referenced above, Named Plaintiffs shall seek the Court's approval of a one-time lump sum payment or incentive award of up to $1,500 for each of the Named Plaintiffs for their efforts on behalf of the Settlement Class, in addition to any distribution or payment they may receive by virtue of their status as one of the Settlement Class Member.  All such payments to Named Plaintiffs shall be made exclusively from the Settlement Fund.

e.      Named Plaintiffs and Class Counsel's proposed plan of allocation is that the remainder of the Settlement Fund shall be divided on a per-Household basis among all Settlement Class Members who timely submit properly completed Claim Forms that are approved by Class Counsel as further explained in Section 8.c.  Irrespective of the number of Claim Forms submitted and approved, the per-Household distributions shall be capped at $1,000.

f.      No payment from the Settlement Fund to Class Counsel, Named Plaintiffs, or any Settlement Class Member shall be made until after the Effective Date.  Subject to the approval of the Court, Class Counsel intends to distribute any Court-approved payments or awards to Class Counsel and Named Plaintiffs and to distribute the remaining funds in the Settlement Fund to the Settlement Class Members who timely submit a properly completed Claim Form that is approved by Class Counsel.  All claim checks will remain valid for one

CORE/3506444.0002/156091771.1

hundred-twenty (120) days, after which they shall become null and void. Any replacement checks that may be issued shall remain valid only until the expiration of the original 120-day period.

g.    It is possible that after the 120-day period during which the distribution checks remain valid, there could be a remaining balance in the QSF account maintained in trust by Class Counsel if, for example, the distribution checks are not cashed or negotiated or the number of Households submitting Claim Forms approved by Class Counsel is less than the amount required to require distribution of the entire remaining Settlement Fund. If there is a remaining balance after the expiration of this 120-day period, Class Counsel shall cause such funds as directed by Defendant to be used to fund one or more community projects in the City of South Saint Paul, Minnesota. In that event, Defendant shall work with the City of South Saint Paul and/or other organizations to identify the specific project(s).

6.    <u>Improvement Measures and Implementation Period</u>.

a.    In addition to the more than $2.2 million Defendant has invested since 2011 in equipment and projects related to the reduction of emissions of pollutants, contaminants, and odors from the Facility, and in addition to the Settlement Fund referenced above, beginning in April 2019 (when the Parties had an agreement-in-principle concerning the settlement) through the end of the Implementation Period, Defendant shall expend at least $450,000 in improvement measures designed to reduce emissions of pollutants, contaminants, and odors from the Facility.

b.    Defendant anticipates investing this $450,000 on multiple projects, the most significant of which is a new venturi/scrubber. Defendant further anticipates acquiring, installing, and operating this equipment will involve a number of different processes. First, it

-14-

will require engineering and design work. Then, it will require air modeling and likely modification to Defendant's air permit. After that, Defendant may be required to obtain another permit to modify the footprint of the Facility to install the equipment. Finally, Defendant will need to acquire the equipment, do the necessary construction work to install the equipment, and test and begin operating the equipment. Almost all of these steps will involve third parties, including at least two separate governmental agencies, who work on their own timetables that are beyond Defendant's control. Consequently, while Defendant currently intends both to get the new venturi/scrubber operating and to invest the other dollars as soon as practicable, it is anticipated to take between two and four years to fully invest these funds. However, in no event will delays caused by or resulting from the conduct of third-parties be deemed a breach of this Settlement Agreement by Defendant.

　　　　　　c.　　Defendant further submits that unplanned events—such as equipment failure or a change in the raw materials being processed—and other factors beyond anyone's control—including the amount of precipitation, the amount and direction of the wind, the temperature and level of cloud cover, etc.—can affect the emissions of pollutants, contaminants, and odors inherent with animal-rendering facilities, including this Facility. Moreover, technological advances and changes in best practices are always a possibility in the future, which advances or changes could lead to new or better ways to address emissions of pollutants, contaminants, and odors. Due to the evolving nature of emissions, the Parties recognize the necessity to provide the Facility operator with flexibility to react to now-not-known factors that may occur in the future in order to most effectively address the emissions. Thus, while the Defendant has committed and is required as part of this settlement to invest a total of $450,000 by the end of the Implementation Period, Defendant is not required to spend any specific amount

of those dollars on any specific project. Defendant agrees to provide Class Counsel with a written update as to the progress of the improvement measures by the end of each calendar year until the end of the Implementation Period.

