# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

PATRICIA KEECH and DAVID
NEWFIELD, *on behalf of themselves and
all others similar situated,*

Plaintiffs,

v.

SANIMAX USA, LLC,

Defendant.

Civil No. 18-0683 (JRT/HB)

**MEMORANDUM OPINION
AND ORDER DENYING
CITY OF NEWPORT'S
MOTION TO INTERVENE**

---

Laura L. Sheets, **LIDDLE & DURBIN, P.C.**, 975 East Jefferson Avenue, Detroit, Michigan 48207, and Jeffrey S. Storms, **NEWMARK STORMS DWORAK LLC**, 100 South Fifth Street, Suite 2100, Minneapolis, Minnesota 55402, for plaintiffs.

Andrew W. Davis, **STINSON LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, Minnesota 55402, and Matthew J. Salzman, **STINSON LLP**, 1201 Walnut Street, Kansas City, Missouri 64106, for defendant.

Frederic W. Knaak, Newport City Attorney, **HKB LAW, P.A.**, 4501 Allendale Drive, North Oaks, Minnesota 55127, for proposed plaintiff–intervenor.

On the cusp of the Court's preliminary approval of a proposed class settlement in this case, the City of Newport filed a Motion to Intervene. Because the Motion is not timely, as required by Rule 24, and because the City does not meet the criteria for intervention, the Court will deny the Motion.

**BACKGROUND**

## I.     FACTUAL BACKGROUND

Plaintiffs Patricia Keech and David Newfield (collectively, "Plaintiffs") brought this purported class action against Sanimax USA, LLC ("Sanimax"), a rendering and waste-oil processing facility located in the City of South Saint Paul (the "Facility"). (First Am. Compl. ("FAC") ¶¶ 2–5, 7, Jan. 15, 2019, Docket No. 44.)  The Facility purifies agri-food industry by-products and turns them into animal feed, pet food, soap, and industrial chemicals.  (*Id.* ¶ 7.)  Plaintiffs allege that their properties have been, and continue to be, physically invaded by noxious odors originating from the Facility.  (*Id.* ¶¶ 8–9.)  The Complaint includes claims under both nuisance and negligence theories.  (*Id.* ¶¶ 23–49.)

## II.    PROCEDURAL BACKGROUND

After the case was filed, Sanimax moved to strike the Complaint's class allegations. (Mot. to Strike Pleadings, May 18, 2018, Docket No. 20.)  The Court concluded "that it [was] too early to determine whether Plaintiffs' claims could be proven on a class-wide basis" and denied the motion.  (Mem. Op. & Order at 2, Jan. 2, 2019, Docket No. 40.)  The Court also noted, however, that "it seem[ed] unlikely that the Plaintiffs will be able to prove their nuisance claim on a class-wide basis."  (*Id.* at 5.)

The parties thereafter "convened on April 22, 2019 and were able to reach an agreement in principle following a day-long mediation."  (Pls.' Mem. in Supp. of Mot. for Prelim. Class Settlement Approval at 2, Aug. 9, 2019, Docket No. 62.)  After several

months of the parties working together on the settlement, Plaintiffs' filed a Motion for Preliminary Approval of the Class Settlement on August 9, 2019. (Mot. for Approval of Settlement, Docket No. 60.)

The Court held a hearing on the proposed class settlement on October 4, 2019. (Minute Entry, Docket No. 67.) The Court, after finding the proposed settlement to be fair, reasonable and adequate, granted the Motion for Preliminary Approval. (*Id.*)

At the hearing, the City of Newport (the "City"), through City Attorney Frederic Knaak, indicated its interest in intervening in the case. The Court stated that it would consider the request once a motion to that effect was properly filed in the case. On October 16, 2019, the City subsequently filed what it styled a Memorandum in Support of a Motion to Intervene.[1] (*See* Docket No. 72.) Sanimax filed a response in support of the City's motion. (Oct. 25, 2019, Docket No. 75.) Plaintiff's filed a response in opposition. (Oct. 30, 2019, Docket No. 78.)

---

[1] The City's filing failed to include "a pleading that sets out the claim . . . for which intervention is sought." Fed. R. Civ. P. 24(c). The City argues that it need not include a pleading because its Memorandum "provides sufficient notice to the interest of the parties and the grounds for [its] motion to intervene," citing *United States v. Metropolitan St. Louis Sewer District*, 569 F.3d 829, 834 (8th Cir. 2009), for support. (Mem. Supp. Mot. to Intervene at 5 n.1.) In that case, the Eighth Circuit determined that the "statement of interest" submitted by the proposed intervenor satisfied Rule 24(c). *St. Louis Sewer*, 569 F.3d at 834. However, here the City fails to indicate what kind of claim it would bring—a critical issue, because the City likely could not bring a private-nuisance claim. Although the Court will not deny the Motion on this ground, it does note the absence of such a pleading hinders consideration of the merits of the City's Motion.

