# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| PATRICIA KEECH and DAVID NEWFIELD, *on behalf of themselves and all others similar situated*,<br><br>Plaintiffs,<br><br>v.<br><br>SANIMAX USA, LLC,<br><br>Defendant. | Civil No. 18-683 (JRT/HB)<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY CLASS CERTIFICATION** |

Laura L. Sheets, **LIDDLE & DURBIN, P.C.**, 975 East Jefferson Avenue, Detroit, Michigan 48207, and Jeffrey S. Storms, **NEWMARK STORMS DWORAK LLC**, 100 South Fifth Street, Suite 2100, Minneapolis, Minnesota 55402, for plaintiffs.

Andrew W. Davis, **STINSON LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, Minnesota 55402, and Matthew J. Salzman, **STINSON LLP**, 1201 Walnut Street, Kansas City, Missouri 64106, for defendant.

## BACKGROUND

Named Plaintiffs, on behalf of themselves and the proposed Settlement Class, moved for preliminary approval of the parties' proposed Settlement Agreement and approval of the notice procedure, including conditional certification of the proposed Settlement Class and final approval of the proposed Class Notice (Settlement Agreement, Ex. D at 55–59, Aug. 9, 2019, Docket No. 63), the proposed Claim Form (Settlement Agreement, Ex. E at 60–63, Aug. 9, 2019, Docket No. 63), and the opt-out and objection processes for potential Class Members.

On October 4, 2019, a hearing was held on Named Plaintiffs' Motion to Preliminarily Approve Class Action Settlement. This Court, having reviewed and considered the pleadings in the case, the submissions and oral argument of Named Plaintiffs, a letter and oral argument received from counsel for the City of Newport (the "City"), and the oral argument from Defendant—subject to preservation of Defendant's position on class certification, as set forth in its Motion to Strike Class Allegations—granted the Motion, and noted that a written order would be forthcoming. (Minute Entry, Docket No. 67.) Subsequently, the City filed a Motion to Intervene. (Oct. 16, 2019, Docket No. 71.) The Court denied that Motion. (Mem. Op. & Ord., Jan. 21, 2020, Docket No 82.)

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2. The Settlement Agreement, together with its attached exhibits, sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of the class action Litigation against Defendant. The Settlement Agreement was the result of extended good-faith, arm's-length negotiations by the parties, including a mediation conducted with a neutral mediator, and continued negotiations thereafter.

3. Pursuant to Rule 23, the Settlement Agreement and the proposed settlement provided for therein are preliminarily approved as (a) fair, reasonable, and adequate in light

of the relevant factual, legal, practical, and procedural considerations of the Litigation; (b) free of collusion to the detriment of putative Settlement Class Members; and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Settlement Fairness Hearing as described below. Accordingly, the Settlement Agreement and the settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the settlement.

4. If, for any reason, the Settlement Agreement is not finally approved or does not become effective, this Order, including but not limited to the conditional Settlement Class certification, shall be null and void and automatically deemed vacated. Neither the Settlement Agreement nor anything related to the negotiation, consideration, or approval of it shall be used, referred to, proffered, or admissible for any purpose in this Litigation or any other action or proceeding. In such an event, the parties and the putative Class Members shall be returned to the same litigation position that they were in prior to seeking preliminary approval of the Settlement Agreement, and they shall be free to raise all claims, defenses, and arguments as they would have been able to had they never negotiated or sought approval of the Settlement Agreement. The parties must also promptly schedule a status conference to establish a new scheduling order for the continuation of the Litigation.

5. Solely for the purpose of settlement in accordance with the Settlement Agreement, this Court hereby conditionally certifies the following class (the "Settlement Class"):

> All current or former owners or occupiers of residential property located within a two mile radius of Defendant's facility at 505 Hardman Avenue, South Saint Paul, Minnesota,

and all owners or occupiers of residential property outside of that radius who submitted a residential data sheet to Class Counsel on or before July 15, 2019 concerning odors or emissions from South St. Paul.

