IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

PATRICIA KEECH and DAVID NEWFIELD, on behalf of themselves and all others similarly situated,

    Plaintiffs,

vs.

SANIMAX USA, LLC,

    Defendant.

Case No.: 18-cv-00683-JRT-HB

## **DECLARATION OF LAURA L. SHEETS**

I, Laura L. Sheets, solemnly affirm as follows:

1. I am over 18 years old and I am one of Plaintiffs' attorneys in the above-captioned matter.

2. I make this Declaration in further support of the request for class counsel fees in conjunction with Plaintiffs' Motion for Final Approval of Class Action Settlement, Certification of Settlement Class, and Appointment of Class Representatives and Class Counsel.

3. I am a 2001 graduate from Wayne State University Law School in Detroit Michigan. I began my career as an associate at Macuga & Liddle, P.C. in 2002, now known as Liddle & Dubin, P.C. I have spent my entire legal career at this law firm devoting the entirety of my practice to environmental and consumer class actions. In January of this year, I was made a partner at the law firm.

4. I am an attorney licensed to practice in the State of Michigan with a State Bar of Michigan Identification No. 63270. I have been a member in good standing of the State Bar of Michigan since 2001 and have never been suspended, disbarred, disciplined or the subject of a grievance.

5. I am admitted to practice before the United States District Courts for the Eastern District of Michigan, Western District of Michigan. I have also appeared pro hac vice in courts in many states, including Florida, Rhode Island, Ohio, Illinois, Wisconsin, Oregon, Massachusetts, New Jersey, Colorado, Missouri and New York.

6. My firm has successfully prosecuted and obtained significant recoveries in numerous class actions, most of which involved claims of neighborhood environmental contamination and "mass action" lawsuits. Some of those recoveries include: Maroz, et al v. Arcelormittal Monessen, LLC., U.S. District Court Case No. 15-cv-00770 AJS; Plass, et al v. Sanimax USA, LLC, Brown County Wisconsin Circuit Court Case No. 2015-cv-000165; Watkins, et al v. Detroit Renewable Power, et al., Wayne County Circuit Court Case No. 14-009701-NZ; Batties, et al v Waste Management of Pennsylvania, LLC., U.S. District Court Case No. 2:14-cv-07013-PD; Antoine-Allison, et al v. Waste Management, Inc. of Florida, U.S. District Court Case No. 13-61910-CIV; Baynai v. City of Riverview, et al, Wayne County Circuit Court Case No. 12-007279-NZ; Holder, et al v. Enbridge Energy, L.P., et al, U.S. District Court Case No. 1:10-cv-752; Kirkwood v. Pine Tree Acres, Macomb County Circuit Court case no. 09-3796-CZ; Buczynski v. Comprehensive Environmental Solutions, U.S. District Court case no. 08-13559-CV; Brindley v. Severstal, Wayne County Circuit Court case no. 07-704488-NZ; Waldron v. Republic Services of

2

Michigan, Wayne County Circuit Court Case No. 06-615173-NZ; Mauk v. Auto-Alliance, Wayne County Circuit Court case no. 06-603618-CZ; Hawkins v. EQ Recovery Resources, Wayne County Circuit Court case no. 05-523503-NI; Brush v. CWC Textron, Muskegon County Circuit Court case no. 04-42918-NZ; Stanley v. U.S. Steel, United States District Court case no. 04-74654; Robinson v Archdiocese of Detroit, Macomb County Circuit Court case no. 04-2256 NZ; Harker v. Sappi Paper Co., Muskegon County Circuit Court case no. 03-42512-NZ; Beaushaw v. Monitor Sugar Co., Bay City Circuit Court case no. 03-3595-NZ; Szczukowski v. LP Alpena, United States District Court case no. 03-10007-BC; Snow v. Atofina, U.S. District Court case no. 01-72648; Compora v. IKO Monroe, Inc., Monroe County Circuit Court case no. 00-11245-NZ; Blevins v. Frito-Lay, Inc., Wayne County Circuit Court Case No. 00-000180-NZ; Dunlop v. Edward C. Levy Corp., Wayne County Circuit Court case no. 00-000629 NZ; Pederson v. Sybill Inc., Wayne County Circuit Court case no. 99-940649-NZ; Olden v. Lafarge Corp., United States District Court case no. 99 10176; Caines v. Marathon Oil, Wayne County Circuit Court case no. 99-940648 NZ; Weiss v. Rouge Steel, Wayne County Circuit Court case no. 98-816224-NZ; Ramik v Darling International, U.S. District Court case no. 98-40276; Howell v. Quaker Chemical Company, Wayne County Circuit Court case no. 97-731404 CZ; Domino, et al v. City of Livonia, et al., Wayne County Circuit Court Case No. 11-010285-NZ; Laprairie v. City of Warren, Macomb County Circuit Court Case No. 11-004456-NZ; Nagi, et al v. City of Dearborn, et al., Wayne County Circuit Court Case No. 10-009995-NZ; Svaluto v City of Westland, Wayne County Circuit Court Case No. 10-009993-NZ; Elder, et al v. City of Dearborn, et al., Wayne County Circuit Court Case No. 07-731603-

