**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| PATRICIA KEECH and DAVID NEWFIELD, *on behalf of themselves and all others similar situated*, | Civil No. 18-683 (JRT/HB) |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT** |
| SANIMAX USA, LLC , | |
| Defendant. | |

Laura L. Sheets, **LIDDLE & DURBIN, P.C.**, 975 East Jefferson Avenue, Detroit, Michigan 48207, and Jeffrey S. Storms, **NEWMARK STORMS DWORAK LLC**, 100 South Fifth Street, Suite 2100, Minneapolis, Minnesota 55402, for plaintiffs.

Andrew W. Davis, **STINSON LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, Minnesota 55402, and Matthew J. Salzman, **STINSON LLP**, 1201 Walnut Street, Kansas City, Missouri 64106, for defendant.

Pursuant to the Order Granting Motion for Preliminary Class Certification (Feb. 3, 2020, Docket No. 85) ("Preliminarily Approval Order") and on Plaintiffs' Motion for Final Approval of Class Action Settlement, Certification of Settlement Class, and Appointment of Class Representatives and Class Counsel (May 11, 2020, Docket No. 87), this matter came before the Court for the Settlement Fairness Hearing on May 18, 2020.

The Named Plaintiffs, on behalf of themselves and the Settlement Class Members, seek final approval of the Settlement Agreement in its entirety, including an award of

attorneys' fees and expenses to Class Counsel, incentive awards to each Named Plaintiff, and the allocation of the remaining funds to the Settlement Class Members.  Defendant seeks only a determination that the aggregate consideration to the Settlement Class is a fair, reasonable, and adequate resolution of this Litigation and all Released Claims.

Pursuant to the Preliminary Approval Order, notice of the proposed settlement was given to potential Settlement Class Members, which was adequate and sufficient notice of the terms of the proposed Settlement Agreement and of the Settlement Fairness Hearing.  Among other things, the notice also advised potential Settlement Class Members of the opportunity to object to the proposed Settlement Agreement or to opt out of the Settlement Class.  Notice of the proposed settlement was also properly given to the appropriate local, state and, federal agencies pursuant to 28 U.S.C. § 1715.  Of the more than 10,000 prospective Settlement Class Members, seven opted out and three objected.  At the Settlement Fairness Hearing, all objections that were properly and timely made by or on behalf of any Settlement Class Member were duly considered and were overruled.  At the conclusion of the Settlement Fairness Hearing, the Court requested that Class Counsel submit additional information concerning its fee application and that Defendant state whether it would agree to submit biannual reports with Class Counsel to the Court, updating it on the progress of the improvement measures during the Implementation Period.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Except as otherwise defined, all capitalized terms used in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

2.      The Court has jurisdiction over this Litigation and the Parties to the Settlement Agreement, including the Settlement Class Members.

3.      In determining whether a class-action settlement should be approved as being a fair, reasonable, and adequate resolution of the case, the Eighth Circuit has instructed district courts to consider the following factors (the "*Van Horn* factors"):

> (a) the merits of the plaintiffs' case weighed against the terms of the settlement;
> (b) the defendant's financial condition;
> (c) the complexity and expense of further litigation; and
> (d) the amount of opposition to the settlement.

*See Marshall v. NFL*, 787 F.3d 502, 508 (8th Cir. 2015) (listing factors).  Consistent with Eighth Circuit precedent, Rule 23 of the Federal Rules of Civil Procedure was recently amended and now requires that:

> the court may approve [a proposed class-action settlement] only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:
> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
> > (i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).   "The single most important factor in determining whether a settlement is fair, reasonable, and adequate is a balancing of the strength of the plaintiff's case against the terms of the settlement." *Marshall*, 787 F.3d at 508 (quoting *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988))).