       7.    <u>Releases and Covenants.</u>

         a.    <u>Releases by the Settlement Class.</u>

Subject to Court approval under Federal Rule of Civil Procedure 23(e), payment and other consideration paid or provided by Defendant in accordance with this Settlement Agreement shall constitute the full and final settlement of the Litigation, and upon the Effective Date, Defendant and the other Released Parties shall have no further liability or obligation to any Settlement Class or Subclass Member, Named Plaintiff, Intervenor-Plaintiff, or Class Counsel concerning the subject matter of the Litigation, except as specifically set forth in this Settlement Agreement or in the Order and Final Judgment. Upon the Order and Final Judgment becoming Final, each Named Plaintiff, Intervenor-Plaintiff, and each Settlement Class and Subclass Member, on behalf of themselves and their heirs, executors, administrators, beneficiaries, predecessors, successors, assigns and each of them, and any of their former and present employees, directors, officers, accountants, agents, attorneys, representatives, affiliates, and subsidiaries shall and hereby does forever and fully release and discharge each of the Released Parties of and from any manner of civil or administrative actions, causes of actions, suits, obligations, claims, debts, demands, agreements, promises, liabilities, controversies, costs, expenses, and attorneys' fees whatsoever, whether in law or in equity and whether based on any federal law, state law, common law or foreign law right of action or otherwise, foreseen or unforeseen, matured or unmatured, known or unknown, accrued or not accrued which the Settlement Class and Subclass Members or any of them, ever had, now have, or can have, or

shall or may hereafter have, either individually or as a member of a group or class, against the Released Parties, for, based on, by reason of, or arising from the conduct alleged in Plaintiffs' First Amended Complaint and Jury Demand filed in Case No. 18-cv-00683-JRT-HB or any emissions of pollutants, contaminants, and/or odors from the Facility through the end of the Implementation Period (collectively, the "Released Claims").

        b.      <u>Covenants Not To Sue</u>.

Each of the Named Plaintiffs, Intervenor-Plaintiff, and each Settlement Class and Subclass Members, on their own behalf and on behalf of each of their respective heirs, executors, administrators, beneficiaries, predecessors, successors, assigns, and any of their former and present employees, directors, officers, accountants, agents, attorneys, representatives, affiliates, and subsidiaries, covenant and agree not to sue or bring or assert any action, claim, or cause of action, in any jurisdiction, against the Released Parties asserting any claim released by this Settlement Agreement. Any claim brought in violation of this covenant shall be immediately dismissed by the forum in which it was brought.

        8.      <u>Claims, Opt-Outs, and Objections</u>.

        a.      Potential Settlement Class or Subclass Members seeking to exclude themselves or opt out of this Settlement Agreement must send a written request to Class Counsel in strict compliance with the requirements for opting out specified in the Class Notice. Failure to do so will result in the potential Settlement Class or Subclass Member remaining part of the Settlement Class or Subclass and, to the extent the settlement is approved, being bound by the Settlement Agreement, including but not limited to the release and covenant not to sue set forth in Section 7. All exclusion or opt-out requests must be postmarked no more than forty-five (45) days after the date that Class Notice is mailed to the potential Settlement Class and Subclass

CORE/3506444.0002/156091771.1

Members.  Within fourteen (14) days of this exclusion or opt-out mailing deadline, Class Counsel shall circulate copies of such request(s) to Counsel for Defendant.  At least seven (7) days before the Settlement Fairness Hearing, Class Counsel shall file a proposed "Exhibit 1" to the Order and Final Judgment to the Court identifying the potential Settlement Class and Subclass Members who timely submitted proper exclusion or opt out requests.

b.    Potential Settlement Class or Subclass Members seeking to object to the Settlement Agreement or any part of it must remain part of the Settlement Class or Subclass and must send a written objection to Class Counsel in strict compliance with the requirements for objecting specified in the Class Notice.  Failure to do so may result in the Court not considering the objection.  To the extent the settlement is approved by the Court, all objecting Settlement Class and Subclass Members will be bound by the Settlement Agreement, including but not limited to the release and covenant not to sue set forth in Section 7.  All objections must be postmarked no more than forty-five (45) days after the date that Class Notice is mailed to the potential Settlement Class and Subclass Members.  Within fourteen (14) days of this objection mailing deadline, Class Counsel shall circulate copies of such objection(s) to Counsel for Defendant.  At least seven (7) days before the Settlement Fairness Hearing, Class Counsel shall file all objections received from or on behalf of Settlement Class or Subclass Members.