# DISCUSSION

## I. STANDARD OF REVIEW

The Federal Rules of Civil Procedure contain two methods of intervention: as-of-right and permissive. Fed. R. Civ. P. 24. Both methods require that a motion to intervene be timely. *Id.* To determine whether a motion is timely, courts should consider "(1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties." *Am. Civil Liberties Union of Minn. v. Tarek ibn Ziyad Acad.* ("*Ziyad*"), 643 F.3d 1088, 1094 (8th Cir. 2011). The question of whether a motion to intervene is timely is left to the discretion of the Court. *Id.* at 1093.

The rule governing intervention as of right provides that courts must permit intervention by anyone who timely:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). The Eighth Circuit has distilled Rule 24(a) into a three-part test: (1) "the party must have a recognized interest in the subject matter of the litigation"; (2) "that interest must be one that might be impaired by the disposition of the litigation"; and (3) "the interest must not be adequately protected by the existing parties." *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 997 (8th Cir. 1993).

The Rule governing permissive intervention allows courts to permit intervention by anyone who timely intervenes and, *inter alia*, "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." *S. Dakota ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003). "The decision to grant or deny a motion for permissive intervention is wholly discretionary." *Id.*

## II.    TIMELINESS

Application of the *Ziyad* factors in this case leads the Court to conclude the City's Motion is not timely. First, the City filed its Motion **after** the Court had granted the parties' request for preliminary approval of the class-action settlement. Indeed, the City filed a letter of interest with the Court before the preliminary-approval hearing, when it could simply have filed the Motion to Intervene and then appeared at the hearing ready to discuss its interests. Second, the City appears to have been aware of this litigation from its inception. In the exhibits provided by Plaintiffs in opposition to the City's Motion, Newport's mayor is shown to have shared the news of the filing of Plaintiffs' suit and congratulated them for doing so. Plaintiffs' counsel also states in a declaration that the mayor reached out to her in March 2018, three days after the suit was filed, asking that City residents receive data sheets from class counsel. Plaintiffs' counsel next interacted with the mayor in September 2019, when, after an email from local counsel, she called him to explain the settlement.

Throughout this period, the City never indicated an interest in joining the case. The City suggests the reason for its delay was that it only felt compelled to intervene when it became aware of the terms of the proposed settlement. This does not provide a sufficient justification for the City's delay, however. If the City wished to influence the terms of any proposed settlement, it could have moved to intervene at the beginning of the suit, rather than after the parties had spent the better part of a year negotiating. That fact speaks to the fourth and final factor, whether the delay in seeking to intervene would prejudice the parties. Plainly, it would. The parties have negotiated a proposed settlement, and the City seeks to intervene because it objects to the terms of that proposal. If the Court were to grant the City's Motion, it is likely that the proposed settlement would have to be set aside and the process begin again.

Because application of the *Ziyad* factors overwhelming leads to the conclusion that the City's application is not timely, the Court will deny the Motion.

## III.    INTERVENTION AS OF RIGHT

Although the Court finds the City's Motion to Intervene fails because it is not timely, the Court would also deny the Motion because the City's argument that it must be allowed to intervene as of right is unpersuasive. The City does not present evidence that it either has a "a recognized interest in the subject matter of the litigation" or that such an interest would be "impaired by the disposition of the litigation." *Mille Lacs Band of Chippewa Indians*, 989 F.2d at 997.

The City is a Class 4 statutory municipality. Minn. Stat. § 410.01. It is empowered to bring public-nuisance actions against those who "maintains . . . a condition which unreasonably annoys, injures, or endangers the safety, health, morals, comfort, or repose of any considerable number of members of the public." Minn. Stat. §§ 609.74(1), 617.81, subd. 2(iii). The settlement applies only to owners of residential property, and the suit is a private-nuisance action. Whatever public-nuisance claims the City may have—and by its Motion, it appears the City is primarily focused on public-nuisance claims—would be unaffected by settlement of this case. Additionally, the City argues that, as the owner of commercial property, it has an interest in this case. Because the settlement applies only to residential property, this argument is also unavailing.

The City's reliance on *National Parks Conservation Ass'n v. U.S. Environmental Protection Agency* is also misplaced. In that case, the Eighth Circuit concluded that the utility seeking to intervene should be allowed to do so as of right, because the relief from the EPA which the plaintiff sought would have required the **utility** to install emission-control technology at one of its power plants. 759 F.3d 969, 976 (8th Cir. 2003). In short, the Court concluded the utility's interest was "the ultimate target" of the litigation. *Id.* Here, the settlement would not require the City to do anything, nor would it force the City to give up the right to do anything. Neither the City, nor its interests, are "the ultimate target" of this litigation.

Because the City fails to meet the standard for intervention as of right the Court will deny the Motion.

## IV.    PERMISSIVE INTERVENTION

As the City notes in its bare-bones argument in the alternative for permissive intervention, "[t]he principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." *S. Dakota ex rel. Barnett*, 317 F.3d at 787. As discussed above, this last-minute intervention would prejudice the parties who have already negotiated a preliminary settlement which the Court has allowed to move forward. For this reason, the Court will also deny the City's Motion for permissive intervention

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    The City of Newport's Motion to Intervene [Docket No. 72] is **DENIED**.

DATED:  January 21, 2020                                  _____
at Minneapolis, Minnesota.                                        JOHN R. TUNHEIM
                                                                          Chief Judge
                                                               United States District Court