6. Subject to the schedule and deadlines or timeframes set forth below, the form, content, and procedures of notice to the putative Settlement Class Members, as set forth in the Settlement Agreement, including but not limited to the direct mailings and internet postings, are approved. The notice to be provided to the putative Settlement Class Members clearly, concisely, and in plain language advise them of, among other things: the nature of the Litigation; the proposed Settlement Agreement; the definition of the Settlement Class; the claims the Settlement Class would release; the consideration the Settlement Class would receive; Class Counsel's intended application for attorneys' fees and expenses and monetary awards for the Named Plaintiffs; putative Settlement Class Members' right to participate individually or through an attorney and object to the Settlement Agreement or any portion of it; putative Settlement Class Members' right to opt out and exclude themselves from the Settlement Agreement; and the binding nature of the Settlement Agreement, if it is ultimately approved. The notice to be provided to the putative Settlement Class Members is the best notice practicable under the circumstances, and constitutes due and sufficient notice of the proposed Settlement Agreement and this Order to all persons affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Rule 23 and due process.

7. Within fourteen (14) days of entry of this Order: (a) Class Counsel shall provide notice of the proposed Settlement Agreement and the Settlement Fairness Hearing

to all Class Members by mailing to each identified putative Settlement Class Member via first class mail a copy of the Notice of Pendency of Class Action Settlement ("Class Notice"), substantially in the form as that document attached as Exhibit D to the Settlement Agreement; and (b) Class Counsel shall establish a page on its website where interested parties can access information about this Litigation and the proposed Settlement Agreement, including but not limited to copies of the Settlement Agreement and its exhibits (which include, among other exhibits, the First Amended Complaint, Class Notice, Claim Form, and the proposed Order and Final Judgment); a copy of the Court's ruling on Defendant's Motion to Strike Class Allegations; and a copy of this Preliminary Approval Order. That webpage shall remain accessible until the Effective Date, at which time Class Counsel shall cease hosting the webpage. At least seven (7) days prior to the Settlement Fairness Hearing, Class Counsel shall serve and file a sworn statement evidencing compliance with the provisions of this Order concerning the mailing of Class Notice and posting of the information and documentation on its website.

8. As set forth in the Settlement Agreement, costs and expenses for Administration of Settlement shall be paid by Class Counsel, to be reimbursed from the Settlement Fund subject to the Court's approval. In no event will Defendant be responsible for paying costs and expenses associated with the Administration of Settlement.

9. Within forty-five (45) days of the mailing of Class Notice, any putative Settlement Class Member wishing to be excluded from the Settlement Class shall mail an opt-out request to Class Counsel conforming in all respects to the terms and provisions of the Class Notice. Those who timely and properly do so shall neither participate in the

settlement nor release his or her claims, and they forego (a) all of the benefits he or she might otherwise receive as a result of the settlement and (b) his or her standing to participate in the Settlement Fairness Hearing or object to the proposed Settlement Agreement or any portion of it. Failure to opt out in strict compliance with the time-and-manner requirements set forth in the Class Notice shall result in waiver of the right to opt out. All potential Settlement Class Members who either do not attempt to or fail to properly and timely opt out shall remain part of the Settlement Class and, to the extent the Settlement Agreement is ultimately approved, be bound by the settlement.

10. The Class Notice shall designate Class Counsel as the entity to whom opt-out requests shall be sent. Class Counsel shall be responsible for the receipt of all responses from putative Settlement Class Members and shall preserve all opt-out requests and any and all other written communications from putative Settlement Class Members or any other person in response to the Class Notice until Administration of the Settlement is complete or pursuant to further Order of this Court. All written communications received from putative Settlement Class Members and all written responses to inquiries by them relating to the Settlement Agreement and settlement shall be available at all reasonable times for inspection and copying by counsel for Defendant, subject to further Order of the Court if issues of privilege or confidentiality arise.

11. Within fourteen (14) days of the deadline for potential Settlement Class Members to opt out, Class Counsel shall provide copies of any and all opt-out notices received by it to counsel for Defendants. At least seven (7) days prior to the Settlement Fairness Hearing, Class Counsel shall file with the Court a sworn statement listing all

persons who properly have submitted timely requests for exclusion. The originals of all opt-out notices shall be retained by Class Counsel.