NZ; Vollmer et al, v. City of Hamtramck, Wayne County Circuit Court Case No. 08-126657-NZ; Cash v City of Rockford, Winnebago County Circuit Court Case No. 07-CH-1069; Liberman v Township of Highland, Lake Circuit/Superior Court Case No. 45D02-0712-CT-00177; Poszywak v. Township of Redford, Wayne County Circuit Court Case No. 99-919177- NZ ; Mashni v. Charter Township of Redford, Wayne County Circuit Court Case No. 99-931967-NZ; Vangoss v. Dearborn Heights, Wayne County Circuit Court Case No. 98-805608-NZ; Pohutski v. Allen Park, Wayne County Circuit Court Case No. 98-813540-NZ; Meister v. Garden City, Wayne County Circuit Court Case No. 98-806208-NZ; Demeter v. Inkster, Wayne County Circuit Court Case No. 98-808077-NZ; Pierson v. City of Taylor, Wayne County Circuit Court Case No. 98-811-867-NZ; Kalajian v. Grosse Pointe Woods, Wayne County Circuit Court Case No. 98-810033-NO; Sickels v. Beverly Hills, Oakland County Circuit Case No. 98-008-497-NZ; Storgoff v. Township of Redford, Wayne County Circuit Court Case No. 98-841445-NZ; Grabowski v. City of Warren, Macomb County Circuit Court Case No. 98-0825-NO; Shadoian v. Birmingham, Oakland County Circuit Court Case No. 98-008479- NZ; Coddington v. Township of Harrison, Macomb County Circuit Court Case No. 98-1096-NO; Anliker v. Township of Harrison, Macomb County Circuit Court Case No. 98-1097-NO; Rizzo v. Detroit, Wayne County Circuit Court Cast No. 97-736853-NO; and Pressey v. City of Taylor, Wayne County Circuit Court case number 98-813539-CZ; Etheridge v. Grosse Pointe Park, Wayne County Circuit Court case number 95-527-115-NZ.

7. My law firm's website, found at http://www.ldclassaction.com, provides information about certain other class action and mass action lawsuits that we favorably resolved for plaintiffs.

8. The nature of my practice requires receiving court approval of our fee requests in federal and state courts across the country. I have never had a fee request rejected or reduced by any court in any jurisdiction.

9. I believe that $500 is a reasonable and appropriate rate for the Court to apply today for my fees in this matter, given the current state of my practice and my experience litigating environmental class actions. Further, the I believe that the same fee for Steve Liddle and David Dubin, both partners at the law firm with additional experience is also an appropriate rate. At the time that Brandon Brown was working on this file, he had three years of experience; as did Matthew Robb. I believe a fee of $300 per hour is fair for them given their experience.

10. Attached hereto as Exhibit A is a true and correct copy of my firm's time record in this matter.

11. The total value of attorney time from my firm alone is $267,830.00. The total attorney fees that both my firm and the Mr. Storm's firm are seeking is $272,258.96. As local counsel, Mr. Storm is seeking a total of $54,451.79 in attorney fees. My firm is thus seeking a total fee award of $217, 807.17.

12. In addition to my own personal time, there was also significant time invested by our support staff communicating with and collecting data from the prospective class plaintiffs and the Plaintiff Class. Attached hereto as Exhibit B is a true and correct copy

of L&D staff time in this matter.  At this juncture, prior to the final administration of the settlement, staff time exceeds 365 hours.

13. Additionally, Plaintiffs have expended costs totaling $27,741.04; a breakdown of which are attached as Exhibit C. The invoices totaling $26,325.67 are also attached as Exhibit B.  A total amount of $1,415.37 was added to the total costs to adjust for the final administration of the settlement.  At this time, we have approximately 1,800 claim forms.  The postage for settlement checks alone will cost $900.  In addition to the costs of paper and supplies, there are letters that still need to be dispatched to residents whose claim forms remain deficient that we are trying to allow them to cure, as well as rejection letters that need to be submitted to those who have submitted materials that will need to be rejected for untimeliness.

14. Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that everything stated in this document is true and correct and that this Declaration was executed on May 22, 2020 in Wayne County, Michigan.

**FURTHER YOUR DECLARANT SAYETH NOT.**

/s/Laura L. Sheets
Laura L. Sheets (admitted pro hac vice – Michigan Bar No. P63270).