4.      Having considered the negotiation of, the terms of, and all of the materials submitted concerning the proposed Settlement Agreement; having considered the Named Plaintiffs' likelihood of success both of maintaining this action as a class action and of prevailing on the claims in their First Amended Complaint at trial, including the possibility that Defendant could prevail on one or more of the defenses pleaded in its Answer; having considered the range of the Named Plaintiffs' possible recovery (and that of the putative Settlement Class) and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

(a) the Named Plaintiffs and Class Counsel have adequately represented the proposed settlement class;

(b) the proposed settlement and the terms of the Settlement Agreement were negotiated at arm's length, over a sustained period of time, with the assistance of a neutral mediator;

(c) the outcome of the Litigation is in doubt;

(d) it is possible the proposed Settlement Class could receive more if the Litigation were to go to trial, but it is also possible that the proposed Settlement Class could receive less (including the possibility of receiving nothing) and/or that Defendant could defeat certification;

(e) the value of immediate recovery outweighs the possibility of future relief which would likely occur, if at all, only after further protracted litigation and appeals;

(f) the parties have in good faith determined the Settlement Agreement is in their respective best interests, including both the Named Plaintiffs and Class Counsel determining that it is in the best interest of the Settlement Class Members;

(g) the aggregate consideration for the Settlement Class—including both the Settlement Fund, which Defendant shall fund, and the improvement measures that Defendant will implement over the Implementation Period—is commensurate with the claims asserted and that will be released as part of the settlement, and

(h) the terms of the Settlement Agreement treat the Settlement Class Members equitably relative to each other and fall well within the range of settlement terms that would be considered a fair, reasonable, and adequate resolution of the Litigation.

Therefore, pursuant to Rule 23(e), the terms of the Settlement Agreement dated August 6, 2019 are hereby finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Settlement Class and each of the Settlement Class Members, in light of the factual, legal, practical, and procedural considerations raised by this Litigation.[1]

5.     Solely for the purpose of settlement in accordance with the Settlement Agreement, this Court hereby finally certifies the following Settlement Class:

> All current or former owners or occupiers of residential property located within a two mile radius of Defendant's facility at 505 Hardman Avenue, South Saint Paul, Minnesota, and all owners or occupiers of residential property outside of that radius who submitted a residential data sheet to Class Counsel on or before July 15, 2019 concerning odors or emissions from South Saint Paul.

---

[1] By providing the aggregate fair, reasonable, and adequate consideration to the Settlement Class as a whole, Defendant will have fulfilled its obligations under the Settlement Agreement.  Class Counsel and Named Plaintiffs, however, have further responsibilities including the allocation and distribution of the Settlement Fund to Class Counsel, Named Plaintiffs, and the individual Settlement Class Members.  As part of the Court's determination in finally approving the Settlement Agreement, the Court also has considered the distribution of the Settlement Fund, Class Counsel's attorneys' fees and expenses, Named Plaintiffs' incentive awards, and the treatment of the Settlement Class Members relative to each other.

Excluded from the Settlement Class are all potential Settlement Class Members who opted out of this Settlement, each of whom timely complied with the requirements set forth in the Class Notice to exclude themselves from, and opt out of, the Settlement Class and the Settlement Agreement.  Specifically, those who are excluded from the Settlement Class are: Loretta Brandner and Bruce Cedarholm (521 Second Avenue South, South Saint Paul, Minnesota 55075); Richard and Katherine Buenger (4640 Wild Canyon Drive, Woodbury, Minnesota 55129); the City of South Saint Paul (125 Third Avenue North, South Saint Paul, Minnesota 55075); Kari Moen and Morris Klinger (225 Third Avenue South, Apartment D1, South Saint Paul, Minnesota 55075); Larry and Julie Knott (549 Seventeenth Avenue North, South Saint Paul, Minnesota 55075); Adam and Kimberly Smith (1046 Dwane Street, South Saint Paul, Minnesota 55075); and Red Rock Square (150 Red Rock Crossing, Newport, Minnesota 55055).

6.    The Court appoints Named Plaintiffs Patricia Keech and David Newfield as representatives of the Settlement Class.  Pursuant to Rule 23(g), the Court appoints Steven D. Liddle, Esq., Laura L. Sheets, Esq., and Jeffrey S. Storms, Esq. as Class Counsel.