c.    Settlement Class Members shall have sixty (60) days from the date Class Notice is mailed to submit a Claim Form in compliance with the terms specified in the Class Notice and on the Claim Form itself. Claim Forms will be reviewed and approved by Class Counsel if and only if the Settlement Class Member complies with the requirements set forth in the Class Notice and Claim Form, including the provision of all required documentation.

(i) Claim Forms that do not meet the requirements set forth in this Settlement Agreement, the Class Notice, and/or Claim Form instructions may be rejected by Class Counsel. Where a good faith basis exists, Class Counsel may reject a Settlement Class Member's claim form for, among other reasons, the following: failure to timely submit a Claim Form; failure to fully complete and/or sign the Claim Form; illegible Claim Form; the Claim Form is duplicative of another Claim Form; the entity or person submitting the Claim Form is not a Settlement Class Member or is requesting that funds be paid to a person or entity that is not the Settlement Class Member for whom the Claim Form is submitted; false or fraudulent information submitted on or with the Claim Form; failure to provide adequate support of their claim pursuant to a request of Class Counsel; and/or the Claim Form otherwise does not meet the requirements of this Settlement Agreement, the Class Notice, or the Claim Form instructions. Class Counsel may, but is not obligated to, notify deficient claimants that their Claim Form requires additional support or documentation in order to be approved, and may but is not required to provide such claimants additional time in which to remedy their deficient Claim.

(ii)    In general, Named Plaintiffs and Class Counsel's plan of allocation is that each Household for which an approved Claim Form is submitted shall share equally in the Settlement Fund after the deduction of such administrative costs, attorney fees and expenses, and incentive awards as the Court may approve. In the event that multiple Claim Forms are submitted for the same Household, all approved claims for that Household will share equally in one pro rata share of the Settlement Fund. Claims made by multiple Households owning or occupying the same dwelling or parcel of residential property will result in a single pro rata share being divided as follows: if one or more renters or non-owner occupiers submit approved Claim Forms and one or more owners also submit approved Claim Forms, all non-owner occupiers

-19-

submitting such Claim Forms shall receive a combined total of one half of one per-Household share and all owners submitting such Claim Forms shall receive a combined total of one half per-Household share; and if either multiple owners submit approved Claim Forms or multiple non-owner occupiers submit approved Claim Forms for the same dwelling or parcel of residential property, the per-Household share for dwelling or parcel of residential property will be divided on a prorated basis based on the period of time to which each owner's or non-owner occupier's valid claim applies.

       d.    At least seven (7) days before the Settlement Fairness Hearing, Class Counsel shall file updated versions of the Class Area Map (Exhibit B) and list of resident data sheet respondents (Exhibit C), each of which shall reflect any changes since the original exhibits were appended to this Settlement Agreement.

       9.    Representation by Class Counsel and Named Plaintiffs.

Class Counsel hereby warrant and represent that (a) they have not received any complaints about odors in or around South St Paul from any person or entity that did not also fill out a resident data sheet, (b) they have produced to Defendant all of the resident data sheets (in their entirety without redaction) and informed Defendant of all the details of any other complaints related to the Facility received before the date this Settlement Agreement is signed; and (c) they will continue to produce any additional resident data sheets and inform Defendant of any additional complaints that are received thereafter as they are received. Named Plaintiffs and Class Counsel hereby warrant and represent that aside from whatever information is in the resident data sheets provided by Class Counsel to Defendant's counsel, (i) Named Plaintiffs and Class Counsel have no information indicating that any person has experienced any adverse health effects that could give rise to a personal injury claim that is or could be attributed to the

existence or operation of the Facility; and (ii) Named Plaintiffs and Class Counsel have no knowledge of any person who has threatened or planned to assert a claim for personal injury or medical harm related to the existence or operation of the Facility.

      10.   <u>Contingencies</u>.