12. Any potential Settlement Class Member who does not attempt to or fails to properly and timely opt out of the Settlement Class may, but is not required to, enter an appearance either pro se or through counsel of said Settlement Class Member's own choosing and expense. Any Settlement Class Member who does not enter a separate appearance shall be represented by Class Counsel. Settlement Class Members who are in favor of the proposed Settlement need not appear at the Settlement Fairness Hearing or take any other action to indicate their approval.

13. Absent further order from the Court, any Settlement Class Member who will challenge or object to the fairness, reasonableness, or adequacy of the Settlement Agreement or any portion of the settlement, including without limitation the amount of Class Counsel's requested fees and expenses or the amount of Named Plaintiffs' incentive awards, must remain part of the Settlement Class and must mail such Settlement Class Member's written objection to Class Counsel conforming in all respects to the terms and provisions of the Class Notice within forty-five (45) days of the mailing of Class Notice. Within fourteen (14) days of the objection deadline, Class Counsel shall circulate copies of any and all such objections to Defendant's counsel. Within seven (7) days of the Settlement Fairness Hearing, Class Counsel shall file all objections received with the Court. Any objecting Settlement Class Member may appear at the Settlement Fairness Hearing in person, with or without such Class Member's separate counsel. The scope of any objector's presentation of evidence or argument at the Settlement Fairness Hearing

shall be limited to such objector's written objection. Any Settlement Class Member who fails to file and serve an objection in strict compliance with the deadlines and procedures, and containing the information required by the Class Notice shall be deemed to have forever waived and forfeited the right to object to the proposed Settlement Agreement or any part of the settlement or to raise or pursue an objection at the Settlement Fairness Hearing or at any point thereafter, including in appeal or as part of a separate proceeding.

14. Pursuant to 28 U.S.C. § 1715, the parties were to advise the federal, state and local agencies with regulatory authority over Defendant for the odors and emissions of the proposed settlement. Defendant's counsel indicated during the October 4, 2019 hearing that it sent the required statutory notices, which should have been sent to the U.S. Attorney General, the Environmental Protection Agency, the Attorney General for the State of Minnesota, the Minnesota Pollution Control Agency, and the City of South Saint Paul. Each such notice shall have contained all of the information required under 28 U.S.C. § 1715. At least seven (7) days prior to the Settlement Fairness Hearing, Defendant's counsel shall file a report with the Court confirming that these notices were timely sent.

15. All other events contemplated under the Settlement Agreement to occur after this Order and before the Settlement Fairness Hearing described in this Order shall be governed by the Settlement Agreement, to the extent not inconsistent herewith.

16. All memoranda, affidavits, declarations, and other evidence in support of the request for approval of the Settlement Agreement and Class Counsel's request for approval of attorneys' fees and costs and the Named Plaintiffs' awards shall be filed no later than seven (7) days before the Settlement Fairness Hearing.

17. The Settlement Fairness Hearing shall be held before the undersigned at 2:00 p.m. on May 18, 2020 in the United States District Court for the District of Minnesota, Diana E. Murphy United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, to consider the fairness, reasonableness, and adequacy of the proposed Settlement Agreement; the entry of any final order or judgment in the action; any application for attorneys' fees and costs or payments to the Named Plaintiffs; and related matters. The Settlement Fairness Hearing may be postponed, adjourned, or continued by further Order of this Court without further notice to the putative Settlement Class.

18. All proceedings in the action other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto are stayed and suspended until further notice of this Court. Pending final determination of the fairness, reasonableness, and adequacy of the proposed Settlement Agreement, no putative Settlement Class Member, other than those who timely and properly have opted out of the Class, may either directly or indirectly prosecute, institute, or commence any individual or class action with respect to the subject matter of this Litigation.

19. Class Counsel is hereby appointed to coordinate and effectuate the Administration of Settlement.

DATED: February 3, 2020  
at Minneapolis, Minnesota

_____John R. Tunheim_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court