7.    Pursuant to Rule 23(e)(1) and all applicable law, notice was properly given to the potential Settlement Class Members in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order.  The Class Notice, which the Court approved in the Preliminary Approval Order, was written in plain English, clear,

concise and readily understandable.  The Class Notice was sent by Class Counsel by mail to each reasonably identifiable residential address within the Class Area, and five municipalities.  The Class Notice and other relevant information and documents (*e.g.,* the First Amended Class Action Complaint, the Court's ruling on Defendant's motion to strike class allegations, the Preliminary Approval Order, and the Settlement Agreement with all of its exhibits) were posted on the Liddle & Dubin, P.C. website, the address of which was identified in the Class Notice.  The Class Notice provided a mailing address, an e-mail address, a website, and a toll-free telephone number for the potential Settlement Class Members to contact Class Counsel if they needed or wanted additional information.  The Court finds that the notification provided for and given to the Settlement Class:

(a) constitutes the best notice practicable under the circumstances;

(b) was reasonably calculated to apprise potential Settlement Class Members of the existence of and their rights related to the Litigation and the terms and conditions of the proposed Settlement Agreement;

(c) constitutes due, adequate, and sufficient notice to all persons entitled to notice; and

(d) is in full compliance with all applicable requirements of Minnesota and Federal law, the Rules of the Court, any other applicable law and due process requirements.

As soon as this Order becomes Final, Class Counsel shall discontinue the link on its website and ensure that all information posted on it is no longer accessible.

8.      Pursuant to 28 U.S.C. § 1715, notice was properly given to the appropriate federal, state, and local agencies, including the United States Attorney General; the United States Environmental Protection Agency; the Attorney General of the State of Minnesota; the Minnesota Pollution Control Agency; and the City of South Saint Paul. Each such notice was sent more than ninety (90) days ago, thereby complying with the statutory notice period.

9.      Pursuant to Rule 23(e), having ruled that due and adequate notice was provided to the potential Settlement Class Members and that they were afforded an opportunity to participate in the proceedings and object to the Settlement Agreement or to exclude themselves from the settlement by opting out of the Settlement Class, it is hereby determined that each Settlement Class Member (whether or not the Settlement Class Member objected, submitted a Claim Form, or otherwise participated in the Litigation, the settlement, or the approval process) shall be bound by the terms and provisions of the Settlement Agreement and this Order, including the releases and covenants not to sue set forth in the Settlement Agreement, which are hereby incorporated by reference and become part of this Order.  As Defendant was not in control of or participated in the effectuation of Notice or the maintenance, allocation, or distribution of the Settlement Fund, Defendant shall not have any liability for those

aspects of the Settlement, nor shall they affect the validity or binding nature of this Order or the Settlement Agreement, including, without limitation, the release afforded to the Released Parties.

10.     Pursuant to the terms of the Settlement Agreement, Defendant shall fund the Settlement Fund, which shall be held by Class Counsel in trust in a Qualified Settlement Fund ("QSF") account under the Internal Revenue Code.  Specifically, within two (2) business days of this Order becoming Final, Class Counsel shall provide wiring or other payment instructions to Defendant.  Within five (5) business days of the later of the Order becoming Final or Defendant's receipt of the wiring or other payment instructions from Class Counsel, Defendant shall deposit Seven Hundred Fifty Thousand Dollars ($750,000) by check or wire or electronic transfer to Liddle & Dubin, P.C., in a QSF trust account established by Class Counsel.  The deposit by Defendant of that amount, in combination with the improvement measures, shall fully satisfy each and every obligation of Defendant to the Named Plaintiffs, Class Counsel, the Settlement Class, and each Settlement Class Member concerning this Litigation, the Settlement Agreement, and the Released Claims.  Defendant shall implement the improvement measures as set forth in the Settlement Agreement, which implementation shall be completed within four years of the date this Order becomes Final.  As set forth in the Settlement Agreement, Defendant will report at least annually to Class Counsel on the status of the improvement measures, and Defendant in its discretion may designate certain information in those

reports as confidential attorneys' eyes only.  In addition, during the Implementation

Period, Class Counsel and Defendant shall submit biannual in-camera reports to the

Court.[2]

      11.    All claims against Defendant are hereby dismissed on the merits and

with prejudice.  All Released Claims[3] are hereby released, extinguished, and forever

---

[2] Defendant has agreed to the requested modification of the Settlement Agreement to provide for the biannual reports on the condition that they be submitted in-camera and not become part of the public record.