This Settlement Agreement is expressly contingent upon (1) Class Counsel and Named Plaintiffs making the representations and commitments as set forth in Sections 9 and 13 of this Settlement Agreement, (2) no more than nineteen (19) potential Settlement Class Members opting out of the settlement and/or seeking to be excluded from the Settlement Class, (3) entry by the Court of the Preliminary Approval Order (including but not limited to its approval of the Class Notice and Claim Form); and (4) entry by the Court of the Order and Final Judgment and it becoming Final.  In the event that either Named Plaintiffs or Defendantany Party withdraws from and terminates this Settlement Agreement based on one or more of these contingencies as provided below, the Parties shall return to Litigation as though no Settlement Agreement ever existed and Class Counsel shall immediately terminate and delete all settlement information from its website.

         a.    If any of the commitments, warrants or representations by Named Plaintiffs or Class Counsel in Sections 7, 9 or 13 of this Settlement Agreement is not fulfilled or true, Defendant shall have the right to terminate and withdraw from this Settlement Agreement and have no further obligations under this Settlement Agreement whatsoever.  If Defendant elects to terminate and withdraw from the Settlement Agreement for this reason, it must do so within fourteen (14) days of its receipt of the information demonstrating that such a warrant or representation was not true and in any event, prior to the Effective Date.  After the Effective Date, Defendant, of course, may still enforce this Settlement Agreement.

b.    If twenty (20) or more potential Settlement Class Members file requests to be excluded from the Settlement Class or the settlement, Defendant may terminate and withdraw from this Settlement Agreement and have no further obligations under this Settlement Agreement whatsoever.  If Defendant elects to terminate and withdraw from the Settlement Agreement for this reason, it must do so within fourteen (14) days of its receipt from Class Counsel of the last copy of an exclusion or opt-out request from a potential Settlement Class Member.

c.    If the Court does not preliminarily approve the Settlement Agreement, if the Court enters an order preliminarily approving the settlement other than the Preliminary Approval Order (including but not limited to approving notice in a form other than the Class Notice and the link on lead Class Counsel's firm website), if the Court does not finally approve the Settlement Agreement, if the Court enters an order or judgment finally approving the Settlement Agreement other than the Order and Final Judgment, or if the Order and Final Judgment does not become Final for any reason, Named Plaintiffs and/or Defendanty Party shall have the right to terminate and withdraw from this Settlement Agreement and have no further obligations under this Settlement Agreement whatsoever.  If eitherany Party elects to terminate and withdraw from the Settlement Agreement for this reason, it must provide notice to all other Parties of its intent to do so within fourteen (14) days of the ruling or event that triggers its right.

d.    If the Court does not preliminarily approve the Settlement Agreement or does not enter an order finally approving the Settlement Agreement, or if such approval of the settlement is reversed on appeal, or if the settlement fails to become effective for any other reason, then the Settlement Fund, including all accrued interest or earnings, shall be returned within five (5) business days to Defendant, the Parties shall automatically return to Litigation as

-22-

though no Settlement Agreement ever existed, and the Parties shall promptly set a status conference with the Court for purposes of proposing a new scheduling order.

11.    <u>Remedies Upon Breach</u>.

Upon the material breach of any provision of this Settlement Agreement by a Settlement Class Member, Defendant shall be entitled to clawback and fully recover all sums paid to a breaching Settlement Class Member.  To the extent allowed under the Federal Rules of Civil Procedure and applicable law, Defendant shall be entitled to seek to recover its attorneys' fees and costs incurred in enforcing the Release and Covenant Not to Sue provisions of the Settlement Agreement against any breaching Settlement Class or Subclass Member.  Upon the material breach by any Party of any provision of this Settlement Agreement, any Party may seek to enforce this Settlement Agreement and may seek injunctive relief and/or specific performance. The Parties expressly agree that any breach of Sections 7, 9 or 13 by any Settlement Class or Subclass Member, Intervenor-Plaintiff or Named Plaintiff is material and constitutes immediate and irreparable harm to Defendant.  Upon the material breach of any provision of this Settlement Agreement by any Settlement Class Member or Named Plaintiff, such person shall become liable to Defendant without regard to proof of actual damages for the full amount such person received from the Settlement Fund, in addition and without prejudice to any other damages to which Defendant may be entitled.