[3] As set forth in the Settlement Agreement, which is incorporated into this Order:

> each Named Plaintiff and Settlement Class Member, on behalf of themselves and their heirs, executors, administrators, beneficiaries, predecessors, successors, assigns and each of them, and any of their former and present employees, directors, officers, accountants, agents, attorneys, representatives, affiliates, and subsidiaries shall and hereby does forever and fully release and discharge each of the Released Parties of and from any manner of civil or administrative actions, causes of actions, suits, obligations, claims, debts, demands, agreements, promises, liabilities, controversies, costs, expenses, and attorneys' fees whatsoever, whether in law or in equity and whether based on any federal law, state law, common law or foreign law right of action or otherwise, foreseen or unforeseen, matured or unmatured, known or unknown, accrued or not accrued which the Settlement Class Members or any of them, ever had, now have, or can have, or shall or may hereafter have, either individually or as a member of a group or class, against the Released Parties, for, based on, by reason of, or arising from the conduct alleged in Plaintiffs' First Amended Complaint and Jury Demand filed in Case No. 18-cv-00683-JRT-HB or any emissions of pollutants, contaminants, and/or

*(footnote continued on next page)*

CASE 0:18-cv-00683-JRT-HB   Document 106   Filed 06/03/20   Page 12 of 15

discharged.  The Named Plaintiffs and all Settlement Class Members, are barred and

permanently enjoined from instituting, maintaining, prosecuting, or continuing to

maintain or prosecute any of the Released Claims against the Released Parties.

12.     This Court hereby retains jurisdiction over all matters relating to the

interpretation, effectuation, and enforcement of the Settlement Agreement.  The Court

retains further jurisdiction to enforce this Order and the distribution of the Settlement

Fund.  The reservation of jurisdiction by this Court in this matter does not affect in any

way the finality of this Order.

13.     This Order, the Settlement, and all documents, negotiations,

statements, or proceedings relating to it

(a) are not and shall not be construed to be an admission or concession by

Defendant or any Released Party of any liability or wrongdoing whatsoever;

(b) are not and shall not be construed to be an admission or concession by

Defendant or any Released Party of the validity of any claims asserted against

them, including but not limited to whether this or any other similar case could be

properly certified as a class certification under the applicable law; and

---

odors from the Facility through the end of the
Implementation Period (collectively, the "Released Claims").

Settlement Agreement, Section 7(a).

(c) shall not be offered as evidence or otherwise proffered as any such admission or concession in this or any other proceeding.

None of this information may be offered or received as evidence or argument against Defendant of any wrongdoing or to limit its ability to take any position it would otherwise be able to take in this or any other proceeding absent the settlement or the Litigation.

14.     This Order, the settlement, and all papers relating thereto are not and shall not be construed to be an admission or concession by Plaintiffs with regard to the merits of their claims whatsoever, and shall not be offered as evidence as to the merits in this or any other proceeding.

15.     There is no just reason for delay in the entry of this Order as a final judgment.  Furthermore, there is reason to enter and certify it as a final judgment, including without limitation that doing so will expedite any appeal, which, in turn, will shorten the time it will take for this Order either

(a) to become Final and non-appealable thereby expediting the distribution of the Settlement Fund to the Settlement Class Members; or

(b) to be overturned on appeal thereby facilitating a modified settlement or the reconvening of the Litigation.

The Court expressly directs the Clerk of the Court to enter this Order as a final judgment pursuant to Rule 54(b).

16.     In the event that this Order fails to become final and nonappealable for any reason, including without limitation that it is reversed on appeal and/or the Settlement Agreement is terminated, then this Order, the Preliminary Approval Order, and all related orders from this Court shall be automatically rendered null and void and shall be deemed vacated.  In such event, the parties and the putative class members shall be returned to the same litigation position that they were in prior to seeking preliminary approval of the Settlement Agreement and they shall be free to raise all claims, defenses, and arguments as they would have been able to had they never negotiated or sought approval of the Settlement Agreement.  Class Counsel shall also immediately terminate the website.

17.     Incentive awards to class representatives Patricia Keech and David Newfield are approved in the amount of $1500 each for their efforts in representing the Class.

18.     Attorneys' fees in the amount of $217,807.17 are awarded to Liddle & Dubin, P.C. for their work as Class Counsel.

19.     Liddle & Dubin, P.C. is also entitled to recovery of its costs in the amount of $27,741.04, which are supported by individual invoices.

20.     Attorneys' fees in the amount of $54,451.79 are awarded to Newmark Storms Dworak LLC for their work as Class Counsel.

DATED:  June 3, 2020
in Minneapolis, Minnesota at 11:00AM

_____s/John R. Tunheim_____
JOHN R. TUNHEIM
Chief Judge
United States District Court