12.    <u>Return or Destruction of Discovery Materials</u>.

With respect to any discovery materials, the Parties shall, at their option, either destroy or return to the producing Party all confidential discovery materials within thirty (30) days of the Effective Date.  If Named Plaintiffs or Defendant elect to destroy rather than return discovery materials, Class Counsel or Defendant's counsel shall attest to the destruction of such discovery

materials by transmitting a certificate in the form annexed as Exhibit H to the opposing Party's counsel at that opposing Party's request.

   13. <u>Confidentiality and No Precedential Effect</u>

     a. Defendant continues to maintain that no class can properly be certified under the governing Minnesota substantive and federal procedural law. Defendant continues to maintain that Minnesota law requires each claimant asserting claims of the type contained in the Litigation individually to prove their respective claims and holds that proof of the claim for one claimant cannot be proof of a claim for any other claimant. Defendant was reluctant to settle this case as a class action because of this position and the positions set forth in its motion to strike the class allegations that no class could properly be certified under the governing law. However, despite the skepticism about the propriety of class certification expressed in the Court's order, its decision to deny the motion and allow discovery to proceed essentially put Defendant in a position where resolving the case at this juncture was a sound business decision. Defendant certainly did not want to be in any worse position in terms of defending against class certification after this settlement than it was before it. Thus, in order to entice Defendant to agree to a class settlement, Named Plaintiffs and Class Counsel have agreed to keep this settlement as confidential as the rules will allow. Further, Class Counsel and Named Plaintiffs hereby agree not to (and, as a condition of the settlement, the Settlement Class Members shall not) cite and are hereby barred from citing this settlement in the future in support of class certification.

     b. Named Plaintiffs and Class Counsel shall not prepare a press release or otherwise publicly present on its website, any type of social media, or elsewhere either the existence of this settlement or the terms of this Settlement Agreement, except for class notices and court filings as required by the terms of this Settlement Agreement or the Court.

c.      In the event this Settlement Agreement is preliminarily approved by the Court and Class Counsel provides information about this Litigation as required by this Settlement Agreement on its webpage that will be provided in the Notice submitted to the Class, such website will be taken down immediately after the Effective Date and Class Counsel shall refrain from referencing this Litigation, the settlement, or this Settlement Agreement on their website(s).

d.      Sanimax USA, LLC shall not be mentioned by name in any information released to the public, except only as is necessary to facilitate the Court's approval of this Settlement Agreement, and as is necessary for the Parties to comply with the terms of the Settlement Agreement or order from the Court.

e.      Class Counsel cannot disclose either the existence of this settlement or the terms of the Settlement Agreement to any person or entity not a Party to this Settlement Agreement without prior written approval from Defendant.

f.      Under no circumstances shall this Settlement Agreement, or drafts thereof, whether or not executed or consummated, nor any of its terms and provisions or exhibits, nor any of the negotiations or proceedings connected with it, be used, referenced, or offered or received into evidence in any other action or proceeding of any nature, or any other administrative or regulatory proceedings of any sort, for any purpose whatsoever except to the extent necessary to respond to or defend against any claim arising from any alleged act or omission in connection with participation in this Litigation.

g.      Named Plaintiffs and Class Counsel shall cooperate with and support Defendant in any attempt keep the existence of this settlement and/or terms of this Settlement

-25-

Agreement confidential and to preclude it from being cited or used as an admission or concession of any kind.

14.    <u>Miscellaneous Provisions</u>.

a.    All exhibits attached to the Settlement Agreement are incorporated herein and each of which is a necessary part of the settlement.

b.    Waiver by any Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.

c.    This Settlement Agreement constitutes the entire agreement among the Parties, and no representations, warranties, or inducements other than those set forth herein have been made to any Party concerning this Settlement Agreement.  If finally approved by the Court, this Settlement Agreement supersedes any prior agreement or understanding among the Parties.  No representations, warranties, inducements, promises, or agreements oral or otherwise not embodied or incorporated in this Settlement Agreement have been made concerning or in connection with this Settlement Agreement or the attached exhibits.   Any and all prior discussions, negotiations, agreements, commitments and understandings relating to this Settlement Agreement are superseded hereby and merged into this Settlement Agreement.

d.    The terms or provisions of this Settlement Agreement may not be changed, waived, modified, or varied in any manner whatsoever, unless in writing duly signed by Named Plaintiffs and Defendantall Parties.  Any such signed modification shall be with the consent of the Court without further notice to the Class unless the Court requires such additional notice.  Any failure by any Party to insist upon the strict performance by any other Party of any of the provisions of this Settlement Agreement shall not be deemed a waiver of any of its

CORE/3506444.0002/156091771.1

provisions, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Settlement Agreement to be performed by such other Party.

      e.    Each of the counsel signing this Settlement Agreement on behalf of the Parties represents that he or she has authority from his or her client or clients to execute this Settlement Agreement on behalf of the client(s).

      f.    This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one in the same document, provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves original signed counterparts. Electronic or pdf copies of signatures shall be sufficient for purposes of demonstrating original signatures.

      g.    This Settlement Agreement shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Parties, once it is approved by the Court and all other conditions have been met.

      h.    Notices of breach or termination required by this Settlement Agreement shall be submitted either by e-mail, first class mail, overnight delivery, or in person to each Party signing this Settlement Agreement as follows:

| | |
|---|---|
| Defendant Sanimax USA, LLC | Settlement Class |
| c/o Stinson LLP | Laura L. Sheets |
| 1201 Walnut Street | Liddle & Dubin, P.C. |
| Suite 2900 | 975 E. Jefferson Avenue |
| Kansas City, MO 64106-2150 | Detroit, MI 48207 |
| Attn: Matthew J. Salzman | lsheets@ldclassaction.com |
| matt.salzman@stinson.com | |

      i.    All terms of this Settlement Agreement shall be governed by and interpreted in accord with the Federal Rules of Civil Procedure and other federal law to the

CORE/3506444.0002/156091771.1

extent applicable, otherwise the law of the State of Minnesota shall govern without reference to conflict of laws.  This Settlement Agreement shall be enforced solely in the Court.  Defendant and Plaintiffs waive any objection which each such Party may have or hereafter have to the venue of any such suit, action, or proceeding and irrevocably consents to the jurisdiction of the Court in any such suit, action, or proceeding and agrees to accept and acknowledge service of any and all process which may be served in any such suit, action, or proceeding.

j.        Without affecting the finality of the Order and Final Judgment to be entered upon this Settlement, the Court shall retain such continuing jurisdiction as is necessary and appropriate to enforce the settlement, and to administer the performance of the settlement in accord with its terms, including allowing or disallowing applications for attorneys' fees and other payments, determining and supervising distribution procedures related to the Settlement Fund, identifying Settlement Class Members and their respective interests, if any, in the Settlement Fund, sending notices to Settlement Class and/or Subclass Members, reviewing disputes regarding claims submitted, and distributing the Settlement Fund.

k.        Because of the arms-length negotiations described above, all Parties hereto have contributed substantially and materially to the preparation of this Settlement Agreement, which, therefore, may not be construed against the drafter of it or any portion of it.

IN WITNESS WHEREOF, the Parties hereto respectively have executed this Settlement Agreement on the date next to their signatures.

Dated: _____        By: _____
                                                              Patricia Keech, Named Plaintiff


Dated: _____        By: _____
                                                              David Newfield, Named Plaintiff

CORE/3506444.0002/156091771.1

Dated: _____          By: _____
                                            STEVEN LIDDLE, ESQ., Counsel for
                                            Named Plaintiffs and the Settlement Class

Dated: _____          By: _____
                                            LAURA L. SHEETS, ESQ., Counsel for
                                            Named Plaintiffs and the Settlement Class

Dated: _____          By: _____
                                            JEFFREY S. STORMS, ESQ., Counsel for
                                            Named Plaintiffs and the Settlement Class

Dated: _____          Sanimax USA, LLC

                                       By: _____

                                       Title: _____

## **EXHIBITS**

Exhibit A          First Amended Complaint

Exhibit B          Class Area Map

Exhibit C          List of Resident Data Sheet Respondents

Exhibit D          Class Notice

Exhibit E          Claim Form

Exhibit F          [proposed] Preliminary Approval Order

Exhibit G          [proposed] Order and Final Judgment

Exhibit H          Destruction Certificate

CORE/3506444.0002/156091771.1